**IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND BANK, FSB<br><br>Defendant. | Case No. 07 C 6403<br>Judge Hibbler<br>Magistrate Judge Valdez |

**DEFENDANT DIAMOND BANK'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

NOW COMES Defendant DIAMOND BANK, FSB, by and through its attorneys, Belongia & Shapiro, LLP, and pursuant to Fed.R.Civ.P. 12(b)(6) and 12(d), moves to dismiss Count I of Plaintiff's First Amended Class Action Complaint, and pursuant to Fed.R.Civ.P. 12(b)(6), moves to dismiss Count II of Plaintiff's First Amended Complaint; and in support of its motion states as follows:

COUNT I

1. On November 12, 2007, Plaintiff Carmen Flores (hereinafter referred to as "Plaintiff") filed a two-count Class Action Complaint against the Defendant, Diamond Bank, FSB (hereinafter referred to as the "Bank"). On November 21, 2007, Plaintiff filed her First Amended Class Action Complaint (hereinafter referred to as "Amended Complaint"), also consisting of two (2) counts.

2. Count I alleges a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* and its supporting Regulation E, 12 C.F.R. § 205.1 *et*

*seq.* Count II alleges a violation of the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001 *et seq.* and its supporting Regulation CC, 12 C.F.R. § 229.1 *et seq.*

3. In Count I of the Amended Complaint, Plaintiff alleges that the Bank violated § 1693b(d)(3)(B)(i) of the EFTA and § 205.16 of Regulation E by failing to have the requisite "on the machine" notice that the Bank imposes a fee on certain consumers for providing host transfer services on an automated teller machine located at 100 West North Avenue, Chicago, Illinois 60610 and known as ATM 049E4 (hereinafter referred to as the "ATM").

4. § 1693h(d) of the EFTA, titled Exception for Damaged Notices, precludes liability against operators of automated teller machines for failing to have the requisite "on the machine" notice of § 1693b(d)(3)(B)(i) if such a notice has been posted in compliance with the aforementioned section and has subsequently been removed by a third party. Specifically, § 1693h(d) states, "If the notice requirement to be posted pursuant to § 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with § 1693b(d)(3)(B)(i) of this title." 15 U.S.C.A. 1693h(d) (West 2008).

5. The Bank installed the ATM and surround on or about October 15, 2005. At that time, on the ATM surround, there existed the requisite "on the machine" notice as required by § 1693b(d)(3)(B)(i) in the physical form of a metal sign. The "on the machine" notice was posted on the surround built around the ATM in a prominent and conspicuous location. Said notice was in compliance with § 1693b(d)(3)(B)(i).

6.   Subsequently, the metal sign on the ATM surround stating the required § 1693b(d)(3)(B)(i) "on the machine" notice was removed by an unknown third-party. The Bank was unaware that the said metal sign had been removed, and thus had not replaced it.

7.   Pursuant to § 1693h(d), Count I of Plaintiff's Amended Complaint must be dismissed. The Bank was in compliance with § 1693b(d)(3)(B)(i) and its accompanying § 205.16 of Regulation E. Subsequent to being in compliance with these provisions, a third-party removed the compliant metal signs posted on the ATM surround. Therefore, by its plain language, § 1693h(d) bars liability against the Bank as a result of someone else's act of removing the "on the machine" notice.

8.   The Bank attaches to its Memorandum in Support of this Motion, the affidavits of Kimberly Cole and Larry Ligas. Pursuant to Fed. R. Civ. P. 12(d), if the Court accepts said Affidavits for consideration, then this Motion to Dismiss Count I of the Amended Complaint is to be treated as one for summary judgment.

## COUNT II

9.   Count II alleges a violation of the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001 *et seq.* and its supporting Regulation CC, 12 C.F.R. § 229.1 *et seq.*

10.   In Count II of the Amended Complaint, Plaintiff alleges that the Bank violated § 4004(d)(2) of the EFAA and § 229.18(c)(1) of Regulation CC by failing to have the requisite "on the machine" notice that funds deposited by consumers at the ATM may not be available for immediate withdrawal.

11. Plaintiff alleges that the Bank, at the ATM, "received funds for deposit at all times relevant to this action," and that the Bank "failed to comply with the notice requirements of 12 U.S.C. § 4004(d)(2) and 12 C.F.R. § 229.18(c)(1) when providing ATM services to Plaintiff and all putative class members." (Please see Count II, ¶¶ 43, 44 of the Amended Complaint).

12. Plaintiff fails to allege any facts that would support a claim that she suffered any actual injury. Plaintiff merely alleges that the required "on the machine" notice regarding deposits was not in existence. She does not, however, allege that she actually made a deposit at the ATM.

13. To have standing to sue as a class representative, it is essential that a plaintiff must be part of the class, that is, she must possess the same interest and suffer the same injury shared by all members of the class to be represented. *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208 (1974). Any party bringing suit as a class representative must allege an actual case or controversy to establish standing in federal court. *Franklin v. City of Chicago*, 102 F.R.D. 944 (N.D.Ill. 1984).

14. § 4004(d)(2) of the EFAA and § 229.18(c)(1) of Regulation CC deal with the availability of funds deposited at an automated teller machine. Plaintiff fails to allege that she made a deposit at the ATM on August 2, 2007.

15. Plaintiff has not suffered an actual injury in relation to Count II of her Amended Complaint. Plaintiff has not alleged an actual case or controversy to establish standing in federal court. Therefore, Count II should be dismissed as Plaintiff is not a proper class representative as she lacks standing.

WHEREFORE, for the foregoing reasons, DIAMOND BANK, FSB requests that this Court dismiss Plaintiff's First Amended Class Action Complaint with prejudice, and for such other relief as this Court deems proper.

>  Respectfully Submitted,
>
>  DIAMOND BANK, FSB, Defendant,
>
>  By:   /s/ Nathaniel R. Sinn
>        One of its attorneys

Dated: February 5, 2008

Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P: 312.662.1030
F: 312.662.1040