IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND BANK, FSB<br><br>Defendant. | Case No. 07 C 6403<br>Judge Hibbler<br>Magistrate Judge Valdez |

**DEFENDANT DIAMOND BANK'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

NOW COMES Defendant DIAMOND BANK, FSB, by and through its attorneys, Belongia & Shapiro, LLP, and in support of its Motion to Dismiss Plaintiff's First Amended Class Action Complaint states as follows:

**INTRODUCTION**

Plaintiff Carmen Flores (hereinafter referred to as "Plaintiff") alleges that Diamond Bank, FSB (hereinafter referred to as the "Bank") violated the Electronic Funds Transfer Act ("EFTA") and the Electronic Funds Availability Act ("EFAA") by failing to post required notices on the automated teller machine located at 100 West North Avenue, Chicago, Illinois 60610 and known as ATM 049E4 (hereinafter referred to as the "ATM"). (Please see Plaintiff's First Amended Complaint, attached hereto as Exhibit "A").

Specifically, Plaintiff alleges that the Bank violated the "on the machine" notice requirements of § 1693b(d)(3)(B)(i) of the EFTA and § 205.16 of Regulation E, and §

1

4004(d)(2) of the EFAA and § 229.18(c)(1) of Regulation CC.  (Please see Exhibit "A", Count I, ¶¶ 27, 28; and Count II, ¶ 44).

With respect to Count I of Plaintiff's Amended Complaint, the Bank brings the instant Motion to Dismiss pursuant to Rules 12(b)(6) and 12(d) of the Federal Rules of Civil Procedure.  § 1693h(d) of the EFTA serves as an absolute bar to any liability for the alleged violation of § 1693b(d)(3)(B)(i) allegedly committed by the Bank.

Therefore, pursuant to § 1693h(d) of the EFTA, the Bank is not liable to Plaintiff or the alleged class for violation of the EFTA and the accompanying Regulation E, and Count I of Plaintiff's First Amended Complaint must be dismissed.

## **LAW**

A court should grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure where plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  Fed.R.Civ.P. 12(d) (West 2008).

"If the notice required to be posted pursuant to § 1693b(d)(3)(B)(i) … has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with § 1693b(d)(3)(B)(i) of this title."  15 U.S.C.A. 1693h(d) (West 2007).

For any individual plaintiff to litigate on behalf of a class as a class representative, they must have standing to sue. *Hope, Inc. v. DuPage County, Ill*., 738 F.2d 797, 805 (7th Cir. 1984).

## ARGUMENT

I.    **Standard on Motion to Dismiss.**

A court should grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure where plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Metro Water Reclamation Dist. Of Greater Chicago v. Lake River Corp*., 365 F.Supp.2d 913 (N.D. Ill. 2005). The court is not however, required to accept the plaintiff's legal conclusions or unsupported allegations of fact, nor is the court required to ignore factual allegations that undermine a plaintiff's claims. *Davit v. Davit*, 366 F.Supp.2d 641 (N.D. Ill. 2005). The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Chemical Futures & Options, Inc. v. Resolution Trust Corp*., 832 F.Supp. 1188 (N.D. Ill. 1993).

II.    **Motion to Dismiss Count I Pursuant to Rules 12(b)(6) & 12(d) - § 1693h(d) of the EFTA bars liability against the Bank.**

§ 1693b(d)(3) requires that any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer provide notice in accordance with subparagraph (B) of said section. § 1693b(d)(3)(B), titled "Notice Requirements," describes two (2) types of notice that must be given, on the machine and on the screen. Plaintiff only alleges that "there was no notice on or near" the ATM and

3

does not allege that the ATM was lacking any "on the screen" notice. (Please see Exhibit "A", ¶ 13). As such, Plaintiff is more specifically alleging a violation of § 1693b(d)(3)(B)(i), requiring that the notice of a fee imposed "shall be posted in a prominent and conspicuous location on or at the automated teller machine." 15 U.S.C.A. 1693b(d)(3)(B)(i) (West 2008).

Specifically, §1693b(d)(3)(B)(i) states, "The notice required under clause (i) of subparagraph (A) with respect to any fee described in such paragraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer." *Id*.

However, the EFTA provides an exception for liability for the violation of the specific aforementioned section. Specifically, § 1693h(d) provides, "If the notice required to be posted pursuant to § 1693b(d)(3)(B)(i) … has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator **shall have no liability** under this section for failure to comply with § 1693b(d)(3)(B)(i) of this title." 15 U.S.C.A. 1693h(d) (West 2008). (Emphasis added).

When an ATM operator, such as the Bank, complies with § 1693b(d)(3)(B)(i), and upon the subsequent action of an unrelated third-party, the notice is removed, damaged, or altered, then § 1693h(d) is an absolute bar to the liability of that ATM operator. The clear language of the statute denotes the legislature's intention that § 1693h(d) be a directory statute by using the word "shall." The word "shall" as used in a statute is the language of command. *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935). As such, the mandatory term "shall" normally creates an obligation impervious to judicial

4

discretion. *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (*citing Anderson v. Yungkau*, 392 U.S. 482, 485 (1947); *see also Alabama v. Bozeman*, 533 U.S. 146, 153 (2001).

The case law reflects, that the use of the word "shall" by the legislature indicates its intent that the particular statute in issue be a command. Courts will only veer from the commanding language if there are some circumstances that will show, in a view of ends and aims, that the language is contrary to the desired results of the statute. *Escoe* at 493. Clearly, § 1693h(d) is crafted to protect operators of ATM's from incurring liability for the actions of third-parties. Therefore, the Court is limited in its discretion to interpret § 1693h(d). As such, when the operator was in compliance with § 1693b(d)(3)(B)(i) with its "on the machine" notice, § 1693h(d) acts as an absolute bar to liability of the operator.

In the instant matter, the Bank did post the necessary notice "on the machine" in compliance with § 1693b(d)(3)(B)(i) when it relocated the ATM to the exterior of the building at the same building address as the ATM. (Please see the Affidavit of Knowledge of Larry Ligas attached hereto).

Prior to October 15, 2005, the subject ATM was located inside the lobby of the Bank at the same building address. (Please see the Affidavit of Larry Ligas, ¶ 5). The Bank decided to relocate the ATM to the exterior of the building. Therefore, on October 15, 2006, the Bank hired Alligas Enterprises, Inc. (hereinafter referred to as "Alligas") to construct and install a surround for the subject ATM for the exterior of the Bank building. (Please see the Affidavit of Larry Ligas, ¶ 2). The ATM was installed and a "surround" was built encasing the ATM around October 15, 2005. (Please see the Affidavit of Larry Ligas, ¶ 3).

Alligas removed two notice signs affixed to the original ATM surround, when it was located in the lobby of the Bank, and affixed those two metal signs to the ATM surround installed on the ATM on the exterior of the Bank.  (Please see the Affidavit of Larry Ligas, ¶¶ 4-5).  One (1) of the signs notified consumers using the ATM that a fee may be imposed against said consumers for using the ATM.  (Please see the Affidavit of Larry Ligas, ¶ 4; Please see the Affidavit of Knowledge of Kimberly Cole, ¶ 4, attached hereto).  Due to no action by the Bank, the two (2) metal signs affixed by Alligas, and thus the EFTA required notice, were subsequently removed from the ATM surround by an unknown third-party.  (Please see the Affidavit of Kimberly Cole, ¶¶ 3, 5-6).  Pursuant to § 1693h(d), the Bank is not liable to Plaintiff or the alleged class for violation of the EFTA and the accompanying Regulation E.

The Bank posted "on the machine" notices in compliance with § 1693b(d)(3)(B)(i) of the EFTA.  Through no action or fault of the Bank or any of its agents, these notices were subsequently removed.  Therefore, § 1693h(d) is an absolute bar to liability against the Bank and Count I of Plaintiff's First Amended Complaint must be dismissed.

For the purposes of this Motion to Dismiss Count I of Plaintiff's Amended Complaint, and pursuant to Fed. R. Civ. Pro. 12(d), the Court can consider the attached Affidavits of Knowledge.  The Bank's Motion to Dismiss Count I of the Amended Complaint is to then be treated as if it were a Motion for Summary Judgment under Rule 56. Fed. R. Civ. Pro. 12(d) (West 2008).  For the foregoing reasons, Count I of Plaintiff's First Amended Complaint must be dismissed.

**III.     Motion to Dismiss Count II Pursuant to Rule 12(b)(6) – Plaintiff lacks Standing to raise this claim and therefore cannot represent the Class.**

Count II of the Amended Complaint alleges a violation of the Expedited Funds Availability Act ("EFAA"), 12 U.S.C. § 4001 *et seq.* and its supporting Regulation CC, 12 C.F.R. § 229.1 *et seq.*  Plaintiff specifically alleges that the Bank violated § 4004(d)(2) of the EFAA and § 229.18(c)(1) of Regulation CC by failing to have the requisite "on the machine" notice that funds deposited by consumers at the ATM may not be available for immediate withdrawal.

Plaintiff makes general allegations that the Bank, at the ATM, "received funds for deposit at all times relevant to this action," and that the Bank "failed to comply with the notice requirements of 12 U.S.C. § 4004(d)(2) and 12 C.F.R. § 229.18(c)(1) when providing ATM services to Plaintiff and all putative class members." (Please see Exhibit "A", Count II, ¶¶ 43, 44).  However, Plaintiff fails to allege any facts that would support that she suffered an actual injury.  Plaintiff merely alleges that the required on the machine notice regarding deposits was not present.  She does not, however, allege that she actually made a deposit at the ATM.

For any individual plaintiff to litigate on behalf of a class as a class representative, they must have standing to sue.  *Hope, Inc. v. DuPage County, Ill.*, 738 F.2d 797, 805 (7th Cir. 1984).  *See also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class"); *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40 (1976) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent the class 'must allege and show that they personally have

been injured, not that the injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'") (*quoting Wrath v. Seldin*, 422 U.S. 490, 502 (1975)).  Any party bringing suit as a class representative must allege an actual case or controversy to establish standing in federal court.  *Franklin v. City of Chicago*, 102 F.R.D. 944 (N.D.Ill. 1984).  In order to allege an actual case or controversy, a plaintiff must allege an actual injury.  Actual or threatened injury is constitutionally required in order to establish standing.  *Midwest Community Council, Inc. v. Chicago Park District*, 87 F.R.D. 457, 461 (1980) (*citing Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91 (1979); *Simon* (1976)).

§ 4004(d)(2) of the EFAA and § 229.18(c)(1) of Regulation CC concern the availability of funds **deposited** by a consumer at an automated teller machine.  See generally Senate Report No. 100-19, Title VI  - Fair Deposit Availability, S. REP. 100-19, 100TH Cong., 1ST Sess. 1987, 1987 U.S.C.C.A.N. 489, 516 – 518 (discussing the general concerns consumers faced prior to the enactment of the EFAA after depositing funds in the form of a check with depository bank).  (Please see Senate Report No. 100-19 (1987) attached hereto as Exhibit "B").  Under the spirit of the EFAA, Plaintiff must allege that she made a deposit at the ATM in order to have suffered and actual injury.  The EFAA was not enacted to protected individuals who do not deposit checks with depository banks.

Plaintiff fails to allege that she made a deposit at the ATM on August 2, 2007.  Plaintiff has not alleged that she suffered an actual injury in relation to Count II of her Amended Complaint.  As such, Plaintiff has not alleged an actual case or controversy to establish standing in federal court.

Pursuant to the long-standing tenet that "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class;" Plaintiff cannot seek relief on behalf of the class. *Littleton* at 494. Plaintiff lacks standing to be a class representative. Therefore, Count II of Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. Pr. 12(b)(6).

## CONCLUSION

Count I of Plaintiff's Amended Complaint must be dismissed. § 1693h(d) of the EFTA is an absolute bar from liability against the Bank. Pursuant to § 1693h(d), the Bank cannot be liable for the acts of a third-party removing the "on the machine notice."

Additionally, Count II of Plaintiff's Amended Complaint must also be dismissed. Plaintiff lacks standing as a class representative to proceed on Count II for the injuries suffered by unnamed class members. For the foregoing reasons, Plaintiff's First Amended Class Action Complaint must be dismissed.

          Respectfully Submitted,

          DIAMOND BANK, FSB, Defendant,

By:   /s/ Nathaniel R. Sinn
       One of its attorneys

Dated: February 5, 2008

Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P:  312.662.1030
F:  312.662.1040