## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, | ) |
|               Plaintiff, | ) Case No. 07 C 6403 |
| v. | ) Judge Hibbler |
| DIAMOND BANK, | ) Magistrate Judge Valdez |
|               Defendant. | ) |

### AGREED MOTION FOR ENTRY OF A
### PROPOSED CONFIDENTIALITY STIPULATION

The parties to this action hereby jointly move this Court for entry of their proposed confidentiality stipulation, stating as follows:

1. Plaintiffs' class action complaint alleges that Defendant failed to comply with the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and the Expedited Funds Availability Act, 12 U.S.C. § 4001 *et seq.*, which set forth specific notice requirements for automated teller machines ("ATMs").

2. In the discovery that has been issued and that is anticipated to be issued and exchanged between the parties, certain sensitive personal financial banking information is being requested. This personal financial banking information includes ATM transaction logs which list consumer debit or credit card numbers (referred to as a "personal account number" or "PAN").

3. Additionally, Defendant is being asked to disclose items which can be classified as proprietary bank information, including but not limited to internal audit procedures.

4. The parties believe that the financial information of consumers who have used Defendant's ATM at issue in this lawsuit should be protected from general disclosure. The ability of the public to gain access to debit card and credit card numbers, as well as potential

bank account numbers, is a recognized problem given the rise in identity theft. For example, in 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted. One of FACTA's primary purposes was to amend the Fair Credit Reporting Act by adding identity theft protections for consumers. One FACTA provision in particular was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account. Codified at 15 U.S.C. §1681c(g), this provision provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

The same philosophy behind keeping account numbers confidential should be applied here.

5. Further, Defendant believes that proprietary information related to Diamond Bank's network of automated teller machines and the parties with which Diamond Bank contracts for placement, installation and servicing of machines should be similarly restricted.

6. For these reasons, the parties have agreed upon the terms of a stipulated confidentiality stipulation, which is attached hereto as Exhibit A.

WHEREFORE, for the foregoing reasons, the parties respectfully request that this Court enter the proposed Confidentiality Stipulation.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiffs' Attorneys
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
lance@caclawyers.com

By: /s/ Nathaniel Sinn
#6284004
One of Defendant's Attorneys

Belongia & Shapiro
53 W. Jackson Blvd., Suite 315
Chicago, IL 60604
nsinn@belongiashapiro.com