IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND BANK, FSB<br><br>Defendant. | Case No. 07 C 6403<br>Judge Hibbler<br>Magistrate Judge Valdez |

**DEFENDANT DIAMOND BANK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

NOW COMES Defendant DIAMOND BANK, FSB, by and through its attorneys, Belongia & Shapiro, LLP, and pursuant to Fed.R.Civ.P. 12(b)(6) and 12(d), moves to dismiss Plaintiff's Second Amended Class Action Complaint; and in support of its motion states as follows:

1.  On November 12, 2007, Plaintiff Carmen Flores (hereinafter "Plaintiff") filed a two-count Class Action Complaint against the Defendant, Diamond Bank, FSB (hereinafter the "Bank"). On November 21, 2007, Plaintiff filed her First Amended Class Action Complaint, also consisting of two (2) counts. On February 5, 2008, the Bank filed its Motion to Dismiss Plaintiff's First Amended Class Action Complaint. The Bank's original Motion to Dismiss sought to dismiss Count I of the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(d). The Motion sought to Dismiss Count II pursuant to Rule 12(b)(6) for a lack of standing as class plaintiff.

1

2. Plaintiff was granted until March 6, 2008 with which to respond to the portion of the Bank's original Motion to Dismiss Count II. On March 6, 2008, Plaintiff filed her Second Amended Class Action Complaint, consisting of one (1) count, in lieu of responding to the Bank's Motion to Dismiss Count II of the First Amended Complaint.

3. When an amended pleading is filed, the prior pleading is withdrawn and the amended pleading is controlling. *Johnson v. Dossey*, 515 F.3d 778, 780 (C.A.7 (Ill.) 2008). As Plaintiff's First Amended Complaint was withdrawn, the Bank's original Motion to Dismiss is no longer relevant. Therefore, the Bank now brings its Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (hereinafter "Complaint") pursuant to Rules 12(b)(6) and 12(d).

4. The Complaint alleges a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* and its supporting Regulation E, 12 C.F.R. § 205.1 *et seq.*

5. In the Complaint, Plaintiff alleges that the Bank violated § 1693b(d)(3)(B)(i) of the EFTA and § 205.16 of Regulation E by failing to have the requisite "on the machine" notice that the Bank imposes a fee on certain consumers for providing host transfer services on an automated teller machine located at 100 West North Avenue, Chicago, Illinois 60610 and known as ATM 049E4 (hereinafter referred to as the "ATM").

6. § 1693h(d) of the EFTA, titled Exception for Damaged Notices, precludes liability against operators of automated teller machines for failing to have the requisite "on the machine" notice of § 1693b(d)(3)(B)(i) if such a notice has been posted in compliance with the aforementioned section and has subsequently been removed by a

third party.  Specifically, § 1693h(d) states, "If the notice requirement to be posted pursuant to § 1693b(d)(3)(B)(i) of this title by an automated teller machine operator has been posted by such operator in compliance with such section and the notice is subsequently removed, damaged, or altered by any person other than the operator of the automated teller machine, the operator shall have no liability under this section for failure to comply with § 1693b(d)(3)(B)(i) of this title."  15 U.S.C.A. 1693h(d) (West 2008).

7. The Bank installed the ATM and surround on or about October 15, 2005.  At that time, on the ATM surround, there existed the requisite "on the machine" notice as required by § 1693b(d)(3)(B)(i) in the physical form of a metal sign.  The "on the machine" notice was posted on the surround built around the ATM in a prominent and conspicuous location.  Said notice was in compliance with § 1693b(d)(3)(B)(i).

8. Subsequently, the metal sign on the ATM surround stating the required § 1693b(d)(3)(B)(i) "on the machine" notice was removed by an unknown third-party.  The Bank was unaware that the said metal sign had been removed, and thus had not replaced it.

9. Pursuant to § 1693h(d), Plaintiff's Complaint must be dismissed.  The Bank was in compliance with § 1693b(d)(3)(B)(i) and its accompanying § 205.16 of Regulation E.  Subsequent to being in compliance with these provisions, a third-party removed the compliant metal signs posted on the ATM surround.  Therefore, by its plain language, § 1693h(d) bars liability against the Bank as a result of someone else's act of removing the "on the machine" notice.

10. The Bank attaches to its Memorandum in Support of this Motion, the affidavits of Kimberly Cole and Larry Ligas.  Pursuant to Fed. R. Civ. P. 12(d), if the

Court accepts said Affidavits for consideration, then this Motion to Dismiss Plaintiff's Complaint is to be treated as one for summary judgment.

WHEREFORE, for the foregoing reasons, DIAMOND BANK, FSB requests that this Court dismiss Plaintiff's Second Amended Class Action Complaint with prejudice, and for such other relief as this Court deems proper.

                                        Respectfully Submitted,

                                        DIAMOND BANK, FSB, Defendant,

Dated: March 21, 2008        By:    /s/ Nathaniel R. Sinn
                                                        One of its attorneys

Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P:  312.662.1030
F:  312.662.1040