IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 07 C 6403 |
| v. | ) ) | Judge Hibbler |
| | ) | Magistrate Judge Valdez |
| DIAMOND BANK, | ) ) | |
| Defendant. | ) | JURY DEMANDED |

### SECOND AMENDED CLASS ACTION COMPLAINT

Carmen Flores ("Plaintiff"), by her attorneys, The Consumer Advocacy Center, P.C., states as follows for her Second Amended Class Action Complaint against Diamond Bank ("Defendant").

### The Parties

1. Plaintiff is an Illinois citizen and resides in this district.

2. Defendant is a federal savings bank with its principal place of business in Chicago, Illinois.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*; Regulation E, 12 C.F.R. § 205.1 *et seq.*

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because the transactions at issue occurred in this district, Plaintiff resides in this district and Defendant resides in this district.

## Statutory/Regulatory Authority

## EFTA

5.  The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"), and its implementing Regulation E, 12 C.F.R. § 205.1 *et seq.*, require an automated teller machine ("ATM") operator to provide notice to consumers that the operator will impose a fee on consumers for conducting a transaction at an ATM and the amount of such a fee.

6.  Specifically, 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose (a) on the ATM, that a fee will be imposed and (b) on the ATM screen, that a fee will be imposed and the amount of such a fee.

7.  The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the imposition of a fee for using an ATM if the foregoing notice requirements are not met.

## Facts Related To Carmen Flores

8.  On August 2, 2007, Plaintiff used automated teller machine ("ATM") number 049E4 ("ATM 049E4"), located at 100 West North Avenue, Chicago, IL 60610.

9.  On August 2, 2007, Plaintiff was charged a $2.00 fee to withdraw money from ATM 049E4.

10. On August 2, 2007, at the time Plaintiff used ATM 049E4, there was no notice posted on or near ATM 049E4 that disclosed that users would be charged any fee for using ATM 049E4.

## COUNT I
## VIOLATION OF EFTA AND REGULATION E

11. Plaintiff incorporates herein by reference paragraphs 1-10.

12.     Plaintiff brings this Count on behalf of herself and a class of all persons who were charged a transaction fee for the use of automated teller machine number 049E4, located at Diamond Bank, 100 West North Avenue, Chicago, IL 60610.

13.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds of persons and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

14.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because questions of law and fact common to the class predominate over any questions affecting only individual putative class members, including:

        (a)     Whether, pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator at all relevant times during the class period that imposed a fee on consumers for providing host transfer services to those consumers; and

        (b)     Whether, at all relevant times during the class period, Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c).

15.     Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because Plaintiff's claims are typical of the claims of the putative class members, including:

        (a)     Plaintiff and all putative class members used an ATM operated by Defendant;

        (b)     Defendant failed to provide notices compliant with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) to Plaintiff and all putative class members; and

        (c)     Defendant illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM 049E4.

16. Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the class and Plaintiff has hired counsel able and experienced in class action litigation.

17. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because questions of law or fact common to the putative class predominate over any questions affecting only individual putative class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

18. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

19. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

20. Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because no unusual difficulties will likely occur in the management of the class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

21. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator at all times relevant to this action.

22. Defendant was the ATM operator of ATM 049E4 at all times relevant to this action.

23. Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when providing ATM services to Plaintiff and all putative class members.

24. Pursuant to 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e), Defendant, therefore, illegally imposed a fee on Plaintiff and all putative class members for their respective use of ATM 049E4.

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, requests that this Court enter judgment in her favor and against Diamond Bank and award the following:

A. Actual and statutory damages as set forth in the EFTA and Regulation E;

B. Attorneys' fees and costs of suit; and

C. Such other relief as this Court deems proper.

**Plaintiff Demands a Trial By Jury**

CARMEN FLORES, Plaintiff,

By: /s/ Lance A. Raphael
Lance A. Raphael, One Of Her Attorneys

Dated: March 6, 2007

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808