## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN FLORES, | ) | |
| | ) | Case No. 07 C 6403 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| DIAMOND BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN
### SUPPORT OF HER MOTION FOR CLASS CERTIFICATION

### Introduction

At its headquarters location, newly renovated to attract customers and with employees and officers passing by daily, Defendant Diamond Bank operated its prominently-placed automated teller machine ("ATM") in violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA" or "Act"). Specifically, Defendant failed to post the statutorily-mandated notice on the face of its ATM notifying users walking up to the machine that it would charge non-Diamond Bank customers would be charged $2.00 for the use of the ATM. *See* 15 U.S.C. § 1693b(d)(3)(B)(i). Finally, Diamond Bank admits that subsequent to the installation of the machine it did not perform a single inspection of the ATM for compliance with EFTA or Reg. E.[1]

Plaintiff brought this lawsuit on her own behalf and on behalf of all other persons whom Defendant assessed an ATM fee without properly disclosing the fee on the outside of the

---

[1]    See Defendant's response to Interrogatory # 11.

1

machine. Plaintiff's claim is exactly the same as all other putative class members, i.e., each used the same ATM and paid the same $2.00 fee when Defendant was not entitled to charge such a fee because it failed to post the physical notice required by the EFTA. Because no individual issues exist that would preclude classwide disposition of this case, Plaintiff seeks to certify the following class:

> All persons who, from November 12, 2006 to December 31, 2007, were charged a transaction fee for the use of automated teller machine number 049E4, located at Diamond Bank, 100 W. North Ave., Chicago, IL 60610.

### Legal Discussion

The class action was designed to promote a fair and expeditious resolution for claims of a large number of people seeking relief for the same unlawful occurrence, practice or procedure. The plain language of Electronic Funds Transfer Act, 15 U.S.C. § 1693 et. seq., like the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and Truth in Lending Act ("TILA"), 15 U.S.C. §1640 *et seq.* demonstrates that class actions are an appropriate procedural device because class-wide statutory damages are specifically contemplated. Class remedies are "an important encouragement to the voluntary compliance which is so necessary to insure nationwide adherence to uniform disclosure."[2]

In commenting on TILA's statutory damages, the Senate Committee on Banking, Housing and Urban Affairs noted that consumer remedies should not be restricted to actual damages because, "As the Committee pointed out in its report on similar legislation last year, 'Most Truth in Lending violations do not involve actual damages and . . . some meaningful

---

[2]     SENATE COMM. ON BANKING, HOUSING AND URBAN AFFAIRS, TRUTH IN LENDING AMENDMENTS, S. Rep. No. 93-278, 93d Cong., 1st Sess. 14-15 (1973).

penalty provisions are therefore needed to insure compliance.'"[3]  Further, "[t]he possibility of

class-action exposure is essential to the prophylactic intent of the Act, and is necessary to elevate

truth-in-lending lawsuits 'from the ineffective 'nuisance' category to the type of suit which has

enough sting to insure that management will strive with diligence to achieve compliance.'"[4]  In

this case, Defendant has shown no diligence in compliance.

        The alternative to class certification – the prosecution of several thousand individual

claims – would result in extreme logistical difficulties, a waste of judicial resources, and the

elimination of an orderly and reasonable process to resolve the factual and legal issues

underlying this case.

        The purpose of the EFTA is to provide a basic framework establishing the rights,

liabilities, and responsibilities of participants in electronic fund transfer systems.[5]  "The primary

objective of EFTA, however, is the provision of . . . consumer rights."[6]  The EFTA is a strict

liability statute, and makes no mention of any requisite scienter.[7]  As the Act is broadly drafted

and designed to protect consumers, it must be read in such a way to effectuate this purpose.

        Under the Federal Rules of Civil Procedure, a class should be certified when a Plaintiff

meets all four requirements of Rule 23(a) and one of the requirements of Rule 23(b).  Not only is

---

[3]     SENATE COMM. ON BANKING, HOUSING AND URBAN AFFAIRS, TRUTH IN
LENDING AMENDMENTS, S. Rep. No. 93-278, 93d Cong., 1st Sess. 14-15 (1973).

[4]     *Bantolina v. Aloha Motors, Inc.*, 419 F. Supp. 1116, 1120 (D. Hawaii 1976) (citing Federal
Reserve Board, 1972 Annual Report on Truth in Lending).

[5]     See 15 U.S.C. § 1693(b).

[6]     *Id.*

[7]     *Burns v. First Am. Bank*, 2006 U.S. Dist. LEXIS 92159, *19 (citing *Bisbey v. D.C. National
Bank*, 793 F.2d 315, 318-19 (D.C. Cir. 1986)).

3

Rule 23 to be construed liberally and read to favor the maintenance of class actions,[8] but "[t]here is [also] broad judicial discretion in determining whether to allow the certification of a class action."[9] Further, when evaluating a motion for class certification, a court accepts as true the allegations made in support of certification, and does not examine the merits of the case.[10]

As demonstrated below, Plaintiff meets all requirements necessary to certify this case as a class action. As Congress recognized the importance of class actions in protecting consumers under this statute by expressly authorizing class action remedies under the EFTA, a class should be certified herein.[11]

## Rule 23(a)(1) -- Numerosity

A class may be certified only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Impracticability exists where individual adjudication would take an extended period of time and joinder of all the parties would be expensive, time consuming and "a strain on already overtaxed judicial resources."[12]

---

[8]    See *Cannon v. Nationwide Acceptance Corp.*, No. 96 C 1136, 1997 U.S. Dist. LEXIS 3517 at *4 (N.D. Ill. March 24, 1997).

[9]    *Ruiz v. Stewart Assocs.*, 171 F.R.D. 238, 241 (N.D. Ill. 1997) (citing *First Interstate Bank of Nevada v. Chapman & Cutler*, 837 F.2d 775, 781 (7th Cir. 1988)).

[10]    *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974).

[11]    15 U.S.C. § 1693m; *see also Cobb v. Monarch Finance Corp.*, 913 F. Supp. 1164, 1172 (N.D. Ill. 1995) (certifying EFTA class); *Burns*, 2006 U.S. Dist. LEXIS at *2 (same).

[12]    *Scholes v. Stone, McGuire & Benjamin*, 143 F.R.D. 181, 184 (N.D. Ill. 1992).

4

"While there is no 'bright line' test for numerosity, courts have found this element satisfied where the putative class would number in the range of as few as 10 to 40."[13] Here, Defendant disclosed that it charged 5,308 transaction fees during the proposed class period. Thus, Plaintiff has established that joinder of all class members would be impracticable and meets the requirements of Rule 23(a)(1).

## Rule 23(a)(2) -- Commonality

A class may be certified only if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)."[14] So long as at least one issue of law or fact is common to all class members, a class should be certified. Where a question of law involves standardized conduct toward members of the proposed class, a common nucleus of operative facts is typically found, and the commonality requirement is usually met.[15]

Plaintiff alleges that Defendant violated the EFTA by failing to post a fee notice on its ATM before charging her a fee to use the machine. Plaintiff's claim is universal and identical to the experience of the absent putative class members, against whom Defendant also charged a transaction fee when no fee notice was posted on the ATM. Although a common question of

---

[13]    *Khalil Abdur Rahim v. Sheahan*, No. 99 C 0395, 2001 U.S. Dist. LEXIS 17214, at *37-38 (N.D. Ill. Oct. 18, 2001); see, e.g., *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (29 sufficient); *Barney v. Harvey*, No. 95 C 3316, 1997 U.S. Dist. LEXIS 3570 (N.D. Ill., March 25, 1997) (class of 13 certified where other factors made joinder impracticable); *Gaspar v. Linvatee Corp.*, 167 F.R.D. 51, 56-57 (N.D. Ill. 1996) (class of 18 certified); *Swanson v. American Consumer Indus.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969) (40 sufficient).

[14]    *Keele*, 149 F.3d at 594 (citing *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)).

[15]    *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302, 308 (N.D. Ill. 1995) (citing *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984)).

either law or fact can be used to support a class action, both exist here.  The common questions

of fact for the class are (1) whether Defendant posted notice that it would charge a $2.00

transaction fee for use of the ATM and (2) whether Defendant charged a $2.00 transaction fee

for use of the ATM when no fee notice was posted.  The common question of law is whether

Defendant's failure to post a fee notice but still charge a transaction fee violated 15 U.S.C. §

1693b(d)(3) and 12 CFR § 205.16.  Because there is a common nucleus of operative facts as to

all the class members' ATM transactions, and this fact could provide for a finding of liability

under the Act for all class members, Plaintiff satisfies the commonality requirement of Rule

23(a)(2).[16]

## Rule 23(a)(3) -- Typicality

A class may be certified only if "the claims or defenses of the representative parties are

typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Rule 23(a)(3) is satisfied

if the representative's claim " 'arises from the same event or practice or course of conduct that

gives rise to the claims of other class members and [the representative's] claims are based on the

same legal theory.' "[17]  Here, Plaintiff's claims cannot be factually distinguished from the claims

of the absent putative class members, because each claim arises from identical conduct, i.e.,

Defendant's failure to post a fee notice on the ATM but still charge a $2.00 transaction fee.  Each

---

[16]     *Burns*, 2006 U.S. Dist. LEXIS 92159 at *25 (finding that "[t]he proposed class is based on a
common nucleus of operative facts - that is, Defendant charged each class member $2.50 for using ATMs
S1A5260 and S1A5261 during the Class Period.  Class members also share a common interest in the
question of whether Defendant's fee notices violated EFTA.  Because class members share common
questions of law and fact, the commonality prong of Rule 23(a) is met.").

[17]     *Clark v. Retrieval Masters Creditors Bureau*, 185 F.R.D. 247, 249 (N.D. Ill. 1998) (quoting *De
La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983).

claim is also based on the same legal theory, whether Defendant violated § 1693b(d)(3) of the

EFTA.

Because commonality and typicality are closely related, a finding of one often results in a

finding of the other.[18] Here, typicality is inherent in the class claims asserted. All of the class

members' claims arise from the common issue of whether Defendant violated the EFTA.[19]

Accordingly, Plaintiff has met the typicality requirement of Rule 23(a)(3).

**Rule 23(a)(4) -- Adequacy of Representation**

A class may be certified only if "the representative parties will fairly and adequately

protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To meet the requirements of Rule

23(a)(4), a Plaintiff "cannot have antagonistic or conflicting claims with other members of the

class" and "must have a 'sufficient interest in the outcome to ensure vigorous advocacy'" and her

attorney "must be competent, experienced, qualified, and generally able to conduct the proposed

litigation vigorously."[20]

First, no conflict or antagonism exists between Plaintiff and the putative class members

given the identical nature of their claims.[21] Second, Plaintiff has a clear interest in the successful

outcome of the lawsuit, because she seeks to recover damages for herself and the proposed class

and as demonstrated by her participation in this contested lawsuit to date. Third, Plaintiff has

---

[18]    *Rosario*, 963 F.2d at 1018 (noting that "[t]he question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality."); see also *Sanders v. OSI Education Services, Inc.*, No. 01 C 2081, 2001 U.S. Dist. LEXIS 12578, at *5 (N.D. Ill. Aug. 2, 2001).

[19]    *Burns*, 2006 U.S. Dist. LEXIS 92159 at *26 (finding typicality for EFTA class).

[20]    *Gammon v. GC Services*, 162 F.R.D. 313, 317 (N.D. Ill. 1995) (quoting *Riordan*, 113 F.R.D. at 64) (citation omitted)).

[21]    *Rosario*, 963 F.2d at 1018.

hired counsel who are active practitioners in consumer class cases with experience, diligence, and commitment to this litigation and to protect the interests of the class.[22]  Therefore, Plaintiff and her counsel meet the adequacy requirements of Rule 23(a)(4).[23]

## Rule 23(b)(3) -- Predominance/Superiority

In addition to satisfying Rule 23(a), a Plaintiff seeking certification must satisfy one of the provisions of Rule 23(b).  Here, Plaintiff seeks certification pursuant to Rule 23(b)(3), which requires a showing "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy."  Plaintiff meets those requirements.

### 1.    *Common Questions of Law or Fact Predominate*

A common question of law or fact predominates when there is a common factual link between all the class members and the defendant for which the law provides a remedy.[24]  "The

---

[22]    A cursory review of reported cases in this jurisdiction alone shows that Plaintiff's counsel has been deemed adequate class counsel many times.  At no time has Plaintiff's counsel been found to be inadequate class counsel.

[23]    Plaintiff's counsel also meet the requirements of Rule 23(g).  Counsel significantly researched the EFTA and its implementing regulations prior to filing Plaintiff's complaint and has been appointed class counsel in other EFTA cases.  See, e.g., *Burns*, 2006 U.S. Dist. LEXIS at *27; *Machiela v. Trizec*, Case No. 05 C 3562 (appointed class counsel for settlement purposes under EFTA). Additionally, the following are some examples of decisions where The Consumer Advocacy Center, P.C. was appointed as class counsel in the Northern District of Illinois: *Kort v. Diversified Collection Services, Inc.*, No. 01 C 0689, 2001 U.S. Dist. LEXIS 20988, *8 (N.D. Ill. Dec. 17, 2001), *Hamid v. Blatt Hasenmiller*, No. 00 C 4511, 2001 U.S. Dist. LEXIS 20012, *18 (N.D. Ill. Nov. 30, 2001); *Sanders v. OSI Educ. Services*, No. 01 C 2081, 2001 U.S. Dist. LEXIS 12578, *7 (N.D. Ill. Aug. 3, 2001); *Lang v. Winston & Winston, P.C.*, No. 00 C 5516, 2001 U.S. Dist. LEXIS 7480, *11 (N.D. Ill. May 31, 2001); *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 645 (N.D. Ill. 2003); *Weniger v. Arrow Financial Services*, 03 C 6213, 2004 U.S. Dist. LEXIS 26248, *1-2 (N.D. Ill. Dec. 21, 2004).

[24]    See *Daley v. Provena Hospitals*, 193 F.R.D. 526, 529 (N.D. Ill. 2000).

8

commonality requirement of Rule 23(a)(2) and the predominance requirement of Rule 23(b)(3) are closely related and a finding of one will generally satisfy the other."[25]

Common questions predominate for the class because Defendant's failure to post a fee notice on its ATM but still charge a transaction fee to non-customer users of the ATM is identical with regard to all putative class members. In fact, in response to an interrogatory asking upon what dates Defendant inspected the ATM for compliance with EFTA, Defendant responded that it performed no compliance inspections subsequent to installing the machine. Thus, any decision on the merits "will be decided predominately, if not entirely, based on common evidence of Defendant's conduct."[26]

Because the EFTA (like the Fair Debt Collection Practices Act and Truth in Lending Act), is a strict liability statute, Plaintiff and the class members only need to show that a violation occurred (failure to post the notice) in order to recover statutory damages and disgorgement of the improperly imposed fees.[27] In interpreting the purpose behind statutory damages, courts have said:

> [T]he Bank's foregoing failures to comply with the statute give rise to civil liability under section 915 of the Act. That section provides that any person who fails to comply with any provision of [the Act] with respect to any customer, except for an error resolved in accordance with section 908, is liable to such consumer for actual damages **or for a**

---

[25]   See *Clark*, 185 F.R.D. at 250 (citing *Villareal v. Snow*, No. 95 C 2484, 1996 U.S. Dist. LEXIS 667, at *15 (N.D. Ill. January 16, 1996)).

[26]   *Burns*, 2006 U.S. Dist. LEXIS 92159 at *31.

[27]   ATM operators may not charge a fee if the ATM surcharges are improperly disclosed. *See* 15 U.S.C. § 1693b(d)(3)(C) ("No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless – (i) the consumer receives such notice in accordance with subparagraph (b)…").

**symbolic award. Thus, under the plain terms of the Act, civil liability attaches to all failures of compliance with respect to any provision of the Act.**[28]

Because the question of fact (whether the Defendant posted a physical fee notice on the ATM) and the question of law (whether the failure to post such a notice violated EFTA) would result in liability against the Defendant, the questions of fact and law common to the members of the class predominate over any questions affecting only individual members. Further, such a determination would consistent with the analysis of predominance in the *Burns* case.[29]

### 2.   A Class Action is Superior to Other Available Methods to Adjudicate this Controversy

"Under Rule 23(b)(3), a class action must . . . be superior to other available methods for the fair and efficient adjudication of the controversy."[30] A court is required to determine the best available method for resolving the claims in keeping with judicial economy, efficiency, and consistency.[31] In making a determination of superiority, "[i]t cannot seriously be disputed that a class action is the most efficient method of adjudicating the claims of numerous class members who, largely unsophisticated and uninformed of their rights, might not otherwise possess the initiative to commence an action on their own behalf."[32] Thus, by maintaining the litigation as a

---

[28]     *Berenson v. National Financial Services, LLC*, 403 F. Supp. 2d 133, 146 (D. Mass. 2005) (citing *Bisbey v. D.C. National Bank*, 793 F.2d 315, 317 (D.C. Cir. 1986)). (Emphasis added).

[29]     "Likewise, any defense raised by Defendant under § 1693m(c) will depend on common issues involving Defendant's intent and its maintenance of procedures reasonably adapted to avoid a violation. Accordingly, questions common to the class predominate over any questions affecting only individual members." *Burns v. First Am. Bank*, 2006 U.S. Dist. LEXIS 92159 at, 31-32 (N.D. Ill. Dec. 19, 2006).

[30]     *Maxwell v. Arrow Fin. Servs., LLC*, No. 03 C 1995, 2004 U.S. Dist. LEXIS 5462, *16 (N.D. Ill. March 31, 2004).

[31]     See *Scholes*, 143 F.R.D. at 189.

[32]     *Davis v. Suran*, No. 98 C 0656, 1998 U.S. Dist. LEXIS 12233, *11 (N.D. Ill. Aug. 3, 1998).

class action, those aggrieved individuals will receive the protections contemplated by law that they otherwise would not; accordingly, the failure to certify a class will result in a failure of justice.[33]

The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied.[34]

Furthermore, "[C]ourts hold that claims dealing with the legality of standardized . . . conduct are generally appropriate for resolution by means of a class action because the . . . conduct is the focal point of the analysis."[35]

Here, a class action is the superior and most efficient means of assessing the legality of the Defendant's standardized conduct (failing to post a fee notice in violation of the EFTA), because Plaintiff alleges that Defendant acted wrongfully in a manner universal to all putative class members.[36] Additionally, few of the consumers charged a transaction fee by Defendant likely are aware of their rights under the law and a class action will protect those rights; the amount of

---

[33]    See *Villareal*, 1996 U.S. Dist. LEXIS 667 at *16-17 (finding that "[m]ost of the proposed class members are likely to be individual consumers who are unaware of their rights under the FDCPA. Class actions in such cases are favored because, even if aware of their rights, class members may lack the initiative to bring suits individually . . . .").

[34]    *In re Folding Carton Antitrust Litigation*, 75 F.R.D. 727, 732 (N.D. Ill. 1977).

[35]    *Shaver v. Trauner*, No. 97-1309, 1998 U.S. Dist. LEXIS 19648, *18 (C.D. Ill. July 31, 1998) (citation omitted).

[36]    See *Beasley v. Blatt*, No. 93 C 4978, 1994 U.S. Dist. LEXIS 9383, *13 (N.D. Ill. July 8, 1994).

11

money any class member may recover is small, thus making individual suits unlikely; efficiency favors one litigation; and this case should not present any significant management problems if certified.[37]

This case involves a relatively small class of persons (5,308 transactions) with Defendant's stated net worth being $27,714,000.00. As a result, the recovery under the Act is limited to a disgorgement of $10,616.00 in transaction fees and statutory damages of 1% of the Defendant's net worth, or $270,714.00. Thus, the class members in this case are able to recover the $2.00 fee and up to $51.00 in statutory damages or a total of $53.00 per class member transaction. There is no asserted defense to this case that does not apply to the class as a whole. As a result, as the court stated *Burns v. First American Bank*, "adjudicating the class claims here will take no more effort than it would to adjudicate the claims of Plaintiffs alone."[38]

### Conclusion

For the foregoing reasons, Plaintiff Carmen Flores requests that this Court certify the following class:

> All persons who, from November 12, 2006 to December 31, 2007, were charged a transaction fee for the use of automated teller machine number 049E4, located at Diamond Bank, 100 W. North Ave., Chicago, IL 60610.

CARMEN FLORES, Plaintiff,

By:   /s/ Lance A. Raphael
      One of Plaintiff's Attorneys

---

[37]    See *Cox v. Joe Rizza Ford, Inc.*, No 94 C 5688, 1996 U.S. Dist. LEXIS 1581, *33 (N.D. Ill. Feb. 9, 1996); *Redd v. Arrow Fin. Servs., LLC*, No. 03 C 1341, 2004 U.S. Dist. LEXIS 5421, * 17-20 (N.D. Ill. March 31, 2004).

[38]    *Burns*, 2006 U.S. Dist. LEXIS 92159 at *40---.

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930