IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DIAMOND BANK, FSB <br><br> Defendant. | ( <br> ( <br> ( <br> ( <br> (   Case No. 07 C 6403 <br> (   Judge Hibbler <br> (   Magistrate Judge Valdez <br> ( <br> ( <br> ( |

**DEFENDANT DIAMOND BANK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

NOW COMES Defendant DIAMOND BANK, FSB (hereinafter the "Bank"), by and through its attorneys, Belongia & Shapiro, LLP, and for its Response in Opposition to Plaintiff CARMEN FLORES' (hereinafter "Plaintiff") Motion for Class Certification, states as follows:

## INTRODUCTION

To carry her burden of proving that a class should be certified, Plaintiff must show that the putative class satisfies all of the requirements of Rule 23(a) and one of the subsections of Rule 23(b). *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).

Plaintiff moves this Court for certification of a Rule 23(b)(3) class. This motion should be denied for several reasons. Plaintiff cannot show that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Plaintiff asserts not only statutory damages under the EFTA, but also seeks actual damages. Several courts have determined that a prerequisite to

1

obtaining actual damages is a showing of detrimental reliance. Detrimental reliance inherently requires proof on a class member-by-class member basis.

Second, class certification should be denied because Plaintiff cannot prove that the class action device is superior to an individual action for pursuing the sort of EFTA claim at issue in this case. The potential recovery to each member of the class is *de minimis*, less than $51 per class member, while in an individual action each class member could recover up to $1,000.00. (Please see Plaintiff's Memorandum of Law in Support of Her Motion for Class Certification [doc 41], pg. 12). Therefore, an individual could recover nearly twenty times more in an individual action than the potential recovery here, and thus a class action is not a superior means of proceeding.

Lastly, class certification should be denied because the class is unmanageable as there is no way to identify the potential class members. The Bank does not have any records from which the names and addresses of class members could be determined, and courts have held that when such information is lacking, a class should not be certified. For the reasons stated herein, Plaintiff's Motion for Class Certification must be denied.

**LAW**

Certification of a Rule 23(b)(3) class requires the Court to find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *See* F.Rul.Civ.P. 23(b)(3) (West 2008).

Courts should "compare the possible alternatives [to treatment as a class action] to determine whether Rule 23 is sufficiently effective to justify the expenditure or the

judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court." *Hamilton v. O'Connor Chevrolet, Inc.*, 02 C 1897, 2006 WL 1697171 at *11 (N.D.Ill. June 12, 2006) (*quoting* Wright & Miller, *Federal Prac. And Proc.*, Vol. 7AA, Civil 3d § 1779).

Under Rule 23(b)(3), one pertinent consideration is the "difficulties likely to be encountered in the management of a class action." Fed. R.Civ.P. 23(b)(3)(D) (West 2008). One such factor is the difficulty and cost of identifying and locating potential class members. *See Simer v. Rios*, 861 F.2d 655, 669 (7th Cir. 1981) (noting the "Sisyphean task of identifying" potential class members and the burden on the court of having to do so).

## ARGUMENT

Plaintiff has moved this Court for certification pursuant to Rule 23(b)(3). Certification of a Rule 23(b)(3) class requires the Court to find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *See* F.Rul.Civ.P. 23(b)(3) (West 2008).

A. <u>Common Issues of Law and Fact Do Not Predominate Over Questions Affecting Individual Members.</u>

Plaintiff asserts not only statutory damages under the EFTA, but also seeks actual damages. (Please see Plaintiff's Memorandum of Law in Support of Her Motion for Class Certification [doc 41], pg. 12). Several courts have determined that a prerequisite to obtaining actual damages is a showing of detrimental reliance. Detrimental reliance inherently requires proof on a class member-by-class member basis.

3

In *Martz v. PNC Bank, N.A.*, Not Reported in F.Supp.2d, 2006 WL 3840354, CIV A No. 06-1075 (W.D. Pa. Nov. 30, 2006) (Report & Recommendation), the court recognized: "The few reported cases that have discussed the actual damages provision of EFTA have found that to recover actual damages, a plaintiff must establish causation of harm in the form of detrimental reliance." *See also Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 408 (M.D. Fla. 2004) (stating that plaintiff in that case "offers no authority for his inference that EFTA excuse plaintiffs from providing that their actual damages flowed from a detrimental reliance on erroneous fee postings"); 15 U.S.C. §1693m(a)(1) (permitting prevailing plaintiff to recover "actual damage sustained by such consumer ***as a result of*** [a failure to comply with the EFTA]") (emphasis added).

Proof of detrimental reliance inherently requires proof on a class member-by-class member basis. In order to show detrimental reliance in this case, among other things each class member would need to establish that: (1) the class member inspected the ATM for the fee notice; (2) the class member did not find a fee notice, and consequently concluded that he/she would not be charged the fee; (3) because the class member understood that he/she would not be charged a fee, he/she chose to use this particular ATM; (4) after commencing the transaction and reading the on-screen notice, the class member failed to understand that he/she would be charged a fee if he/she continued with the transaction; and (5) the class member would not have made the withdrawal at the Bank ATM and incurred the fee had the class member known he/she would have been charged a fee. The trier of fact would therefore need to decide an array of facts to ascertain detrimental reliance by users of the Bank's ATM. Because each user must

prove he/she properly relied, to his or her detriment, on the allegedly incorrect on-screen notice, each user's claim is not susceptible to class-wide adjudication.

For the reasons stated herein, as Plaintiff seeks to define the proposed class, she cannot show that questions of law or fact common to the members of the class predominate over any questions only affecting individual members.  As stated above, courts have determined detrimental reliance to be integral for obtaining actual damages.  Questions of detrimental reliance are individual in nature and thus, the predominance prong of Rule 23(b)(3) is not satisfied.  Therefore, Plaintiff's motion for class certification must be denied.

 B. <u>The Class Action is Not a Superior Means of Adjudicating the Claims at Issue because the Maximum Recovery to each Class Member is Minimal Compared to Individual Suits.</u>

Plaintiff has not satisfied her burden under Rule 23(b)(3) of showing that a class action is superior to other available means for the fair and efficient adjudication of the controversy.  Fed.R.Civ.P. 23(b)(3) (West 2008).  To analyze the demanding requirement of superiority, *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003), courts should "compare the possible alternatives [to treatment as a class action] to determine whether Rule 23 is sufficiently effective to justify the expenditure or the judicial time and energy that is necessary to adjudicate a class action and to assume the risk of prejudice to the rights of those who are not directly before the court." *Hamilton v. O'Connor Chevrolet, Inc.*, 02 C 1897, 2006 WL 1697171 at *11 (N.D.Ill. June 12, 2006) (*quoting* Wright & Miller, *Federal Prac. And Proc.*, Vol. 7AA, Civil 3d § 1779).  In the instant case, this means the Court should compare the potential recovery to each class member available through a class action versus the potential recovery to each class

member in an individual action. Comparison of these amounts shows that a class action is not superior to an individual action.

Although a *de minimus* recovery does not automatically bar a class action, *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997), courts have considered the amount of the recovery in determining whether a class action is superior. *See Caulton v. Merchants' Credit Guide Co.*, 06 C 2744, 2007 WL 625457, at *4 (N.D.Ill. Feb. 22, 2007); *Hamilton*, 2006 WL 1697171 at *11; *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 570 (D. Minn. 2003); *Sonmore v. Checkrite Recover Servs., Inc.*, 206 F.R.D. 257, 265-66 (D. Minn. 2001).

The amount available in an individual action is many times greater than the maximum available recovery to the putative class members in the instant action. Courts have held that disparities similar to instant disparity between class and individual recovery were sufficient to defeat a showing of superiority. *See Lyles v. Rosenfeld Atty. Network*, No. 199CV322, 2000 WL 798824 at *6-7 (N.D.Miss. May 17, 2000) (denying class certification on the basis of a lack of superiority where each potential class member could recover $18.68, rather than the $1,298.78 available in an individual action).

The EFTA permits the recovery of attorneys' fees and costs, and thus every individual plaintiff can recover these amounts in addition to any statutory penalty. *See* 15 U.S.C. § 1693m(a)(3) (West 2008).

Courts have held the availability of fees and costs is a key determinant on the superiority issue. For example, in the *Hamilton* case, plaintiffs brought a claim for violation of the Illinois Consumer Fraud Act arising out of issues relating to their auto financing. The court rejected plaintiffs' argument that a class action was superior to

individual actions, because individual plaintiffs could recover attorneys' fees and costs in any successful action and this provided sufficient incentive for an individual suit.  *See Hamilton* at *11.

The Hamilton court further noted that the small individual recovery did not necessarily mean that a class action suit was superior.  As the court noted, by including a provision for attorneys' fees, the legislature had taken "meaningful steps to provide incentives for plaintiffs to pursue winning claims, and those incentives are material when assessing whether class treatment is superior or appropriate."  *Id*. at *11; *see also Gen. Motors Corp. "Piston Slap" Prods. Liab. Litig.*, No. MDL 04-1600, 2006 WL 1049259, at *12 (W.D.Okla. Apr. 19, 2006) (denying class certification and recognizing that the unlikelihood of plaintiffs pursuing individual claims due to the limited potential recovery may be ameliorated by the availability of attorneys' fees); *Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 446 (E.D.Pa. 2000) ("The ability to recover attorneys' fees or punitive damages belies the projected problems of a negative value suit, and offsets the potential costs associated with individual litigations for relatively small financial amounts.").

Similarly here, an individual plaintiff wishing to bring an individual claim under the EFTA would be incentivized by his ability to recover attorneys' fees and costs.  See 15 U.S.C § 1693m(a)(3) (West 2008).  Since the costs of prosecuting a meritorious suit would ultimately be borne by the Bank, the issue of costs is one that weighs in favor of individual actions and against class treatment.

Individual suits better protect the claims of the individual putative class members.  As such, the class action is not a superior means of adjudicating the claims of the

individual class members. Therefore, Plaintiff's Motion for Class Certification must be denied.

### C. This Class Action is Not Manageable as it is Nearly Impossible to Identify Individual Class Members.

Class certification should also be denied because this case is unmanageable as a class action. Under Rule 23(b)(3), one pertinent consideration is the "difficulties likely to be encountered in the management of a class action." Fed. R.Civ.P. 23(b)(3)(D) (West 2008). One such factor is the difficulty and cost of identifying and locating potential class members. *See Simer v. Rios*, 861 F.2d 655, 669 (7th Cir. 1981) (noting the "Sisyphean task of identifying" potential class members and the burden on the court of having to do so). Identifying class members is of the upmost importance because it "insures that those actually harmed by the defendant's conduct will be the recepients of the relief eventually provided." *In re PPA Prods. Liab. Litig.*, 214 F.R.D. 614, 617 (W.D.Wash. 2003). Courts have held that great difficulty in identifying or locating potential class members militates against class certification. *See Gen. Motors Corp. "Piston Slap" Prods. Liab. Litig.*, 2006 WL 1049259, at *3, 11 (denying class certification because it would be "difficult to identify and to notify persons [in the putative class]"); *Dumas v. Albers Med., Inc.*, No. 03-0640-CIV, 2005 WL 2172030, at *6 (W.D.Mo. Sept. 7, 2005) (denying class certification because, inter alia, "there simply is no way to accurately or readily identify the potential members of [the plaintiff's] proposed class").

This case is unmanageable because it is nearly impossible to identify the putative class members. Importantly, all of the class members are not customers of the Bank. The data recorded by the ATM at issue does not contain the name or address of

individuals who use the ATM. As evidence by the ATM transaction logs produced by the Bank pursuant to Plaintiff's document requests, the only identifying information recorded by the ATM system for each individual user is a personal account number (hereinafter "PAN") which is the number imprinted the particular ATM card used for the transaction. The only information which can be discerned from the PAN is the name of the bank that issued the card.

To locate the precise identity and contact information for the thousands of individual putative class members, Plaintiff would have to contact each of the numerous banks whose cards were used to withdraw money at the ATM and request the name and address of the specific user. Given the privacy and security concerns, as well as the costs, it is doubtful Plaintiff would be able to convince any bank to freely process and provide this information.

This difficulty in identifying the individual putative class members in this exact situation was explicitly described by a court in this district. The *Mowry* case mirrors the instant action. In *Mowry v. JP Morgan Chase Bank, N.A.*, Not Reported in F.Supp., 06-CV-04312 (N.D.Ill. June 19, 2007), Chase faced a class action for violating the notice provisions of the EFTA. In *Mowry*, when dealing with the reality of identifying individual ATM users as class members based solely on PAN's, Judge Samuel Der-Yeghiayan explained in a Memorandum Opinion:

> "…once a financial institution that is not affiliated with [the Bank] is properly identified and contacted, that financial institution is not likely to be willing to share identity information for security and privacy reasons. Further, even if financial institutions that are not affiliated with [the Bank] are willing to identify and locate potential class members, financial institutions may be unable to do so if the potential class members no longer hold accounts with the financial institution. Attempts to identify the potential class members individually will undoubtedly result in

9

prolonged litigation, and even then it is likely that a large number of potential class members will be left out." *Mowry*, 06-CV-04312, [doc 66], pgs 13-14 (N.D.Ill. June 19, 2007).

For these reasons, the court in *Mowry* concluded that the class action mechanism was not superior to other methods for adjudicating the claims of the class and therefore the plaintiffs did not satisfy Rule 23(b)(3). Like *Mowry*, the identity of the individual class members will be difficult to obtain, if not impossible for some individual members. For the reasons enumerated in *Mowry* and stated herein, Plaintiff has failed to show the class action mechanism is superior pursuant to Rule 23(b)(3). Therefore, Plaintiff's motion for class certification should be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff has not met her burden under Rule 23(b)(3). Plaintiff cannot show that questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Plaintiff cannot prove that the class action device is superior to an individual action for pursuing the sort of EFTA claim at issue in this case. Finally, the class is unmanageable as there is no way to identify the potential class members. Therefore, Plaintiff's Motion for Class Certification must be denied.

WHEREFORE, Defendant DIAMOND BANK, FSB, respectfully requests this Honorable Court to enter an Order denying Plaintiff CARMEN FLORES' motion for class certification; and for any other relief this Court deems just.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | DIAMOND BANK, FSB, Defendant |
| Dated: July 14, 2008 | /s/ Mark D. Belongia<br>One of Plaintiff's Attorneys |

Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P:  312.662.1030
F:  312.662.1040