Westlaw Delivery Summary Report for BURNS,IAN M 6026348

| | |
|---|---|
| Date/Time of Request: | Monday, July 14, 2008 18:39 Central |
| Client Identifier: | 126/01 |
| Database: | DCT |
| Citation Text: | Slip Copy |
| Lines: | 327 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw

Slip Copy                                                                                                Page 1

Slip Copy, 2006 WL 3840354 (W.D.Pa.)

**(Cite as: 2006 WL 3840354 (W.D.Pa.))**

Martz v. PNC Bank, N.A.
W.D.Pa.,2006.
Only the Westlaw citation is currently available.
United States District Court,W.D. Pennsylvania.
Paul A. MARTZ, individually and on behalf of all others similarly situated, Plaintiff,
v.
PNC BANK, N.A., Defendant.
**No. CIV A 06-1075.**

Nov. 30, 2006.

Alfred G. Yates, Jr. , Gerald L. Rutledge , Law Offices of Alfred G. Yates, Jr., Pittsburgh, PA, Guri Ademi , John D. Blythin , Richard A. Lilly , Robert K. O'Reilly , Ademi & O'Reilly, Cudahy, WI, Marvin A. Miller , Miller Faucher and Cafferty, Chicago, IL, for Plaintiff.
Michael H. Sampson , Thomas L. Allen , Reed Smith, Pittsburgh, PA, for Defendant.

*REPORT AND RECOMMENDATION*

MITCHELL , Magistrate J.

I. *Recommendation:*

*1 It is respectfully recommended that the defendant's motion to dismiss Count II of the complaint and to partially dismiss

Count I to the extent the plaintiff seeks actual damages (Document No. 18) be granted as to Count II and denied in all other respects.

II. *Report:*

Presently before the Court is the defendant's motion to dismiss Count II of the complaint in its entirety (alleging unjust enrichment) and to partially dismiss Count I (alleging violations of 15 U.S.C. § 1693 , et seq. and 12 C.F.R. § 205, et seq.) to the extent the plaintiff seeks actual damages. For reasons discussed below, the defendant's motion to dismiss should be granted in part and denied in part.

The plaintiff, Paul A. Martz, commenced this purported class action by filing a two-count complaint against defendant PNC Bank, N.A. ("PNC"). The plaintiff complains that PNC violated the Electronic Fund Transfers Act, 15 U.S.C. § 1693 , et seq. (the "Act"), and regulations promulgated thereunder, 12 C.F.R. § 205, et seq., (collectively, "EFTA") (Count I), for which it was unjustly enriched (Count II). The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1367 .

The plaintiff alleges that PNC violated EFTA, because its automated teller machines ("ATMs") did not provide him notice that a fee *will* be charged and collected as part of his transaction; rather, its ATMs informed him that a charge *may* be assessed, even though PNC then assessed a fee and collected it as part of the electronic fund transfer. Alleging that PNC's ATMs do not provide definitive notice to consumers that a fee will be charged, the plaintiff brings this action "based upon the fact that the defendant imposed a fee without providing an accurate notice as required under the Act."(Complaint at ¶¶ 3, 5 6).

In 12 C.F.R. § 205.16(b) , it is provided:

*General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

More specifically, 12 C.F.R. § 205.16(c) provides:

*Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in this paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a

fee.

*2 In 12 C.F.R. § 205.16(e), regulations promulgated under the Act provide:

*Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if

(1) The consumer is provided the notices required under paragraph (c) of this section, and

(2) The consumer elects to continue the transaction or inquiry after receiving such notices.

The plaintiff contends that on April 4 and April 14, 2006, and on May 11 and May 17, 2006, he used a PNC ATM in Pennsylvania to conduct an electronic funds transfer involving the withdrawal of cash; that in each of those transactions, the defendant's ATM screen informed him that he "may" be charged an ATM fee, not that he "will" be charged an ATM fee; and that he was charged a fee of between $1.00 and $2.00 for each such electronic funds transfer without the defendant providing him requisite notice under EFTA. (Complaint at ¶¶ 41-43).

Based on these complained-of acts, the plaintiff alleges in Count I that PNC violated EFTA by failing to comport with the Act's notice and fee requirements. (Complaint at ¶¶ 53, 55). In Count II, the plaintiff asserts a claim for unjust enrichment, claiming that PNC was unjustly enriched at the expense of consumers such as himself by imposing ATM surcharge fees and deducting them from consumers' accounts in violation of EFTA. (Complaint at ¶¶ 57-58). The plaintiff brings these claims on behalf of a purported class consisting of:

(a) all consumers in the states of Pennsylvania, Virginia, Ohio, Kentucky, and the District of Columbia (b) who initiated an electronic funds transfer at a PNC ATM located in the states of Pennsylvania, New Jersey, Virginia, Ohio, Kentucky, and the District of Columbia, (c) the screen of which gave a notice stating in part that the PNC ATM 'may charge a fee ...' (d) and were charged a fee for withdrawing cash from the PNC ATM, (e) on or after a date one year prior to the filing of this action.

(Complaint at ¶ 44).

In response to the complaint, PNC has moved to dismiss the unjust enrichment claim in Count II for failure to state a viable claim. It also moves to partially dismiss the alleged EFTA violations in Count I to the extent the plaintiff seeks actual damages. In reviewing a motion to dismiss, all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Shaev v. Saper,* 320 F.3d 373, 375 (3d Cir.2003).

In Count II, the plaintiff contends that PNC was unjustly enriched by profiting from ATM surcharge fees which it imposed on consumers in violation of EFTA. In moving to dismiss Count II in its entirety, PNC argues that the plaintiff's unjust enrichment fails, as his relationship with it is based in contract. It also argues that the unjust enrichment claim is preempted by EFTA, since the plaintiff's prayer for damages in Count II is premised on the disgorgement of all revenues obtained by it through ATM surcharge fees, which is inconsistent with the remedies provided by EFTA.

*3 Under Pennsylvania law, "the quasi-contractual doctrine of unjust enrichment is inapplicable when the relationship between the parties is founded on a written agreement or express contract."*Hershey Foods Corp. v. Ralph Chapek, Inc.,* 828 F.2d 989, 999 (3d Cir.1987) (citations omitted). Also see, *Wilson Area Sch. Dist. v. Skepton,* 586 Pa. 513, 895 A.2d 1250, 1254 (Pa.2006) ("it has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract"). Here, PNC avers it had a

contractual relationship with the plaintiff, insisting that when a consumer undertakes and completes an ATM transaction, as the plaintiff alleges here, he contracts with the ATM operator.

The plaintiff does not deny that he entered into an express contract with PNC when he undertook and completed his electronic fund transfers at its ATM. Indeed, the Act expressly states that a "consumer *contracts* for an electronic fund transfer service". 15 U.S.C. § 1693c(a) (emphasis added).

To illustrate the transactions that may have occurred in this instance, PNC has submitted the declaration of Harry C. Cornell, its Assistant Vice President and technical project manager for its ATM fleet.[FN1] Mr. Cornell avers that after a non-PNC account-holder inserts an ATM card into a PNC ATM and before a fee can be assessed, a PNC ATM displays a screen stating that a fee "may" be charged. (Cornell declaration at ¶ 2). In such a scenario, the ATM screen provides in its entirety as follows:

> FN1. See, Harry Cornell's declaration, which is attached as Exhibit 1 to the defendants' memorandum in support of its motion to dismiss. Our review of Mr. Cornell's declaration does not convert the defendant's present motion to one for summary judgment, for "a defendant may supplement the complaint by adding exhibits such as public records and other indisputedly authentic documents underlying the plaintiff's claims."*Sentinel Trust Co. v. Universal Bonding Ins. Co.,* 316 F.3d 213, 216 (3d Cir.2003).

THIS PNC TERMINAL MAY CHARGE A $X.XX FEE FOR A CASH WITHDRAWAL. THIS FEE IS IN ADDITION TO ANY FEE THAT MAY BE ASSESSED BY YOUR FINANCIAL INSTITUTION.

DO YOU WISH TO CONTINUE THIS TRANSACTION?

IF YES PRESS TO ACCEPT FEE

IN [sic] NO PRESS TO DECLINE FEE

(Cornell declaration at ¶ 2).

Mr Cornell explains that depending on the location of the ATM, the fee amount displayed on the screen (represented by "X.XX") varies. (Cornell declaration at ¶ 3). If the user presses the button to accept the fee, the user proceeds with the transaction. (Cornell declaration at ¶ 4). If the user presses the button to decline the fee, the operation is cancelled, and the user is not assessed a fee. (Cornell declaration at ¶ 5).

The plaintiff does not dispute PNC's assertion that a contract is formed when the ATM user presses the "yes" button on the screen, thereby agreeing to continue with the transaction and accept the fee. Rather, in opposing PNC's motion to dismiss his unjust enrichment claim, the plaintiff argues that his contract with PNC is void and unenforceable, as it violates the notice and fee provisions of EFTA.

Under Pennsylvania law, it is generally the rule that "an agreement which violates a provision of a statute, or which cannot be performed without violation of such a provision, is illegal and void."*Dippel v. Brunozzi,* 365 Pa. 264, 74 A.2d 112, 114-115 (Pa.1950). Having alleged that PNC violated EFTA during his transactions at its ATM involving the withdrawal of cash (complaint at ¶¶ 41-43, 53, 55-58), the plaintiff argues that the parties' contract is void, such that his claim for unjust enrichment may go forward. We disagree.

*4 The approved *Restatement (Third) of Restitution and Unjust Enrichment* § 32 (T.D. No. 3, 2004), which both parties cite to buttress their position, provides in pertinent part:

A person who renders performance under an agreement that is illegal or otherwise unenforceable for reasons of public policy may obtain restitution from the recipient in accordance with the following rules:

(1) Restitution will be allowed, whether or not necessary to prevent unjust enrichment, if restitution is required by the policy of the underlying prohibition.

(2) Restitution will also be allowed, as necessary to prevent unjust enrichment, if the allowance of restitution will not defeat or frustrate the policy of the underlying prohibition. *There is no unjust enrichment if the claimant receives the counterperformance specified by the parties' unenforceable agreement.* (Emphasis added).[FN2]

> FN2. Tentative Draft No. 3 of the *Restatement (Third) of Restitution and Unjust Enrichment* was approved at the 2004 Annual Meeting of the American Law Institute. http:/ali.org/ali/R270103-ActionsTaken.htm (March 28, 2005).

The admonition that "[t]here is no unjust enrichment if the claimant receives the counterperformance specified by the parties' unenforceable agreement", *Id.,* comports with Pennsylvania law. That is, the Pennsylvania Supreme Court has stated: "If [the parties] have fully executed their unlawful contract, the law will not disturb them in the possession of what each has acquired under it."*Dippel, supra,* 74 A.2d at 114, quoting *City of Pittsburg v. Goshorn,* 230 Pa. 212, 79 A. 505, 510 (Pa.1911).

Here, the plaintiff received the benefit of the parties' contract by obtaining cash at PNC's ATM in completing his electronic fund transfers. Thus, even if the contract is deemed void due to PNC's alleged violation of EFTA, the plaintiff cannot state a claim for unjust enrichment, as the contract was fully executed, and the plaintiff received the counterperformance specified therein when he withdrew cash at the defendant's ATM.

Accordingly, Count II of the complaint should be dismissed in its entirety, because the parties' relationship is founded on an express contract, which renders the plaintiff's claim for unjust enrichment inapplicable. See, *Hershey Foods, supra,* 828 F.2d at 999; *Wilson Area Sch. Dist., supra,* 895 A.2d at 1254. Furthermore, to the extent the parties' contract is deemed unenforceable due to PNC's alleged violation of EFTA, there is no unjust enrichment, as the plaintiff received the benefit of the fully executed contract by obtaining cash at PNC's ATM. See, *Restatement (Third) of Restitution and Unjust Enrichment* § 32 (T.D. No. 3, 2004) ; *Dippel,* 74 A.2d at 114.[FN3]

> FN3. Having found that the unjust enrichment claim in Count II should be dismissed for failure to state a viable claim, we do not address the defendant's alternate argument that the remedy sought by the plaintiff in his claim for unjust enrichment, i.e.-the disgorgement of fees-is inconsistent with the remedies allowed by EFTA and therefore preempted by it.

PNC also moves to partially dismiss Count I of the complaint to the extent the plaintiff seeks actual damages. In cases involving civil liability, as here, the Act only permits a consumer to recover actual damages, statutory damages, costs and reasonable attorney fees. Specifically, 15 U.S.C. § 1693m(a) provides:

(a) Individual or class action for damages; amount of award

Except as otherwise provided by this section and section 1693h of this title, any person who fails to comply with any provision of this subchapter with respect to any consumer, except for an error resolved in accordance with section 1693f of this title, is liable to such consumer in an amount equal to the sum of-

*5 (1) any actual damage sustained by such consumer as a result of such failure;

(2)(A) in the case of an individual action, an amount not less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same person shall not be more than the lesser of $500,000 or 1 per centum of the net worth of the defendant; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

PNC moves to dismiss Count I to the extent the plaintiff seeks actual damages. It argues that the plaintiff has not pled a right to actual damages, as he has not alleged he incurred actual damages "as a result of" its alleged failure to comply with EFTA.

As set forth above, the Act provides that a plaintiff may recover "any actual damage sustained by such consumer as a result of [the defendant's] failure" to comply with EFTA. 15 U.S.C. § 1693m(a)(1) (emphasis added). Based on this statutory provision, PNC avers that to recover actual damages, a plaintiff must plead detrimental reliance on a defendant's alleged failure to comply with EFTA.

The few reported cases that have discussed the actual damages provision of EFTA have found that to recover actual damages, a plaintiff must establish causation of harm in the form of detrimental reliance. See, *Brown v. Bank of America*, 2006 WL 2989031, *6 (D.Mass., Oct.17, 2006) (finding that plaintiffs must "establish causation of harm in the form of detrimental reliance" to recover actual damages under EFTA, relying on case law interpreting the identical actual damages provision in the Truth in Lending Act); also see, e.g., *Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 408 (M.D.Fla., 2004) (stating that plaintiff "offers no authority for his inference that EFTA excuses plaintiffs from proving that their actual damages flowed from a detrimental reliance on erroneous fee postings", and observing that to certify a class action, the court would have to determine "whether [each] consumer actually saw and relied on an improper notice in deciding to proceed with the ATM transaction").

In *Brown, supra,* the court held the plaintiffs could not establish causation of harm in the form of detrimental reliance to recover actual damages under EFTA, explaining:

Even if the on-machine notice provided to customers was not properly placed, an ATM user must always affirmatively consent to being charged a fee on [the defendant Bank's] 'click through' screen before the Defendant levies a fee. Given this electronic consent, Plaintiffs cannot establish the causal link between an ill-placed decal and monetary loss necessary to recover actual damages under EFTA.

*6 2006 WL 2989031, at *6.

Similarly here, PNC argues that the plaintiff cannot establish detrimental reliance on its alleged failure to comply with EFTA notice requirements, because as part of his ATM transactions in withdrawing cash, he had to have pressed the "Yes" button on its ATM screen and thereby agreed to accept the fee that was charged for obtaining cash. In support of this argument, PNC relies on the declaration of Harry Cornell concerning the above-recited text of its ATM screen, which purportedly allows a consumer to decline the fee if desired.

In response to this argument, and in opposing PNC's motion to partially dismiss Count I, the plaintiff asserts:

Mr. Cornell and PNC have made a determination as to which PNC ATM the plaintiff used, and then made factual representations about how that machine operates. If all of the machines were uniform, then this would not be objectionable. However, it appears that PNC is intimating that some of its ATMs operate differently from others. Clearly, Plaintiff is entitled to explore these differences, and to allow the adversarial process to develop a factual record as to how the various ATM machines operate.[FN4]

> FN4. See, plaintiff's sur-reply brief at p. 1.

At the pleading stage of the case, where the plaintiff alleges that PNC "imposed a fee without providing an accurate notice as required under the Act" (Complaint at ¶ 6), we agree that it would be premature to conclude that the plaintiff cannot recover actual damages under EFTA. Thus, at this juncture, PNC's motion to partially dismiss Count I should be denied.

Therefore, it is recommended that the defendant's motion to dismiss Count II of the complaint and to partially dismiss Count I to the extent the plaintiff seeks actual damages (Document No. 18) be granted as to Count II and denied in all other respects.

Within thirteen (13) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

W.D.Pa.,2006.
Martz v. PNC Bank, N.A.
Slip Copy, 2006 WL 3840354 (W.D.Pa.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.