Westlaw Delivery Summary Report for BURNS,IAN M 6026348

| | |
|---|---|
| Date/Time of Request: | Monday, July 14, 2008 18:43 Central |
| Client Identifier: | 126/01 |
| Database: | FRDFIND |
| Citation Text: | 215 F.R.D. 558 |
| Lines: | 964 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

215 F.R.D. 558                                                                                                     Page 1

215 F.R.D. 558

**(Cite as: 215 F.R.D. 558)**

▷

Jones v. CBE Group, Inc.

D.Minn.,2003.

United States District Court,D. Minnesota.

Clyde JONES, on behalf of himself and all others similarly situated, Plaintiff,

v.

The CBE GROUP, INC., Defendant.

**No. CIV. 02-4202 (DSD/SRN).**

June 6, 2003.

Debtor brought action under Fair Debt Collection Practices Act (FDCPA) against debt collection service retained by hospital. On motion to dismiss brought by collection service, the District Court, Doty , J., held that: (1) valid offer of judgment eliminated the controversy; (2) collection letter did not confuse, mislead, overshadow or in any way diminish clarity of FDCPA validation notice; (3) debtor was not capable of adequately representing class; and (4) class action was not superior means of resolving claims of debtors.

Motion granted.

West Headnotes

[1] Federal Courts 170B ⟲12.1

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk12 Case or Controversy Requirement
           170Bk12.1 k. In General. Most Cited Cases

A valid offer of judgment that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing subject matter jurisdiction. U.S.C.A. Const. Art. 3, § 2, cl. 1 ; Fed.Rules Civ.Proc.Rules 12(h)(3) , 68, 28 U.S.C.A .

**[2] Federal Courts 170B ⇌33**

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk29 Objections to Jurisdiction, Determination and Waiver
           170Bk33 k. Affidavits and Evidence in General. Most Cited Cases

**Federal Courts 170B ⇌34**

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk29 Objections to Jurisdiction, Determination and Waiver
           170Bk34 k. Presumptions and Burden of Proof. Most Cited Cases

The burden of proving subject matter jurisdiction falls on the plaintiff; the plaintiff must satisfy that burden by the preponderance of the evidence.

**[3] Federal Courts 170B ⇌12.1**

170B Federal Courts
   170BI Jurisdiction and Powers in General
      170BI(A) In General
         170Bk12 Case or Controversy Requirement
           170Bk12.1 k. In General. Most Cited Cases

A threshold issue of subject matter jurisdiction is justiciability; an action will generally be deemed moot when a party no longer has a personal stake in the outcome of the litigation. U.S.C.A. Const. Art. 3, § 2, cl. 1 .

**[4] Federal Civil Procedure 170A ⇌2725**

170A Federal Civil Procedure
   170AXIX Fees and Costs
      170Ak2725 k. Offer of Judgment; Compromise or Attempted Compromise. Most Cited Cases

Although debtor asserted that named class members were entitled to share of class award, offer of judgment of $1,000 plus costs and fees by debt collection service was valid, since it equaled maximum amount of damages to which debtor could have been entitled under Fair Debt Collection Practices Act (FDCPA). Consumer Credit Protection Act, § 813(a), as amended, 15 U.S.C.A. § 1692k(a) ; Fed.Rules Civ.Proc.Rules 23 , 68, 28 U.S.C.A .

**[5] Antitrust and Trade Regulation 29T ⬝⟶381**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(E) Enforcement and Remedies
            29TIII(E)7 Relief
                29Tk380 Injunction
                    29Tk381 k. In General. Most Cited Cases
    (Formerly 92Hk41 Consumer Protection)
Injunctive relief is not available in private actions under the Fair Debt Collection Practices Act (FDCPA). Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.

**[6] Declaratory Judgment 118A ⬝⟶100**

118A Declaratory Judgment
    118AII Subjects of Declaratory Relief
        118AII(B) Status and Legal Relations
            118Ak100 k. Debtors and Creditors. Most Cited Cases
Declaratory relief is not available under the Fair Debt Collection Practices Act (FDCPA); courts issuing declaratory judgments exercise their equitable powers and equitable relief is not available under the FDCPA. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.

**[7] Federal Courts 170B ⬝⟶13**

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk12 Case or Controversy Requirement
                170Bk13 k. Particular Cases or Questions, Justiciable Controversy. Most Cited Cases
Exception to mootness doctrine, for acts which were capable of repetition yet not subject to judicial review, did not apply to debtor's claim under Fair Debt Collection Practices Act (FDCPA), since debtor could not make showing that he would again be subjected to alleged injury, and cessation of alleged harm did not come naturally but by make-whole offer from defendant debt collection service. Consumer Credit Protection Act, § 813(a), as amended, 15 U.S.C.A. § 1692k(a) ; Fed.Rules Civ.Proc.Rule 68, 28 U.S.C.A .

**[8] Federal Courts 170B ⬝⟶12.1**

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk12 Case or Controversy Requirement
                170Bk12.1 k. In General. Most Cited Cases
The capable of repetition yet not subject to judicial review exception to a court's lack of subject matter jurisdiction exists in cases where the plaintiff demonstrates that there is a reasonable likelihood that it will occur again in the future, although the source of his complaint has abated for the moment; the exception is generally applied where the conduct or circumstance complained of is of such a short duration that it cannot be fully litigated prior to its natural cessation. U.S.C.A. Const. Art. 3, § 2, cl. 1 .

http://web2.westlaw.com/print/printstream.aspx?destination=atp&s...

**[9] Federal Civil Procedure 170A ⚷→164.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak164.5 k. Effect of Mootness. Most Cited Cases

A suit brought as a class action must as a general rule be dismissed as moot when the personal claims for the named plaintiffs are satisfied, and no class has properly been certified. U.S.C.A. Const. Art. 3, § 2, cl. 1 ; Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A .

**[10] Federal Civil Procedure 170A ⚷→164.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak164.5 k. Effect of Mootness. Most Cited Cases

Once properly certified, a class maintains an interest in the litigation distinct from the interests of the named representatives; in that circumstance, the action itself is not mooted merely because the class representative's claims become moot. Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A .

**[11] Federal Civil Procedure 170A ⚷→164.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak164.5 k. Effect of Mootness. Most Cited Cases

Nothing in the class action rule prevents a court from dismissing a putative class action as moot. Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A .

**[12] Compromise and Settlement 89 ⚷→55**

89 Compromise and Settlement
   89II Judicial Approval
      89k53 Necessity for Approval
         89k55 k. Class Actions. Most Cited Cases

**Federal Civil Procedure 170A ⚷→1696**

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(A) Voluntary Dismissal
         170Ak1696 k. Class Actions. Most Cited Cases

Nothing in the dismissal or compromise provision of the class action rule prevents named plaintiffs from accepting an offer

of judgment; the dismissal or compromise provision simply requires the court's approval of such settlements before the class action can be dismissed on the basis of the parties' agreement. Fed.Rules Civ.Proc.Rules 23(e) , 68, 28 U.S.C.A .

**[13] Federal Civil Procedure 170A ⬅➙2396.5**

170A Federal Civil Procedure
    170AXVII Judgment
        170AXVII(A) In General
            170Ak2396.5 k. Offer of Judgment. Most Cited Cases
    (Formerly 170Ak2391)
Nothing in the offer of judgment rule itself, or in any of the federal rules, either permits or requires an exception to the application of the rule to class action litigation. Fed.Rules Civ.Proc.Rules 23 , 68, 28 U.S.C.A .

**[14] Federal Courts 170B ⬅➙12.1**

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk12 Case or Controversy Requirement
                170Bk12.1 k. In General. Most Cited Cases

**Federal Courts 170B ⬅➙31**

170B Federal Courts
    170BI Jurisdiction and Powers in General
        170BI(A) In General
            170Bk29 Objections to Jurisdiction, Determination and Waiver
                170Bk31 k. Waiver or Consent. Most Cited Cases
Subject matter jurisdiction is a threshold question that cannot be waived by the parties nor ignored by the courts; absent a justiciable case or controversy, the court lacks jurisdiction and has no authority to act.

**[15] Antitrust and Trade Regulation 29T ⬅➙ 214**

29T Antitrust and Trade Regulation
    29TIII Statutory Unfair Trade Practices and Consumer Protection
        29TIII(C) Particular Subjects and Regulations
            29Tk210 Debt Collection
                29Tk214 k. Communications, Representations, and Notices; Debtor's Response. Most Cited Cases
    (Formerly 92Hk10 Consumer Protection)
Portion of collection letter, that permitted debtor to pay off or dispute debt within 30 days of date of letter which started adverse credit reporting clock, did not confuse, mislead, overshadow or in any way diminish clarity of Fair Debt Collection Practices Act (FDCPA) validation notice, although those provisions appeared in separate paragraphs in letter. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.

**[16] Federal Civil Procedure 170A ⬅➙1044**

170A Federal Civil Procedure

170AVII Pleadings and Motions
170AVII(L) Judgment on the Pleadings
170AVII(L)1 In General
170Ak1044 k. Clear Right to Judgment. Most Cited Cases

**Federal Civil Procedure 170A ⬤➡1045.1**

170A Federal Civil Procedure
170AVII Pleadings and Motions
170AVII(L) Judgment on the Pleadings
170AVII(L)1 In General
170Ak1045 Want of Fact Issue
170Ak1045.1 k. In General. Most Cited Cases

A defendant bringing a motion to dismiss on the pleadings must satisfy the court that there are no issues of material fact to be resolved and that the defendant prevails as a matter of law. Fed.Rules Civ.Proc.Rule 12(c), 28 U.S.C.A .

**[17] Federal Civil Procedure 170A ⬤➡161.1**

170A Federal Civil Procedure
170AII Parties
170AII(D) Class Actions
170AII(D)1 In General
170Ak161.1 k. Factors, Grounds, Objections, and Considerations in General. Most Cited Cases

**Federal Civil Procedure 170A ⬤➡162**

170A Federal Civil Procedure
170AII Parties
170AII(D) Class Actions
170AII(D)1 In General
170Ak162 k. Discretion of Court. Most Cited Cases

To succeed on a motion for class certification, a plaintiff must first demonstrate that the threshold criteria of numerosity, commonality, typicality, and adequacy are met; a court has broad discretion in determining whether those elements have been satisfied. Fed.Rules Civ.Proc.Rule 23, 28 U.S.C.A .

**[18] Federal Civil Procedure 170A ⬤➡182.5**

170A Federal Civil Procedure
170AII Parties
170AII(D) Class Actions
170AII(D)3 Particular Classes Represented
170Ak182.5 k. Consumers, Purchasers, Borrowers, and Debtors. Most Cited Cases

In lawsuit under Fair Debt Collection Practices Act (FDCPA), potential class of 50,666 persons who received collection letter was sufficiently numerous to satisfy numerosity requirement of class action rule. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 23(a)(1), 28 U.S.C.A .

**[19] Federal Civil Procedure 170A ⬤➡165**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak165 k. Common Interest in Subject Matter, Questions and Relief; Damages Issues. Most Cited Cases
Even when individual members of the class are not identically situated, if the legal question they share in common is related to the determination of the litigation, the commonality requirement is met; similarly, factual differences among individual claims will not defeat commonality provided the claims arose from a common nucleus of operative facts. Fed.Rules Civ.Proc.Rule 23(a)(2), 28 U.S.C.A .

**[20] Federal Civil Procedure 170A 182.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)3 Particular Classes Represented
            170Ak182.5 k. Consumers, Purchasers, Borrowers, and Debtors. Most Cited Cases
Commonality requirement of class action rule was satisfied, since debt collection service sent same form letter, containing same language, to all putative class members, and if letter violated Fair Debt Collection Practices Act (FDCPA) as to any class member, it violated the Act as to all class members. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 23(a)(2), 28 U.S.C.A .

**[21] Federal Civil Procedure 170A 164**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak164 k. Representation of Class; Typicality. Most Cited Cases
Generally, typicality under the class action rule will be found where the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory. Fed.Rules Civ.Proc.Rule 23(a)(3), 28 U.S.C.A .

**[22] Federal Civil Procedure 170A 182.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)3 Particular Classes Represented
            170Ak182.5 k. Consumers, Purchasers, Borrowers, and Debtors. Most Cited Cases
Typicality requirement of class action rule was satisfied, since letter received by debtor, allegedly in violation of Fair Debt Collection Practices Act (FDCPA), was identical in all material respects to those received by other class members. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 23(a)(3), 28 U.S.C.A .

**[23] Federal Civil Procedure 170A 164**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak164 k. Representation of Class; Typicality. Most Cited Cases

To ensure that the interests of unnamed class members are fairly and adequately protected, a finding is required that the named plaintiffs and counsel will competently and vigorously pursue the action on behalf of all class members; further, the representatives' interests must be sufficiently similar to those of the class that it is unlikely that their goals and interests will diverge. Fed.Rules Civ.Proc.Rule 23(a)(4), 28 U.S.C.A .

**[24] Federal Civil Procedure 170A ⟊182.5**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)3 Particular Classes Represented
            170Ak182.5 k. Consumers, Purchasers, Borrowers, and Debtors. Most Cited Cases

Debtor was not capable of adequately representing class' claims under Fair Debt Collection Practices Act (FDCPA), where debtor did not have any incentive to pursue matter as class action, he was confused about the action, and was unfamiliar with his own complaint, his claims, and parties involved. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 23(a)(4), 28 U.S.C.A .

**[25] Federal Civil Procedure 170A ⟊165**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak165 k. Common Interest in Subject Matter, Questions and Relief; Damages Issues. Most Cited Cases

Predominance exists under the class action rule when common questions concerning a significant aspect of a case can be resolved in a single action; when class-wide proof is dispositive of an element of the cause of action, there is no need for individualized inquiry into each class member's position on that issue. Fed.Rules Civ.Proc.Rule 23(b)(3), 28 U.S.C.A .

**[26] Federal Civil Procedure 170A ⟊165**

170A Federal Civil Procedure
   170AII Parties
      170AII(D) Class Actions
         170AII(D)1 In General
            170Ak165 k. Common Interest in Subject Matter, Questions and Relief; Damages Issues. Most Cited Cases

The predominance inquiry under the class action rule focuses primarily on common questions regarding liability; thus, the fundamental question is whether the group aspiring to class status is seeking to remedy a common legal grievance. Fed.Rules Civ.Proc.Rule 23(b)(3), 28 U.S.C.A .

**[27] Federal Civil Procedure 170A ⟊182.5**

http://web2.westlaw.com/print/printstream.aspx?destination=atp&s...

170A Federal Civil Procedure
  170AII Parties
    170AII(D) Class Actions
      170AII(D)3 Particular Classes Represented
        170Ak182.5 k. Consumers, Purchasers, Borrowers, and Debtors. Most Cited Cases

Preponderance requirement of class action rule was satisfied, in lawsuit under Fair Debt Collection Practices Act (FDCPA), since there were no claims of actual damages and same form letter was sent to all putative class members. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 23(b)(3), 28 U.S.C.A .

[28] **Federal Civil Procedure 170A** ⟊182.5

170A Federal Civil Procedure
  170AII Parties
    170AII(D) Class Actions
      170AII(D)3 Particular Classes Represented
        170Ak182.5 k. Consumers, Purchasers, Borrowers, and Debtors. Most Cited Cases

Class action was not superior means of resolving claims of debtors under Fair Debt Collection Practices Act (FDCPA), since potential recovery for unnamed class members was, at most, de minimis, and there was no lack of incentive for either plaintiffs or counsel to pursue individual FDCPA actions. Consumer Credit Protection Act, § 802 et seq., as amended, 15 U.S.C.A. § 1692 et seq.; Fed.Rules Civ.Proc.Rule 23(b)(3), 28 U.S.C.A .

**\*561** Thomas J. Lyons, Jr., Esq., John H. Goolsby , Esq., Little Canada, MN, counsel for plaintiff.
Michael A. Klutho , Esq., Christopher R. Morris , Esq. and Bassford, Lockhart, Truesdell & Briggs, Minneapolis, MN, counsel for defendant.

## ORDER

DOTY , District Judge.
This matter is before the court upon defendant's alternative motions to dismiss and plaintiff's motion for class certification. For the following reasons, defendant's motion to dismiss for lack of subject matter jurisdiction is granted, and in the alternative, defendant's motion to dismiss on the pleadings is granted and plaintiff's motion for class certification is denied.

## BACKGROUND

Defendant The CBE Group, Inc. ("CBE") is a debt collection service that was retained by Regions Hospitals and Clinics to attempt collection of debts plaintiff Clyde Jones ("Jones") allegedly owed to Regions. CBE sent three form letters to Jones pertaining to the alleged debts.[FN1] Other than the account numbers and balances due, the letters were essentially identical. In addition to containing information required by the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the letters informed Jones that he would "have the opportunity to pay this account in full within 30 days from 08/06/02 or we will be obligated to report the debt to the three national credit reporting companies at that time, unless you dispute this debt within 30 days of this notice." (Goolsby Aff. Ex. A.) The letters further stated, "Our receiving your payment in full within 30 days from 08/06/02, or your dispute of this debt within 30 days of this notice will assure that this account is not reported to the three national credit reporting companies." (*Id.* ) Plaintiff alleges by class complaint that these statements violate the FDCPA by overshadowing, misrepresenting, confusing or concealing plaintiff's statutory right to validation of the debt within thirty days of receipt of the notice of a debt. *See* 15 U.S.C. §§ 1692e , 1692e(10) , 1692f

and 1692g(a) .

> FN1. The letters appear to have been sent on or about August 6, 2002. Each is addressed to Jones and references a different account number. Each account shows a different balance due. Two of the letters refer to Regions Hospital accounts and the third letter refers to a Regions Clinics account.

On December 12, 2002, CBE filed an answer to the complaint denying any violation of the FDCPA. Two days later, CBE served Jones with an offer of judgment, pursuant to Rule 68 of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."). CBE offered Jones $1,000 plus reasonable costs and attorney's fees. Jones rejected CBE's offer. On January 22, 2003 CBE filed its motion to dismiss on two separate grounds. First, CBE asserts that the form letter does not violate the FDCPA and Jones' action should be dismissed on the merits. Second, CBE contends that Jones' action became moot as a result of CBE's Rule 68 offer of judgment. Approximately six weeks later, on March 4, 2003, Jones moved to certify the class pursuant to Rules 23(b)(2) and 23(b)(3) . See Fed.R.Civ.P. 23(b)(2) and (3) .

## DISCUSSION

### I. Rule 68 Offer of Judgment

[1] The court must address CBE's motion relative to its Rule 68 offer of judgment first, because where the court lacks subject matter jurisdiction, it must dismiss the case. See Fed.R.Civ.P. 12(h)(3) . CBE's motion *562 presents a question that has not been addressed in the context of a putative class action under the FDCPA by this district, the Eighth Circuit Court of Appeals or the United States Supreme Court. CBE argues that because its Rule 68 offer provided Jones with all the relief he could possibly receive if he were to prevail on the merits, no controversy remains for the court to resolve. CBE correctly asserts that, absent an actual case or controversy, the court lacks subject matter jurisdiction. See U.S. Const. Art. III § 2; see also United States Parole Commission v. Geraghty, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) . Jones replies that CBE's offer did not satisfy his entire claim and that even if it did, the action would not be moot because the alleged violation is capable of repetition while evading judicial review.

[2] "The burden of proving subject matter jurisdiction falls on the plaintiff." V S Ltd. P'ship v. Dep't Hous. Urban Dev., 235 F.3d 1109, 1112 (8th Cir.2000) . Plaintiff must satisfy that burden by the preponderance of the evidence. See, e.g., Makarova v. United States, 201 F.3d 110, 113 (2nd Cir.2000) ; Estate of Miller v. U.S., 157 F.Supp.2d 1071, 1073 (S.D.Iowa 2001) . Where subject matter jurisdiction is lacking, the court must dismiss. See Fed.R.Civ.P. 12(h)(3) .

[3] A threshold issue of subject matter jurisdiction is justiciability. See McCarney v. Ford Motor Co., 657 F.2d 230, 233 (8th Cir.1981) . "Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " Geraghty, 445 U.S. at 395, 100 S.Ct. 1202 . An action will generally be deemed moot when a party no longer has a personal stake in the outcome of the litigation. See Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) .

Rule 68 permits a defendant to serve an offer on an adverse party allowing judgment to be entered in favor of the plaintiff. See Fed.R.Civ.P. 68 . While the rule itself does not address mootness, many courts have held that a valid offer of judgment that would satisfy a plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction.[FN2] See Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir.1991) ; Alliance to End Repression v. City of Chicago, 820 F.2d 873, 878 (7th Cir.1987) ; Zimmerman v. Bell, 800 F.2d 386, 390 (4th Cir.1986) ; Abrams v. Interco Inc., 719 F.2d 23, 32-4 (2nd Cir.1983) . The Eighth Circuit

Court of Appeals has not ruled directly on this issue.

> FN2. It is clear that a Rule 68 offer can only moot a plaintiff's claim in circumstances where damages are absolutely determinate. Examples include cases where plaintiff's claim is for a fixed sum, or where, as is the case here, there is a statutory cap on damages. *See* 15 U.S.C. § 1692g(a) . For cases where damages are not determinate and plaintiff refuses an offer of judgment, Rule 68 includes a fee shifting provision stating, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Fed.R.Civ.P. 68 .

## A. Complete Relief Under Rule 68

[4] As a preliminary matter, the court finds that defendant's offer equaled the maximum amount of damages to which plaintiff could be entitled under the statute. Plaintiff's assertion that named class members are entitled to a share of the class award is not supported by the statute or case law. The FDCPA allows individual plaintiffs to seek actual damages, additional damages up to $1,000, costs and attorney's fees. *See* 15 U.S.C. § 1692k(a) . In class actions, the statute provides the same relief for named plaintiffs as it does for individual claimants. *See id.* The Act allows unnamed class members to share in an award not to exceed the lesser of $500,000 or one percent of the defendant's net worth. *See* 15 U.S.C. § 1692k(a)(2)(B)(ii) . Jones does not claim actual damages, so CBE's offer of $1,000 plus costs and fees equals the maximum he would be permitted to recover under the statute.

[5] [6] A question arises as to whether or not defendant's offer would fully satisfy plaintiff's claim, because in addition to damages, plaintiff seeks declaratory relief. The Eighth Circuit has not ruled on the availability of declaratory relief under the FDCPA, and other courts are divided on whether it is *563 available. *See e.g., Crawford v. Equifax Payment Services, Inc.,* 201 F.3d 877, 882 (7th Cir.2000) ; *In re Risk Management Alternatives, Inc. Fair Debt Collection Practices Litigation,* 208 F.R.D. 493, 503 (S.D.N.Y.2002) ; *Sibley v. Diversified Collection Services, Inc.,* 1998 WL 355492 at *5 (N.D.Tex. June 30, 1998) ; *Goldberg v. Winston & Morrone,* 1997 WL 139526 at *3 (S.D.N.Y. Mar.26, 1997) (all holding that declaratory relief is not available to private litigants under the FDCPA); *but see Ballard v. Equifax Check Services,* 158 F.Supp.2d 1163, 1177 (E.D.Cal.2001) ; *Woodard v. Online Information Services,* 191 F.R.D. 502, 507 (E.D.N.C.2000) ; *Borcherding-Dittloff v. Transworld Systems, Inc.,* 185 F.R.D. 558, 562 (W.D.Wis.1999) ; *Gammon v. GC Services, L.P.,* 162 F.R.D. 313, 319-20 (N.D.Ill.1995) (all holding declaratory relief available on FDCPA claims). This court agrees with those holding that declaratory relief is not available under the FDCPA.[FN3] Courts have uniformly held that injunctive relief is not available in private actions under the FDCPA. *See Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 399 (E.D.N.Y.1998) ; *Gammon,* 162 F.R.D. at 320 . Courts issuing declaratory judgments exercise their equitable powers and equitable relief is not available under the FDCPA. *See Novak v. Andersen Corp.,* 962 F.2d 757, 760 (8th Cir.1992) (declaratory judgment is traditional equitable relief); *Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830, 834 (11th Cir.1982) (equitable relief is not available under FDCPA). Therefore, it cannot be said that defendant's Rule 68 offer failed to afford complete relief on the basis that it did not provide declaratory relief, since that remedy was unavailable to plaintiff.

> FN3. Even if the court were to find declaratory relief available under the FDCPA, which it does not, it would still be unavailable in this case. Declaratory relief is allowed under Rule 23(b)(2) only when it "corresponds to" injunctive relief, which is to say, affords injunctive relief. *See* Fed.R.Civ.P. 23 and Advisory Committee Notes; *see also Sibley v. Diversified Collection Services,* 1998 WL 355492 at *5 (June 30, 1998) . But injunctive relief is not available under the FDCPA. *See Gammon,* 162 F.R.D. at 320 . Thus, if the declaratory relief Jones seeks does correspond to injunctive relief and is therefore permissible under Rule 23 , it is for that same reason prohibited under the FDCPA. Conversely, if it does not correspond to injunctive relief, it cannot support a Rule 23(b)(2) class.

## B. Capable of Repetition Yet Avoiding Review

[7] [8] Plaintiff also argues that his claim falls within the exception to the mootness doctrine for acts which are capable of repetition yet not subject to judicial review. That exception exists in cases where the plaintiff demonstrates that, although the source of his complaint has abated for the moment, there is a reasonable likelihood that it will occur again in the future. *See* *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) . The exception is generally applied where the conduct or circumstance complained of is of such a short duration that it cannot be fully litigated prior to its natural cessation. *See* *Minnesota Humane Society v. Clark,* 184 F.3d 795, 797 (8th Cir.1999) . The Supreme Court has commented that the exception applies "only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged injury." *City of Los Angeles v. Lyons,* 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) .

Here, plaintiff did not and cannot make a showing that he will again be subjected to the alleged injury. In addition, the cessation of the alleged harm did not come naturally, but by a make-whole offer from defendant. Defendant's Rule 68 offer would have provided plaintiff all the relief available to him under the law. The "capable of repetition" exception exists to ensure that parties not be subject to repeated harms without recourse or remedy. Here, plaintiff was not without a remedy, as defendant's Rule 68 offer provided all the relief to which plaintiff could be entitled. Because plaintiff will not be subject to repeated harms without a remedy, no exception to the mootness doctrine is necessary.

## C. Rule 68 Offers in the Class Action Context

[9] [10] The effect of Rule 68 offers on class actions under the FDCPA has created *564 an unsettled area of the law. Once properly certified, a class maintains an interest in the litigation distinct from the interests of the named representatives. *See* *Sosna v. Iowa,* 419 U.S. 393, 401-02, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) . In that circumstance, the action itself is not mooted merely because the class representative's claims become moot. *See id.* Where the class has not been certified at the time the named plaintiff's claims become moot, courts are divided over whether or not a case or controversy continues to exist since the class is not yet a fully recognized party. As previously noted, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has addressed the issue directly.

Courts addressing the issue have reached differing conclusions. *See e.g.,* *Holstein v. City of Chicago,* 29 F.3d 1145, 1147 (7th Cir.1994) (dismissing FDCPA putative class action for lack of subject matter jurisdiction after offer of full satisfaction); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* 258 F.Supp.2d 157, 160-61 (E.D.N.Y.2003) (holding same); *Edge v. C. Tech Collections, Inc.,* 203 F.R.D. 85, 88 (E.D.N.Y.2001) (agreeing with *Holstein* and *Greif*, but finding offer incomplete); *Letellier v. First Credit Services, Inc.,* 2001 WL 826873 (N.D.Ill. Jul.20, 2001) (dismissing FDCPA class action for lack of subject matter jurisdiction after offer of full satisfaction); *Wiskur v. Short Term Loans,* 94 F.Supp.2d 937, 939 (N.D.Ill.2000) (holding same on TILA claim); *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 452-53 (E.D.N.Y.2000) (dismissing FDCPA class action for lack of subject matter jurisdiction after offer of full satisfaction); *but see* *Schaake v. Risk Management Alternatives, Inc.,* 203 F.R.D. 108, 111-12 (S.D.N.Y.2001) (refusing to dismiss when Rule 68 offer made before decision on class certification); *Liles v. American Corrective Counseling Services, Inc.,* 201 F.R.D. 452, 455 (S.D.Iowa 2001) (holding same); *White v. OSI Collection Services, Inc.,* 2001 WL 1590518 at *6 (E.D.N.Y. Nov.5, 2001) (holding same); *Asch v. Teller, Levit & Silvertrust, P.C.,* 200 F.R.D. 399, 401 (N.D.Ill.2000) (holding same); *Namdar v. JAS Collection Agency, Inc.,* 1999 WL 33268061 at *1 (E.D.N.Y. Jul.6, 1999) (holding same).

[11] [12] [13] Commentators have noted that, while "there may be valid policy arguments" for not applying Rule 68 in the

class context, "there is little authority" for such an exception. 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civ.2d* § 3001.1 . Nothing in Rule 68 itself, or in any of the federal rules, either permits or requires an exception to the application of the rule to class action litigation.[FN4]

> FN4. At least one court has found that the requirement in Rule 23(e) that the court approve settlements and dismissals of class actions is in conflict with Rule 68 . *See Parker v. Risk Management Alternatives, Inc.,* 204 F.R.D. 113, 115 (N.D.Ill.2001) . However, this court disagrees with that view. Nothing in Rule 23(e) prevents named plaintiffs from accepting Rule 68 offers. Rule 23(e) simply requires the court's approval of such settlements before the class action can be dismissed on the basis of the parties' agreement. Similarly, nothing in Rule 23 prevents the court from dismissing a putative class action as moot.

Plaintiff argues that *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525 (8th Cir.1996) prevents defendant's Rule 68 offer from mooting the action. However, *Alpern* is distinguishable from the present case. In *Alpern,* defendant's Rule 68 offer was made after the district court's grant of partial summary judgment led to an improper denial of class certification. The circuit court stated, "[j]udgment should be entered against a putative class representative on a defendant's offer of payment only where class certification has been *properly* denied and the offer satisfies the representative's entire demand for injuries and costs of the suit." *Id.* at 1539 (emphasis added). Here, the Rule 68 offer was made and refused, and thus plaintiff's claim became moot, long before plaintiff had moved for class certification. Thus, this case is more analogous to *Potter v. Norwest Mortgage, Inc.,* 329 F.3d 608 (8th Cir.2003) . In that case the Circuit Court held that a district court "should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class." *Id.* at 612-13. Quoting with approval a ruling of the Fifth Circuit, the court continued, " 'a suit brought as a class action must as a general rule be *565 dismissed as moot when the personal claims for the named plaintiffs are satisfied, and no class has properly been certified.' " *Potter,* 329 F.3d at 612-13 (quoting *Zeidman v. J. Ray McDermott & Co.,* 651 F.2d 1030, 1045 (5th Cir.1981) ). Here, the personal claims of the named plaintiff were satisfied by defendant's offer, and no class had been certified.

[14] Plaintiff would have the court defer consideration of a challenge to its subject matter jurisdiction until it has ruled on a motion for class certification, even if no motion to certify had yet been filed. However, jurisdiction is a threshold question that "cannot be waived by the parties nor ignored by the courts." *California v. LaRue,* 409 U.S. 109, 113 n. 3, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) . Absent a justiciable case or controversy, the court lacks jurisdiction and has no authority to act. *See* U.S. Const. Art. III § 2; *Geraghty,* 445 U.S. at 395, 100 S.Ct. 1202 .

The court finds that defendant's Rule 68 offer was valid and complete and that plaintiff's claim is moot. Therefore, the court grants defendant's motion to dismiss the action for lack of subject matter jurisdiction.

## II. Defendant's Alternative Motion to Dismiss

[15] Even if the court were to join those courts finding Rule 68 inapplicable to putative class actions, it would be compelled to dismiss the action on the merits.

In addition to moving to dismiss for lack of subject matter jurisdiction, defendant moved for dismissal "for failure to state a claim upon which relief can be granted." (Def's. Mem. in Supp. of Mot. to Dismiss at 1.) While the language quoted above suggests that the motion is based on Rule 12(b)(6) , a careful reading of defendant's brief makes clear that he seeks a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) . Defendant asks the court to conclude that, as a matter of law, the form letter in question does not impermissibly confuse or overshadow the validation notice required by the FDCPA. *See* Fed.R.Civ.P. 12(c) .

http://web2.westlaw.com/print/printstream.aspx?destination=atp&s...

[16] While a motion for a judgment on the pleadings under Rule 12(c) differs from a motion to dismiss for failure to state a claim under Rule 12(b)(6) , the standards for dismissal under each are similar. *See Allstate Financial Corp. v. U.S. Postal Service,* 860 F.Supp. 653, 655 (D.Minn.1994) . In either case, the court must take the factual allegations in the complaint as true, view the complaint in the light most favorable to the plaintiff and dismiss the claim " 'only if it is clear that no relief can be granted under any set of circumstances that could be proved consistent with the allegations.' " *Alexander v. Peffer,* 993 F.2d 1348, 1349 (8th Cir.1993) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) ). A defendant bringing a motion to dismiss on the pleadings must satisfy the court that there are no issues of material fact to be resolved and that defendant prevails as a matter of law. *See Potthoff v. Morin,* 245 F.3d 710, 715 (8th Cir.2001) .

Generally, when a court entertaining a motion to dismiss considers matters outside the pleadings, it is appropriate to treat the motion as a motion for summary judgment under Fed.R.Civ.P. 56 . *See Hamm v. Rhone-Poulenc Rorer Pharmaceutical Inc.,* 176 F.R.D. 566, 570 (D.Minn.1997) . However, in addressing motions to dismiss under Fed.R.Civ.P. 12(b)(6) and 12(c) , courts may consider "materials that are 'necessarily embraced by the pleadings' " or appear in the record of the case without converting the motion to a summary judgment motion. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999) (quoting *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F.Supp. 1148, 1152 (D.Minn.1997) ). Here, the court need only apply the law to the collection letters that were attached to the complaint and are the subject of the litigation.

Plaintiff alleges that defendant's FDCPA-mandated validation letter is confusing, misleading and deceptive. The FDCPA requires that within five days of its first communication with a debtor, a debt collector must inform the debtor in writing of the debtor's statutory validation rights. *See* 15 U.S.C. § 1692g(a) . The debtor must be informed of the thirty day validation period in which the **\*566** debtor may dispute the validity of the debt. If the debtor disputes the debt in writing, within thirty days of receiving the mandated notice, the debt collector must provide verification of the debt to the debtor. *See id.* The FDCPA-mandated notice is often referred to as the "validation notice."

It is not enough that debt collectors timely provide the validation notice. The FDCPA is "designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." *Peters v. General Service Bureau, Inc.,* 277 F.3d 1051, 1054 (8th Cir.2002) . The Act forbids collection practices that are false, deceptive or misleading. *See* 15 U.S.C. § 1692e . Thus, the correspondence taken as a whole must be clear and not misleading or confusing. *See Peters,* 277 F.3d at 1055 .

Courts have used the term "overshadowing" to refer to collection letters which, although technically complying with the statute, use language, typeface or other means to confuse the debtor or disguise the debtor's validation rights. *See e.g., Miller v. Payco-General American Credits, Inc.,* 943 F.2d 482, 483 (4th Cir.1991) . The Eighth Circuit Court of Appeals applies the "unsophisticated consumer standard" to evaluate collection letters. *See Peters,* 277 F.3d at 1055 . That standard is "designed to protect consumers of below average sophistication, but ... also contain an 'objective element of reasonableness.' " *Id.* (quoting *Gammon v. G.C. Services Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir.1994) ); *see also Duffy v. Landberg,* 215 F.3d 871, 874-75 (8th Cir.2000) (noting that the unsophisticated consumer is not at the very bottom rung of the sophistication ladder).

Here, in addition to providing the required validation notice, defendant's letter also offers debtors the chance to avoid a report of the delinquency to national credit reporting agencies. The letter states:

This account has been forwarded to our office to collect the balance in full. You now have the opportunity to pay this account in full within 30 days from 08/06/02 or we will be obligated to report the debt to the three national credit reporting

companies at that time, unless you dispute this debt within 30 days of this notice.

\* \* \* \* \* \*

Our receiving payment in full within 30 days from 08/06/02, or your dispute of this debt within 30 days of this notice will assure that this account is not reported to the three national credit reporting companies.

**Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within thirty (30) days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor. This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.**

(Compl.Ex. 1.)

Plaintiff complains that offering debtors thirty days from *the date of the letter,* in this case 08/06/02, to pay in full and avoid credit reporting, and giving debtors thirty days from *receipt of the letter* for validation purposes, as required by the statute, is confusing, misleading, deceptive and unfair. (*See* Pl.'s Mem. in Opp'n to Def's Mot. to Dismiss at 9.) The court disagrees with plaintiff's reading of the letter.

Adverse credit reporting is one the debt collector's most important inducements to prompt payment. But the opportunity to avoid a negative credit report is also a significant benefit to debtors. As CBE points out, the only meaningful way to delimit such an offer is to identify a date certain. Since CBE knows when it sent the letter but has no way of knowing when it was actually received, CBE reasonably elected to use the **\*567** date of the letter to start the thirty day credit reporting clock.

The validation information that follows defendant's offer to delay adverse credit reporting is in a separate paragraph highlighted in bold text. It clearly and accurately recites the debtor's validation rights as established by the statute. Eighth Circuit law requires that the court read the letter through the eyes of an unsophisticated debtor. *See Duffy,* 215 F.3d at 875 . It does not require "peculiar," "bizarre or idiosyncratic interpretations." *Id.; Peters,* 277 F.3d at 1055 . That portion of the letter which permits debtors to pay off or dispute the debt within thirty days and avoid adverse credit reporting does not confuse, mislead, overshadow or in any way diminish the clarity of the statutory validation notice. Therefore, defendant's motion to dismiss on the pleadings must be granted.

### III. Plaintiff's Motion for Class Certification

Finally, even if the court had accepted plaintiff's argument and deferred its decision on the question of subject matter jurisdiction, it would find class certification inappropriate in this case. Of course, absent a class, plaintiff's individual claims were fully satisfied by the Rule 68 offer and would be moot.

Rule 23 of the Federal Rules of Civil Procedure sets forth a two-part analysis to determine whether class certification is appropriate. Plaintiffs must first satisfy all four requirements of Fed R. Civ. P. 23(a) , showing that: (1) joinder of all members is impractical because the class is too numerous (numerosity), (2) there are questions of fact or law that are common to the class (commonality), (3) the claims or defenses raised by the representative parties are typical of those of the class (typicality), and (4) the representative parties will protect the interests of the class fairly and adequately (adequacy). *See Donaldson v. Pillsbury Co.,* 554 F.2d 825, 829 (8th Cir.1977) .

If all four elements of Fed.R.Civ.P. 23(a) are met, the court must then determine if at least one of the three subdivisions of Rule 23(b) is also met. *See Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 163, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) . Rule 23(b) permits class certification if (1) proceeding with separate actions would create a risk of inconsistent outcomes or a practical disposition of the interests of others not parties to the actions, (2) the party opposing certification has acted or refused to act on grounds such that relief with respect to the class as a whole is appropriate, or (3) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(1)-(3) . The court should certify the proposed class only "if it is satisfied after a rigorous analysis that all the prerequisites are met." *In re Workers' Compensation,* 130 F.R.D. 99, 103 (D.Minn.1990) . Plaintiffs bring their motion pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2) and (3) .

### A. Rule 23(a) Requirements

[17] To succeed on a motion for class certification, plaintiff must first demonstrate that the threshold criteria of numerosity, commonality, typicality and adequacy are met. The court has broad discretion in determining whether the elements of Rule 23(a) have been satisfied. *See Reiter v. Sonotone Corp.,* 442 U.S. 330, 345, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) (holding that district courts are vested with broad power and discretion in matters of certification and management of class actions).

### 1. Numerosity

To satisfy this element, the class must be so numerous that joinder is impractical. Fed.R.Civ.P. 23(a)(1) . Impracticality is not a rigidly defined concept and it is considered on a case-by-case basis. *See Parkhill v. Minnesota Mut. Life Ins. Co.,* 188 F.R.D. 332, 337 (D.Minn.1999) .

[18] There are approximately 50,666 potential class members who received the collection letter. (*See* Def.'s Letter of May 21, 2003.) Because the number of potential plaintiffs is so substantial, joinder would clearly be impractical. Therefore, the court *568 finds that the numerosity requirement of Rule 23(a)(1) is met.

### 2. Commonality Requirement

[19] To satisfy the commonality requirement, "questions of law or fact common to the class" must exist. Fed.R.Civ.P. 23(a)(2) . Even when individual members of the class are not identically situated, if the legal question they share in common is related to the determination of the litigation, the commonality requirement is met. *See DeBoer v. Mellon Mortgage Co.,* 64 F.3d 1171, 1174 (8th Cir.1995) (citing *Paxton v. Union National Bank,* 688 F.2d 552, 561 (8th Cir.1982) ). Similarly, factual differences among individual claims will not defeat commonality provided the claims arose from a common nucleus of operative facts. *See DeBoer,* 64 F.3d at 1174 .

[20] Defendant sent the same form letter, containing the same language, to all putative class members. If the letter violates the FDCPA as to any class member, it violates the Act as to all class members. Because the class members share the same claim, arising from the same alleged misconduct, under the same legal theory, the court finds that the commonality requirement is satisfied.

http://web2.westlaw.com/print/printstream.aspx?destination=atp&s...

### 3. Typicality

[21] Rule 23(a)(3) requires that claims of representative parties be "typical" of those of the class. Generally, typicality will be found where "the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." _Paxton,_ 688 F.2d at 561-62 (citing Charles Wright et al, _Federal Practice and Procedure_ § 1764 at n. 21.1 (Supp.1982)). The typicality standard is "fairly easily met so long as other class members have claims similar to the named plaintiff." _Alpern,_ 84 F.3d at 1540 (citing _DeBoer,_ 64 F.3d at 1174). Typicality and commonality are closely related, and typicality is generally found where the commonality requirement has been met. See _Buycks-Roberson v. Citibank Fed. Sav. Bank,_ 162 F.R.D. 322, 333 n. 13 (N.D.Ill.1995) (citing _Newberg on Class Actions_ § 3.13 (3d ed.1992) ).

[22] Because the letter received by the plaintiff was identical in all material respects to those received by other class members, the court finds the claims of the named plaintiff sufficiently typical of those of the putative class and the typicality requirement of Fed.R.Civ.P. 23(a)(3) is met.

### 4. Adequacy

[23] To ensure that the interests of unnamed class members are fairly and adequately protected, Rule 23(a)(4) requires a finding that named plaintiffs and counsel will competently and vigorously pursue the action on behalf of all class members. See _Dirks v. Clayton Brokerage Co. of St. Louis, Inc.,_ 105 F.R.D. 125 (D.Minn.1985) . Further, the representatives' interests "must be sufficiently similar to those of the class that it is unlikely that their goals and interests will diverge." _Parkhill,_ 188 F.R.D. at 339 .

[24] The court has reservations about the suitability of Jones to represent the class in this case. Plaintiff argues that his unwillingness to accept defendant's Rule 68 offer is evidence of his commitment to the other class members. But Jones rejected the Rule 68 offer because he erroneously believed that in addition to $1,000, costs and fees, he could receive an additional share of the class award if successful in the litigation. Because the law does not support that argument, plaintiff stands to gain no more from class litigation than he might obtain by proceeding individually.

Moreover, in deposition, Jones stated that he filed suit to recover funds he believed were improperly garnished by defendants, although there is no such allegation in his complaint. (See Jones Dep. at 7, 9-15 (submitted to the court under separate cover by agreement of the parties)). Jones' responses to opposing counsel's questions were contradictory and often nonsensical. (See id. at 22, 24, 34, 39-40, 43, 55, 60-63, 75-77.) Jones was repeatedly confused by, and unable to respond to, straightforward questions about critical elements of the action, such as the collection letters, the parties to the action and the basis for the lawsuit. (See id. ) Jones also testified that he had undergone *569 stomach surgery approximately three months earlier. (See id. at 31.) The court has serious concerns about Mr. Jones' ability to represent over 50,000 plaintiffs in a federal class action lawsuit. He has no incentive to pursue the matter as a class action, he is confused about the action and is unfamiliar with his own complaint, his claims and the parties involved.

Jones is the only named plaintiff and, as discussed, the court finds that he has failed to meet other Rule 23 requirements as well. For these reasons, the court finds that plaintiff is not capable of adequately representing the interests of the class and that the requirements of Fed.R.Civ.P. 23(a)(4) are not satisfied.

### B. Rule 23(b)(2) Analysis

Rule 23(b)(2) permits injunctive or corresponding declaratory relief on a class-wide basis when defendant acts on grounds "generally applicable to the class." Fed.R.Civ.P. 23(b)(2) . Because the court has determined that injunctive and declaratory relief are not available in private actions under the FDCPA, class certification under Rule 23(b)(2) is denied.

## C. Rule 23(b)(3) Analysis

Plaintiff also seeks certification of the putative class action under Rule 23(b)(3) , which states in pertinent part:

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and, in addition: ... (3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed.R.Civ.P. 23(b)(3) .

Rule 23(b)(3) analysis focuses on two principal elements. First, the court must determine whether common questions of law or fact predominate (predominance) and second, whether a class action is the superior means of resolving the matter (superiority). *See Darms v. McCulloch Oil Corp., 720 F.2d 490, 493 (8th Cir.1983)* . The rule identifies four areas of inquiry as pertinent to predominance and superiority: (1) individual class members' interest in controlling the litigation, (2) the status of any litigation of the matter already commenced, (3) the advantages and disadvantages of centralizing the litigation in the particular forum, and (4) the difficulty of managing the litigation as a class action. *See* Fed.R.Civ.P. 23(b)(3)(A)-(D) .

## 1. Predominance

[25] [26] Predominance exists when common questions concerning a significant aspect of a case can be resolved in a single action. *See Workers' Comp.,* 130 F.R.D. at 108 . When class-wide proof is dispositive of an element of the cause of action, there is no need for individualized inquiry into each class member's position on that issue. *See id.* The predominance inquiry focuses primarily on common questions regarding liability. *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 114 F.R.D. 48, 52 (S.D.N.Y.1987) (quoting *Dura-Bilt Corp. v. Chase Manhattan Corp.,* 89 F.R.D. 87, 93 (S.D.N.Y.1981) ). Thus "the fundamental question is whether the group aspiring to class status is seeking to remedy a common legal grievance." *Id.* (citing 3B *Moore's Federal Practice* ¶¶ 23.45[2] at 23-306 to 23-307 (2nd ed.1995)).

[27] Here, no individualized findings of fact appear to be necessary to prove or disprove the class members' claims. There are no claims of actual damages and the same form letter was sent to all putative class members. All significant aspects of the case could be resolved in one action. Therefore, the preponderance requirement of Fed.R.Civ.P. 23(b)(3) is satisfied.

## 2. Superiority

Rule 23(b)(3) also requires that class litigation be the superior means of adjudicating the claims. Fed.R.Civ.P. 23(b)(3) . Superiority is to be judged by the same standards as predominance. *See* Fed.R.Civ.P. 23(b)(3)(A-D) .

*570 Defendant urges that the court follow the reasoning set forth in *Sonmore v. CheckRite Recovery Services, Inc.,* 206

F.R.D. 257 (D.Minn.2001) , and find that class litigation is not the superior means of resolving the dispute in these circumstances. In *Sonmore,* also an FDCPA case, Judge Alsop found that class litigation was not the superior means of resolving the matter because of the significant difference in potential recovery for unnamed class members as opposed to individual claimants. *See id.,* 206 F.R.D. at 265 . Judge Alsop found that "class treatment would be detrimental to absent class members because it would substantially limit their recovery." *Id.* Plaintiff argues that the reasoning in another FDCPA case, *Egge v. Healthspan Services Co.,* should control. *See* 208 F.R.D. 265 (D.Minn.2002) . There, Judge Montgomery found that a class action was the superior method for resolving a claim under the FDCPA, even though class members stood to recover only twenty-one cents each in statutory damages. *See id.* at 271-73. However, Judge Montgomery distinguished that case from *Sonmore* in two important ways. First, the judge noted that many of the unnamed class members in *Egge* were eligible for actual damages in addition to the statutory damages, a circumstance not present in either *Sonmore* or this case. *See id.* at 271. Second, the judge noted that every other Rule 23 factor fell in favor of class certification, which was not the case in *Sonmore* or here. *See id.* at 272.

[28] The court finds that the reasoning of *Sonmore* applies to the facts and circumstances of the present case. Having reviewed evidence of defendant's net worth *in camera,* the court has determined that the potential recovery for unnamed class members is, at most, de minimis. Further, the court has serious reservations about Jones' incentive to pursue the matter as a class action where there is no benefit to him in doing so. While class litigation often necessitates some compromise of the maximum potential award an unnamed plaintiff might obtain, that compromise is generally justified by the economic reality that small claims are often not worth pursuing individually. *See Egge,* 208 F.R.D. at 272 . Even where a plaintiff is willing to pursue a nominal or minimal award, it is only through combining many such claims that the matter is worth counsel's time and effort. *See e.g., Kamen v. Kemper Financial Services, Inc.,* 908 F.2d 1338, 1349 (7th Cir.1990) *rev'd on other grounds* ("[c]lass actions are valuable precisely because they allow the vindication of claims too small to prosecute individually but worth litigating in the aggregate."). That is not the case in FDCPA claims because the statute provides for actual damages, statutory damages of $1,000 plus costs and attorney's fees. *See* 15 U.S.C. § 1692k . There is no lack of incentive for either plaintiffs or counsel to pursue individual FDCPA actions. Therefore, the court finds that proceeding with a class action is not the superior means of resolving the present dispute.

The court finds that plaintiff fails to meet the adequacy requirement of Rule 23(a)(4) or the superiority requirement of Rule 23(b)(3) . The court has also determined that plaintiff cannot proceed with this action pursuant to Rule 23(b)(2) . Therefore, even if the action was not moot, plaintiff's motion for class certification would be denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss for lack of subject matter jurisdiction [Docket No. 9] is granted.

2. Defendant's motion to dismiss on the pleadings [Docket No. 9] is granted.

3. Plaintiff's motion for class certification [Docket No. 19] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

D.Minn.,2003.
Jones v. CBE Group, Inc.
215 F.R.D. 558

http://web2.westlaw.com/print/printstream.aspx?destination=atp&s...

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.