http://web2.westlaw.com/print/printstream.aspx?destination=atp&s...

**Westlaw Delivery Summary Report for BURNS,IAN M 6026348**

| | |
|---|---|
| Date/Time of Request: | Monday, July 14, 2008 18:44 Central |
| Client Identifier: | 126/01 |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 358 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.



Not Reported in F.Supp.2d                                                    Page 1

Not Reported in F.Supp.2d, 2000 WL 798824 (N.D.Miss.)

**(Cite as: Not Reported in F.Supp.2d, 2000 WL 798824 (N.D.Miss.))**

▷

Lyles v. Rosenfeld Attorney Network

N.D.Miss.,2000.

Only the Westlaw citation is currently available.

United States District Court, N.D. Mississippi, Eastern Division.

Donald LYLES and wife, Doris Lyles, Plaintiffs,

v.

The ROSENFELD ATTORNEY NETWORK, Defendant.

**No. 199CV322-D-A.**

May 17, 2000.

*OPINION*

DAVIDSON .

**\*1** Presently before the court is the Plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure . Upon due consideration, the court finds that the motion should be denied because a class action is not superior to other available methods for the fair and efficient adjudication of this controversy.

*Factual Background* [FN1]

FN1. When ruling upon a motion for class certification, the merits of the case are not examined and the substantive allegations contained in the plaintiff's complaint are taken as true. *Eisen v.. Carlisle and Jacquelin,* 417 U.S. 156, 177 78, 94 S.Ct. 2140, 2152-53, 40 L.Ed.2d 732 (1974) ; *In re Catfish Antitrust Litigation,* 826 F.Supp. 1019, 1033 (N.D.Miss.1993) .

The Plaintiffs instituted this action alleging that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a -1692o (1994) (FDCPA), by sending a letter to them requesting payment of their recently deceased daughter's debts. The letter, which was addressed to the "Estate of Pamela D. Lyles" and was directed to the attention of her "Personal Representative," stated "if a formal probate will not be filed, please advise us how you propose to have the debt paid."The Defendant sent the letter despite the fact that the Plaintiffs had informed all of their daughter's creditors that no estate would be filed on her behalf.

The Plaintiffs assert that this conduct violates the FDCPA. Specifically, 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."Further, 15 U.S.C. § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."The Plaintiffs claim that the letter they received from the Defendant was deceptive and unfair because the letter implied that they, as the decedent's parents, were legally obligated to pay their daughter's debts.

The Plaintiffs filed this suit on October 21, 1999. On April 12, 2000, they filed the current motion seeking, pursuant to Rule 23 of the Federal Rules of Civil Procedure , to certify a class of some 26,767 other persons who received identical or similar letters from the Defendant.[FN2] Specifically, the Plaintiffs seek to be class representatives for a class of persons who "received letters from The Rosenfeld Attorney Network in which the Defendant expressly recognized a scenario in which the deceased debtor had no estate, yet sought to have the relatives/recipient of the letter pay the debt of the deceased debtor."For the reasons stated below, the court shall deny the Plaintiffs' motion.

FN2. As a result of sending these letters, the Defendant collected $7,997,347.18 from the putative class members, meaning the average putative class member suffered actual damages in the amount of $298.78.

*Discussion*

A. *Federal Rule of Civil Procedure 23(a)*

The Plaintiffs must meet the prerequisites set out in Rule 23(a) , in addition to satisfying either Rule 23(b)(1), (2), or (3) , in order to maintain this suit as a class action. Fed.R.Civ.P. 23 ; *See Applewhite v. Reichhold Chems., Inc.,* 67 F.3d 571, 573 (5th Cir.1995) (holding that burden of proof is on party seeking class certification); *Moore Video Distribs., Inc. v. Quest Entertainment, Inc.,* 823 F.Supp. 1332, 1338 (S.D.Miss.1993) ( "[P]laintiff must make a prima facie showing in its pleading that it satisfies rule 23 ."). While the court has wide discretion in deciding whether to certify a class action, the court should not do so unless satisfied, after "rigorous analysis," that all prerequisites have been met. *Applewhite,* 67 F.3d at 573 .

*2 To qualify as a class action, the proposed class must initially meet all four requirements of subdivision (a) of Rule 23 , commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation." Rule 23(a) provides:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the

claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a) .

1. Numerosity

To be certified, a proposed class must be "so numerous that joinder of all members is impracticable."Fed.R.Civ.P. 23(a)(1) . Practicability of individual joinder is the main focus of this requirement, and a court may also consider other factors including the number of claimants and the nature of the action. *See Watson, et al. v. Shell Oil Co.,* 979 F.2d 1014, 1022 (5th Cir.1992) (noting that numerosity requirement imposes no mechanical rules).

The Plaintiffs assert, and the Defendant does not dispute, that as many as 26,767 individuals across the nation were sent letters identical or similar to the letter the Plaintiff received. Faced with these numbers and the nationwide reach of the Defendant's letters, it is obvious that the Plaintiffs have met the numerosity prerequisite. *See Moore Video Distribs., Inc.,* 823 F.Supp. at 1338 (noting that potential classes numbering over forty are usually certified; asserting class of seventy is sufficient to satisfy Rule 23(a) ).

This putative class, potentially numbering 26,767 claimants, is clearly so numerous that joinder of all members would be impracticable. Therefore, the court finds that the Plaintiffs have met the numerosity requirement.

2. Commonality

The second requirement that must be met as a prerequisite to class certification is that of commonality. Specifically, the court must be able to identify "questions of law or fact common to the class."Fed.R.Civ.P. 23(a)(2) .

The Fifth Circuit has held that the threshold of commonality is not a high one. *Applewhite,* 67 F.3d at 573; *Moore Video Distribs., Inc.,* 823 F.Supp. at 1339 ("The rule requires only that resolution of the common questions affect all or a substantial number of the class members."). However, class certification requires that class members have at least two issues in common.*Applewhite,* 67 F.3d at 573 .

In this action, the Plaintiffs seek relief on behalf of the putative class pursuant to the FDCPA. At least two common questions exist with respect to each class member: (1) whether the form letters sent by the Defendant were "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f ; and (2) whether, in sending the letters, the Defendant engaged in a pattern or practice of using "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e .

*3 The Defendant does not dispute that the Plaintiffs have met the commonality requirement and, in light of the allegations of standardized conduct, the court finds that the Plaintiffs have demonstrated commonality sufficient to satisfy Rule 23(a) .

3. Typicality

The third prong of Rule 23(a) requires the party seeking class certification to demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."Fed.R.Civ.P. 23(a)(3) .

Typicality determines whether a sufficient relationship exists between the injury to the named plaintiffs and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, for such a relationship to be shown, a plaintiff's injury must arise from or be directly related to the wrong inflicted upon the class. Thus, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. *See e.g.*, *In re American Med. Sys., Inc.,* 75 F.3d 1069, 1082 (6th Cir.1996) . A necessary consequence of the typicality requirement is that the representative plaintiff's interests will be aligned with those of the represented class, and in pursuing his own claims, the representative plaintiff will also advance the interests of the class members.

Typicality does not require the claims of the class members be identical; instead, a claim by a representative plaintiff may be deemed typical if it is one which members of the proposed class should reasonably be expected to raise. *In re Catfish Antitrust Litigation,* 826 F.Supp. at 1034-35 . Furthermore, in cases where it is alleged that the defendant engaged in a common scheme relative to all members of the class, there is a strong assumption that the claims of the representative plaintiffs will satisfy the typicality requirement. *Id.*

The Plaintiffs assert, and the Defendant does not dispute, that their claims are typical of the class due to the fact that "all the proposed class members [including the proposed class representatives] will suffer one or both of only two possible injuries-collection or attempted collection of debts through deceptive means."

All putative class members' claims arise from the Defendant's alleged course of conduct in sending form letters regarding debts incurred by decedents of the class members. The alleged collective nature of the Defendant's conduct supports a finding of typicality as does the fact that the Plaintiffs' claims are directly related to the alleged wrongs inflicted upon the class. Further, the claims raised by the Plaintiffs are typical of the claims that each member of the putative class would be expected to raise and their claims are based on the same legal theory. Further, the court is not aware of any adverse interests between the Plaintiffs and the other members of the putative class.

*4 In sum, because the substance of the Plaintiffs' claims is typical of the absent class members' claims, the court holds that the Plaintiffs have met their burden with respect to this certification factor.

4. Adequacy of Representation

The fourth and final requirement of Rule 23(a) is that the party seeking class certification must show that "the representative parties will fairly and adequately protect the interests of the class."Fed.R.Civ.P. 23(a)(4) . This prerequisite is essential to due process, because a final judgment in a class action is binding on all class members. *Hansberry v. Lee,* 311 U.S. 32, 42-43, 61 S .Ct. 115, 118-119, 85 L.Ed.2d 22 (1940) . This requirement overlaps the typicality requirement because in the absence of typical claims, the class representative may have less of an incentive to vigorously pursue the claims of the absent class members.

This requirement also entails an inquiry into whether the Plaintiffs' interests are antagonistic to those of the class and whether Plaintiff's counsel has the qualifications and experience necessary to competently conduct the litigation. *In re Catfish Antitrust Litigation,* 826 F.Supp. at 1037 .

While the burden in a class certification motion is on the plaintiffs, the adequacy of the putative representatives and of plaintiffs' counsel is presumed in the absence of specific proof to the contrary. *Falcon v. General Tel. Co. of the Southwest,* 626 F.2d 369, 376 n. 8 (5th Cir.1980) , *vacated on other grounds,* 450 U.S. 1036 (1981) . The Defendant has not offered any proof suggesting that the Plaintiffs will be inadequate class representatives. As such, the court finds that the proposed

representative parties are capable of fairly and adequately protecting the interests of the putative class.

The court also finds that Plaintiffs' counsel has met its burden in this regard. To date, the Plaintiffs' attorneys have competently and vigorously maintained this suit, and the court is satisfied with their qualifications.*Horton v. Goose Creek Ind. Sch. Dist.,* 690 F.2d 470, 485 (5th Cir.1982) (noting that "adequacy requirement mandates an inquiry in to the zeal and competence of the representative's counsel."). In sum, the court finds that Rule 23(a)(4) is no hindrance to the Plaintiffs' attempt to certify this cause as a class action.

In light of the foregoing, the court finds that the Plaintiffs have satisfied all of the prerequisites set forth under Rule 23(a) . The court now directs its attention to an analysis of Rule 23(b) .

*B. Federal Rule of Civil Procedure 23(b)*

After satisfying the criteria set out in Rule 23(a) , a party seeking class certification must also meet the requirements of Rule 23(b)(1), (2) or (3) .*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614, 117 S.Ct. 2231, 2245, 138 L.Ed.2d 689 (1997) . The Plaintiffs seek certification pursuant to Rule 23(b)(3) ; it is pursuant to this subsection that the court finds the Plaintiffs' motion to certify this cause as a class action must be denied.

1. Certification under Rule 23(b)(3)

**5** Rule 23(b)(3) provides that, in order to maintain a class action, a party must demonstrate that common questions of fact or law predominate over individual issues and that a class action is the superior method for maintaining the suit. Fed.R.Civ.P. 23(b)(3) . Although peeking into the merits of the case at this stage is very premature, "[in] order to make the findings required to certify a class action under Rule 23(b)(3) , one must initially identify the substantive law issues which will control the outcome of the litigation."*State of Alabama v. Blue Bird Body Co.,* 573 F.2d 309, 316 (5th Cir.1978) .

a. Predominance of Common Questions of Fact or Law

Under Rule 23(b)(3) , there is no precise formula for measuring whether common issues predominate over individual ones. The Fifth Circuit has, however, ruled that "in order to predominate, common issues must constitute a significant part of the individual cases."*Mullen v. Treasure Chest Casino, LLC,* 186 F.3d 620, 626 (5th Cir.1999) . While it is a close issue, the court finds that common questions of fact or law predominate over individual ones in this case, primarily due to the alleged standardized nature of the Defendant's conduct.

All the putative class members have at least two questions of law in common:

(1) whether the form letters the Defendant sent were "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f ; and

(2) whether, in sending the letters, the Defendant engaged in a pattern or practice of using "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e .

The Defendant asserts that there are at least seven individual issues of fact or law that predominate over the common questions. The court disagrees. All of the issues the Defendant lists could be dealt with through proper class definition. For

example, the Defendant states that it must be ascertained (i) whether the recipient of the letter was a joint cardholder with the deceased, (ii) whether the debt at issue was commercial or consumer in nature, and (iii) whether the deceased debtor left an estate. The class can readily be limited so as to nullify these issues and exclude joint cardholders, commercial debts and those debtors leaving an estate. The remainder of the Defendant's purported individual issues likewise do not predominate.

The standardized nature of the Defendant's alleged conduct leads to the conclusion that the above listed common issues predominate over any individual issues. The issues listed above are common to the class as a whole and the case's outcome turns on questions of law applicable in the same manner to each member of the class. *Califano v. Yamasaki,* 442 U.S. 682, 701, 99 S.Ct. 2545, 2557, 61 L.Ed.2d 176 (1979) .

In sum, the court finds that any individual factual or legal issues that may arise will be secondary to the common questions concerning the Defendant's alleged course of conduct and its unlawfulness. Given the apparent standardized nature of the Defendant's debt collection activities, the court is convinced that common questions predominate. For these reasons, the court finds that the Plaintiffs have met their burden with respect to the first element of Rule 23(b)(3) .

b. Superiority

**\*6** The second and final element under Rule 23(b)(3) requires that the party seeking class certification demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."Fed.R.Civ.P. 23(b)(3) . For the reasons set forth below, the court finds that Plaintiffs have failed to adequately demonstrate superiority. As such, the court shall not certify the Plaintiffs' proffered class.

The FDCPA provides for the following damages:

(a) Amount of damages. Except as otherwise provided by this section, any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of-

(1) any actual damage sustained by such person as a result of such failure;

(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court ...

15 U.S.C. § 1692k .

In a class action brought pursuant to the FDCPA, the named Plaintiffs may recover their actual damages plus additional damages not to exceed $1,000. All other class members may share in an amount not to exceed the lesser of $500,000 or one percent of the net worth of the defendant debt collector. In this case, therefore, the 26,767 putative class members will share, at best, an award of $500,000. Hence, their maximum recovery would be $18.68 each.

An award of $18.68 is a far cry from the actual average damage suffered by the putative class members, $298.78; such an award is shockingly low when compared to the average $1,298.78 each class member would be eligible to receive in an individual suit.

It is the FDCPA's cap on class action damages, combined with the large number of putative class members, that causes this unacceptably large discrepancy in the amount of available damages. By certifying the class, the court would ensure a reduction of over 98.5 percent in each class members' potential recovery. While a potential de minimis monetary recovery does not in and of itself automatically bar a class action, the sharp reduction in monetary damages class members would potentially receive renders the Plaintiffs in this action unable to adequately demonstrate that a class action is superior to other available methods for the fair and efficient adjudication of this matter. *Mace v. Van Ru Credit Corp .,* 109 F.3d 338, 344 (7th Cir.1997) ; *see Lewis v. Riddle,* 1998 U.S. Dist. Lexis 20465, at \*19–\*26 (W.D.La. Nov. 18, 1998) (FDCPA case in which court denied class certification based in part on finding that class action not superior means due to potential de minimis recovery where class members would likely receive greater recovery in individual suits).

\*7 Further, it is obvious that the Plaintiffs' request for monetary damages predominates over their claim for injunctive relief. The Plaintiffs' motion for class certification makes no mention of injunctive relief; instead it focuses solely on the monetary damages potentially available. Moreover, the Plaintiffs' seek certification solely pursuant to Rule 23(b)(3) and not 23(b)(2), the primary vehicle for injunctive relief in class certification situations. *Cf. Gammon v. GC Servs. Ltd. Partnership,* 162 F.R.D. 313, 321 (N.D.Ill.1995) (holding that de minimis recovery no obstacle to class certification when injunctive relief is primary relief sought).

In sum, due to the statutory limitations on damages available in a class action FDCPA suit and the high number of class members in this proposed class, the court finds that the recovery for each class member would be unacceptably smaller than if individual actions were successfully brought. As a result, the court finds that the members of this putative class have a strong interest in individually controlling the prosecution of their own individual actions so as to maximize their individual recovery. *See* Fed.R.Civ.P. 23(b)(3)(A) . As such, the court finds that a class action is not the superior means by which this cause should be adjudicated and the Plaintiffs' motion for class certification shall be denied.

A separate order in accordance with this opinion shall issue this day.

This the ___ day of May 2000.


*ORDER DENYING MOTION FOR CLASS CERTIFICATION*

Pursuant to an opinion issued this day, it is hereby ORDERED that the Plaintiffs' motion for class certification (docket entry 24) is DENIED.

SO ORDERED, this the ___ day of May 2000.

N.D.Miss.,2000.
Lyles v. Rosenfeld Attorney Network
Not Reported in F.Supp.2d, 2000 WL 798824 (N.D.Miss.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.