IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN FLORES, | ) | |
| | ) | Case No. 07 C 6403 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| DIAMOND BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S PETITION FOR RULE TO
<u>SHOW CAUSE AGAINST LAWRENCE LIGAS</u>**

Plaintiff Carmen Flores, by her attorneys, The Consumer Advocacy Center, P.C., and pursuant to Fed. R. Civ. P. 45(e), petitions this Court for a rule to show cause against Lawrence Ligas ("Ligas"). In support of her petition, Plaintiff states as follows:

1.      Plaintiff alleges that Defendant Diamond Bank violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA") by failing to post a notice on its automated teller machine ("ATM") that it would charge consumers a fee for using the ATM.

2.      In response to both the Amended Complaint and Second Amended Complaint, Defendant filed a motion to dismiss, each of which was support by an affidavit of Ligas.

3.      On February 12, 2008, Plaintiff issued a notice of subpoena for deposition to Ligas set for February 27, 2008. <u>See Exhibit A</u>.

4.      On February 27, 2008, Plaintiff had a court reporter present and Ligas did not appear.

5.      Plaintiff contacted the Defendant to tell them they were moving for a rule to show cause for Ligas's failure to appear or contact Plaintiff with an alternative date.

1

6. On March 3, 2008, Mr. Mark Belongia in an e-mail represented he was in contact with Mr. Ligas and that Mr. Ligas was not served with the notice for the February 27, 2008 deposition. See Exhibit B. Whether this is in fact true or not has not been verified. Rather than test the issue, because Mr. Mark Belongia represented he would voluntarily produce Mr. Ligas for a deposition the issue was dropped.

7. In reliance upon Mr. Mark Belongia's March 3, 2008 representations, on May 12, 2008 Plaintiff issued a re-re-notice of deposition of Ligas set for June 2, 2008. See Exhibit C.

8. On May 12, 2008, Mr. Mark Belongia sent the Plaintiff an e-mail retracting his prior representations in his e-mail of March 3, 2008 and as a result the June 2, 2008 deposition of Ligas was cancelled. A copy of the May 12, 2008 e-mail is attached as Exhibit D.

9. The deposition of Ligas was re-noticed on June 23, 2008, and Ligas was served with the notice on July 2, 2008 for a July 16, 2008 deposition. A copy of the subpoena and affidavit of service are attached hereto as Exhibit E.

10. On July 11, 2008, the undersigned counsel conducted a telephone conference with Ligas to confirm his attendance at the noticed deposition.

11. During that telephone conference, Ligas stated that he would not appear at the noticed time, because he would be out of town, but he refused to state where he would be such that he was unable to appear for deposition.

12. Ligas further refused to specify a date on which he would appear for deposition.

13. Ligas further stated that he intended to hire an attorney, who would arrange a deposition date, but he had not decided which attorney and refused to provide their names.

14.     Ligas has not moved for a protective order regarding the noticed deposition date, has not come an agreement with Plaintiff on a different date and refuses to provide any alternative dates.

15.     Ligas' deposition is critical to this case, as his affidavit, albeit replete with vague and conclusory statements, is the central piece to Defendant's defense in this matter.

16.     Further, after informing the Defendant's counsel, Mr. Mark Belongia, of the conversation with Ligas and Plaintiff's intention to file Petition for a Rule to Show Cause, Mr. Mark Belongia again made the same type of representation to Plaintiff's counsel, as was made in Mr. Mark Belongia's March 3, 2008, that he could procure the cooperation of Mr. Ligas and have him appear for a deposition.  These conversations are embodied in the July 11, 2008 e-mails of Mr. Mark Belongia and the undersigned counsel. See Exhibit F.

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court issue a rule to show cause why Lawrence Ligas should not be found in contempt of court for failure to appear for a deposition pursuant to a valid subpoena, pay Plaintiff for her counsels' reasonable attorneys' fees and enter an order barring Mr. Ligas from testifying in this case and striking any affidavit made by him.

CARMEN FLORES, Plaintiff,

By:     /s/ Lance A. Raphael
        One of Plaintiff's Attorneys

Dated: July 25, 2008

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.

3

180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930

180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930