# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN FLORES, | ) | |
| | ) | Case No. 07 C 6403 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| DIAMOND BANK, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENAED DEPOSITION

To:   See Certificate of Service

PLEASE TAKE NOTICE that we shall take the *stenographic* subpoenaed deposition of Lawrence J. Ligas on **February 27, 2008 at 1:00 p.m.**

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 W Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

## CERTIFICATE OF SERVICE

I, Sherry Joseph, paralegal, hereby certify under penalties of perjury according to 28 U.S.C. § 1746 that I served the attached *Notice of Subpoenaed Deposition*, by faxing a copy and placing the same in the U.S. Mail, with proper postage prepaid, on February 12, 2008, to the following counsel of record:

Mark D. Belongia
Nathaniel R. Sinn
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Ste. 315
Chicago, IL 60604
Fax: (312) 662-1040

_____
Sherry Joseph, paralegal

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | ILLINOIS |
|---|---|---|

| CARMEN FLORES | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| DIAMOND BANK | Case Number:[1] 07 C 6403 |

TO: Lawrence J. Ligas
2424 N. Kedzie Blvd
Chicago IL 60647

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  The Consumer Advocacy Center, P.C. 180 W. Washington St., Ste. 700, Chicago, IL 60602 | DATE AND TIME 2/27/2008 1:00 pm |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached document rider

| PLACE  The Consumer Advocacy Center, P.C. 180 W. Washington St., Ste. 700, Chicago, IL 60602 | DATE AND TIME 2/25/2008 5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature: Stacy M. Bardo]* | 2/12/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stacy Bardo
180 W. Washington St., Ste. 700, Chicago, IL 60602   312.782.5808

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/22/2008 @ 5:00 A.M. | 2424 N. Kedzie Blvd., #2<br>Chicago, IL 60647 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| LAWRENCE J. LIGAS | INDIVIDUAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BILLY MOLDEN | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2/22/2008
                   DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER   PMB 154
6351 W Montrose Ave
Chicago IL 60634

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## Northern District of Illinois

Case Number: 07C6403

PLAINTIFF:
Carmen Flores,

vs.

DEFENDENT:
Diamond Bank,

For:
The Consumer Advocacy Center, P.C.
180 West Washington Street
Suite 700
Chicago, IL 60602

Received by Lakeside Investigations, Inc. on the 14th day of February, 2008 at 4:42 pm to be served on **Lawrence J. Ligas, 2424 N. Kedzie Blvd., #2, Chicago, IL 60647.**

I, Billy Molden - Process Server, being duly sworn, depose and say that on the **22nd day of February, 2008 at 5:00 am,** I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Subpoena in a Civil Case; Document Rider To Subpoena To Lawrence J. Ligas** with the date and hour of service endorsed thereon by me, to: **Lawrence J. Ligas** at the address of: **2424 N. Kedzie Blvd., #2, Chicago, IL 60647,** and informed said person of the contents therein, in compliance with state statutes.

Description of Person Served: Age: 47, Sex: M, Race/Skin Color: White, Height: 5'6", Weight: 190, Hair: Black, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server in good standing in the county in which the process was served.

OFFICIAL SEAL
THOMAS F DOLAN III
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/12/09

Billy Molden - Process Server
Process Server

Subscribed and Sworn to before me on the 22nd day of February, 2008 by the affiant who is personally known to me.

NOTARY PUBLIC

Lakeside Investigations, Inc.
6351 W. Montrose Ave.
#154
Chicago, IL 60634
(800) 636-1511
Our Job Serial Number: 2008001295

## DOCUMENT RIDER TO SUBPOENA TO LAWRENCE J. LIGAS

The following document requests shall cover the period January 1, 2005 to the present.

"Document" or "documents" shall mean every original, and every copy of any original or copy which differs in any way from any original, of every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic or electrical means whatever, including without limitation, letters, facsimile transmissions, books, records, reports, papers, pamphlets, brochures, circulars, advertisements, specifications, blueprints, tabulations, bulletins, press releases, computer programs, data contained in computers, computer disks or diskettes, data sheets, analyses, summaries, ledgers, accounts, audits, inventories, tax returns, financial statements, profit and loss statements, cash flow statements, balance sheets, annual or other periodic reports, prospectuses, registrations, solicitations, minutes, stock ledgers, stock certificates, licenses, permits, calendars, appointment books, diaries, telephone bills and toll call records, expense reports, commission statements, itineraries, agendas, payroll records, checkbooks, canceled checks, receipts, contracts, agreements, studies, instruments, assignments, applications, offers, acceptances, proposals, financing statements, documents of title, forecasts or appraisals, purchase orders, invoices, orders or acknowledgments, bills of lading, written memorials of oral communications, forecasts, photographs, photographic slides or negatives, films, filmstrips, tapes and records, maps, plats, surveys, drawings, sketches, graphs, charts, plans, state and federal governmental hearings and reports, laboratory or engineering reports, correspondence, communications, telegrams, telexes, cables, memoranda, notes, notebooks, worksheets, reports, lists, note charts, summaries or records of telephone conversations, summaries or records of personal conversations, interviews, records or minutes of meetings or negotiations, opinions or reports of consultants, accounting of any kind, work papers and transcripts, and generally should be given the broadest possible meaning under the Federal Rules of Civil Procedure.

1. All documents relating to automated teller machine number 049E4, located at Diamond Bank, 100 W. North Avenue, Chicago, Illinois 60610 ("the ATM").

2. All photographs and videos of the ATM and its surroundings.

3. All photographs and videos of the renovation of Diamond Bank's main entrance at 100 W. North Avenue, Chicago, Illinois 60610.

4. All documents relating to any contracts and/or work orders between Diamond Bank and you and/or Alligas Enterprises, Inc.

5. All documents identifying, by name, address and telephone number, all employees, contractors and/or agents of you and/or Alligas Enterprises, Inc. that worked on the renovation of

Diamond Bank's main entrance.

6. All documents supporting the statements in your Affidavit of Knowledge signed by you on February 5, 2008 and submitted in *Flores v. Diamond Bank*, case no. 06 C 6403.

7. All documents relating to any correspondence between you and/or or Alligas Enterprises, Inc. and Diamond Bank or any of its attorneys, employees, officers, agents and/or representatives since November 12, 2007.

Respectfully served,

By: _____
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison Krumhorn
The Consumer Advocacy Center, P.C.
180 W. Washington St., Ste. 700
Chicago, IL 60602
312.782.5808