IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated, | ( ( ( |
| Plaintiff, | ( ( Case No. 07 C 6403 |
| v. | ( Judge Hibbler ( Magistrate Judge Valdez |
| DIAMOND BANK, FSB, | ( ( |
| Defendant. | ( |

**DEFENDANT DIAMOND BANK'S RESPONSE TO PLAINTIFF'S PETITION FOR RULE TO SHOW CAUSE AGAINST LAWRENCE LIGAS**

NOW COMES Defendant DIAMOND BANK, FSB (hereinafter the "Bank"), by and through its attorneys, Belongia & Shapiro, LLP, and for its Response to Plaintiff, CARMEN FLORES' (hereinafter "Plaintiff") Petition for Rule to Show Cause against LAWRENCE LIGAS (hereafter "Ligas"), states as follows:

1. Plaintiff alleges that the Bank violated the Electronic Funds Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA") by failing to post a notice on its automated teller machine ("ATM") that it would charge customer a fee for using the ATM.

2. In response to both the Amended Complaint and Second Amended Complaint, Defendant filed a motion to dismiss, which were supported by an affidavit of Ligas.

3. On July 25, 2008, Plaintiff filed a Petition for Rule to Show Cause (hereinafter "the Petition") against Ligas.

4. The Petition relates to a third-party, Ligas, therefore, Defendant does not have standing to challenge it. In the Petition, Plaintiff's counsel incorrectly and improperly makes

1

various allegations that Defendant's counsel, Mark D. Belongia, misinformed and mislead Plaintiff's counsel with respect to Ligas' legal representation and availability for deposition. (See Petition ¶¶ 6, 7, 8, 16).

5. Throughout this legal proceeding, Plaintiff's counsel's conduct had been highly inappropriate.[1] He has continually made incorrect, improper, and untruthful remarks about Defendant's counsel. As such, Defendant's counsel feels compelled to respond to the false statements made in the Petition.

6. On February 12, 2008, Plaintiff attempted to serve a subpoena for deposition on Ligas, with a deposition date of February 27, 2008. The subpoena was not served on the correct person. Defendant's counsel advised Plaintiff's counsel of this fact. (See Exhibit B to Plaintiff's Petition, Docket Number 50-3, hereinafter "Exhibit B").

7. In the Petition, Plaintiff's counsel states that on March 3, 2008, Defendant's counsel represented that he would voluntarily produce Ligas for a deposition. (See Petition ¶ 6). In support of this argument, Plaintiff's counsel produced an email correspondence marked as Exhibit B, in which Defendant's counsel wrote the following:

> It appears that your process server did not serve the correct person. […] We have also now spoken with the correct Mr. Ligas and he has confirmed that he was never served with the subpoena. During our conversation, *he indicated that is willing to appear for deposition on a mutually agreeable date*. Please provide us with your available dates at the end of next week for his deposition to take place." (Exhibit B) (*emphasis added*).

8. The email clearly shows that that Defendant's counsel never represented that *he would voluntarily produce Ligas*. As Ligas is an Affiant for Defendant, Defendant's counsel was attempting to assist in facilitating Ligas' deposition. At no time did Defendant's counsel

---

[1] Please see Defendant's Response to Plaintiff's Motion for Sanctions [Document #52] filed contemporaneously with this brief.

represent that he would, nor that he even had the power to, make Ligas available for a deposition. In fact, the email shows that Plaintiff's counsel clearly misstated to the Court the correspondence between him and Defendant's counsel.

9. Furthermore, in the second email, dated March 7, 2008, which is also included in Exhibit B, Plaintiff's counsel inquired whether Defendant "would be producing the witness for deposition now, or [whether we would] have to re-issue the subpoena for a date you have available?" This clearly shows that Plaintiff's counsel knew that Defendant's counsel was not producing Ligas. Plaintiff's counsel's accusations that Defendant's counsel made misrepresentations with respect to Ligas' legal representation and availability for deposition are unsubstantiated and patently untrue.

10. This is also evidenced by a subsequent correspondence between Plaintiff's counsel and Defendant's counsel. On May 12, 2008, Defendant's counsel informed Plaintiff's counsel of the following:

> "Regarding depositions in the above case, please issue subpoenas to third parties Barry Rustin and Larry Ligas. *We do not represent either gentlemen*. You already have the contact information for Barry Rusin and we have previously provided you with Mr. Ligas' contact information at his employer company in our Amended 26(a)(1) disclosures and we also gave you his personal cellular phone number." (See email correspondence between Mark D. Belongia and Lance Raphael, dated May 12, 2008 attached hereto as Exhibit 1) (*emphasis added*).

11. Importantly, Plaintiff's counsel was informed on multiple occasions that Defendant's counsel does not represent Ligas. Plaintiff's counsel, consequently, was clearly on notice that Defendant's counsel does not have the power to produce Ligas for a deposition.

12. In the Petition, however, Plaintiff's counsel aruges that even after he was informed of Defendant's lack of power to produce Ligas for a deposition, he was mislead by

Defendant's counsel's represented that "he could procure the cooperation of Ligas and have him appear for deposition." (Petition ¶ 16).

13. Plaintiff's counsel avers that the conversations relating to this "misrepresentation" are embodied in the July 11, 2008 emails between him and Defendant's counsel. (See Exhibit F to Plaintiff's Petition, Docket Number 50-7, hereinafter "Exhibit F").

14. In said email Defendant's counsel wrote the following:

> "We […] spoke with Mr. Ligas yesterday.  He was informed that his deposition is mandatory.  He stated that we [sic] would cooperate and would provide us his counsel's information shortly.  I will obtain possible dates for his deposition which are agreeable on your calendar.  I will contact you early next week with this information." (Exhibit F).

15. Again, Defendant's counsel was attempting to assist in facilitating Ligas' deposition.  At no time did Defendant's counsel represent that he would, or could, make Ligas available for a deposition.  Moreover, the conversation embodied in Exhibit F does not show that Defendant's counsel represented that he would, or could, produce Ligas for a deposition.  On the contrary, Defendant's counsel represented that Ligas advised that he would cooperate and provide his counsel's contact information.

16. Thereafter, Ligas provided Defendant's counsel with his attorney's contact information.  Defendant's counsel immediately forwarded Ligas' information on to Plaintiff's counsel. (See Letter to Lance Raphael, dated July 29, 2008 attached hereto as Exhibit 2).

17. The evidence provided by Plaintiff's counsel in support of the Petition clearly shows that Defendant's counsel did not make <u>any</u> misrepresentations, but rather attempted to assist in the facilitation of Ligas' deposition.  Any accusations and allegations of improper conduct by Plaintiff's counsel are unsubstantiated and false.

18.     The Petition, and the materials provided in support, are just another example of Plaintiff's counsel's inappropriate conduct toward Defendant's counsel throughout the pendency of this matter.

          Respectfully Submitted,

          DIAMOND BANK, FSB, Defendant

Dated: July 29, 2008          /s/ Mark D. Belongia
          One of Defendant's Attorneys


Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P:  312.662.1030
F:  312.662.1040