Case 1:07-cv-06403   Document 57-2   Filed 07/30/2008   Page 1 of 6

Case 1:07-cv-06403   Document 25     Filed 03/06/2008   Page 1 of 6
Case 1:07-cv-06403   Document 20-2   Filed 02/27/2008   Page 2 of 7



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| CARMEN FLORES, | ) | |
| | ) | Case No. 07 C 6403 |
| Plaintiff, | ) | |
| | ) | Judge Hibbler |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| DIAMOND BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY STIPULATION

When used in this Stipulation:

1. "Person" means any natural person, and any legal or business entity;

2. "Document" shall refer to the original or copies of any written, printed, typed, recorded or graphic matter whatsoever, however produced or reproduced;

3. "Party" or "Parties" shall mean and refer to any Party, Plaintiff and/or Defendant, in the above-entitled action;

4. "Attorneys for the Parties" shall mean any member or associate of a law firm or in-house counsel representing any Party in the above-entitled action and all paralegal and legal assistants working with such persons.

5. "Designating Party" shall mean the Party disclosing, furnishing or producing, whether directly or indirectly, "Confidential Information," and which has identified or seeks to identify such information as within the protective provisions of this Stipulation; and

6. "Confidential Information" shall mean or refer to any document, request for production response, interrogatory answer, or deposition testimony or exhibits, or any portion thereof designated as confidential by a Party and which contains: (i) personal financial

1



EXHIBIT 1

Case 1:07-cv-06403   Document 57-2   Filed 07/30/2008   Page 2 of 6
Case 1:07-cv-06403   Document 25     Filed 03/06/2008   Page 2 of 6
Case 1:07-cv-06403   Document 20-2   Filed 02/27/2008   Page 3 of 7

information (including bank account statements, credit reports, and credit applications), subject to privacy law protection, concerning Plaintiffs or any putative class member, or (ii) proprietary information (*e.g.*, financial information, internal reports and analyses, etc.) concerning Defendant's business operations which are maintained as confidential and not available to the public or Defendant's competitors. This provision shall specifically exclude entire pleadings and briefs, as discussed in paragraph 9 below, under Pepsico, Inc. v. Redmond, 46 F.3d 29 (7th Cir. 1995).

7. A Party may designate any document, interrogatory answer, request for production response, or response to request for admission, produced pursuant to or in connection with discovery in this matter, or any portion thereof, which contains exclusively Confidential Information (as that term is defined above) by typing, stamping or affixing on its face (in such manner as will not interfere with the legibility thereof) the word "CONFIDENTIAL" either prior to, contemporaneous with, or within 20 days after production. Until 20 days after production, such documents shall be treated as confidential.

8. Any document, interrogatory answer, request for production response, deposition transcript, or response to request for admission which contains some Confidential Information, may have protectable portions of the documents redacted but the entire document may not be deemed Confidential Information. See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). Any redactions shall be conspicuously made and identified by the Designating Party.

9. Public pleadings, motions and briefs must be filed with the Clerk of Court. To the extent a Party wishes to include Confidential Information as a part of a pleading, motion or brief, the Party must comply with the procedures set forth in the Court's Standing Order including, but

2

Case 1:07-cv-06403   Document 57-2   Filed 07/30/2008   Page 3 of 6

Case 1:07-cv-06403   Document 25     Filed 03/06/2008   Page 3 of 6
Case 1:07-cv-06403   Document 20-2   Filed 02/27/2008   Page 4 of 7

not limited to, the filing of (i) a motion requesting an under-seal filing, and (ii) a public-record version that includes the entire filing except for the portions that are being filed under seal.

10. Confidential Information and any copies thereof shall be disclosed only to qualified persons ("Qualified Persons") except with: (i) prior written consent of the Designating Party, or (ii) Order of Court. Qualified Persons are limited to:

   a. Attorneys for the Parties, a Deponent and, as to Non-Party Deponents, the attorney for said Deponent;

   b. Non-technical and clerical staff employed by Attorneys for the Parties in connection with the preparation for and trial of this action;

   c. Independent personnel retained or consulted by counsel to furnish technical, investigative or other expert services or advice or to give expert testimony;

   d. Court reporters;

   e. Officers of and personnel employed by a Party, where needed for the preparation for and trial of this action;

   f. The Court; and

   g. Persons seeking Confidential Information pursuant to court process and/or subpoena.

However, any Qualified Persons who are not Parties or Attorneys for the Parties must first agree to be bound by the terms of this Confidentiality Stipulation by executing the form of agreement attached hereto as "Exhibit A."

11. Counsel for the Designating Party may designate parts of a deposition transcript as confidential at the time of the deposition by making a statement for inclusion in the deposition transcript; provided, however, that the designation of deposition testimony is limited to the discussion of Confidential Information.

Case 1:07-cv-06403   Document 57-2   Filed 07/30/2008   Page 4 of 6

Case 1:07-cv-06403   Document 25   Filed 03/06/2008   Page 4 of 6
Case 1:07-cv-06403   Document 20-2   Filed 02/27/2008   Page 5 of 7

12. For the purpose of this Stipulation, within four years following final termination of this action, including any appeals, all materials designated as constituting or containing Confidential Information (except pleadings) shall be destroyed. The above date of destruction of Confidential Information shall apply unless the statute of repose for legal malpractice is changed. If the statute of repose for legal malpractice is changed, the date of destruction shall correspond to the statute of repose for legal malpractice. Confidential Information may be stored off-site at a reputable storage vendor, all files containing Confidential Information to be labeled "CONFIDENTIAL."

13. Any Party or any interested member of the public may request a change in the designation of any Confidential Information. Such request shall be in writing, stating the grounds therefore, and served by facsimile or mail on counsel for the designating Party. In the event that the Parties, or the member of the public and the Party, cannot in good faith resolve their differences by agreement, the Party who designated the materials as "CONFIDENTIAL" shall within 30 days of the date the request to change the designation was made, bring the matter to the attention of the Court by appropriate motion and move to maintain the Confidential status of the material or such confidential designation shall be deemed waived. The proper designation of the challenged Confidential Information shall be determined by reference to the same standard and burden as would have applied had the Party producing the document moved for a Protective Order pursuant to F.R.C.P. 26(c). A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto.

14. To the extent that any terms agreed to between the Parties in this Stipulation are different from the Court's Standing Order, the terms of the Court's Standing Order shall control.

4

Case 1:07-cv-06403   Document 57-2   Filed 07/30/2008   Page 5 of 6

Case 1:07-cv-06403   Document 25     Filed 03/06/2008   Page 5 of 6
Case 1:07-cv-06403   Document 20-2   Filed 02/27/2008   Page 6 of 7

Dated: February 27, 2008                    Dated: February 27, 2008

By: /s/ Lance A. Raphael                    By: /s/ Nathaniel Sinn
    One of Plaintiffs' Attorneys              One of Defendant's Attorneys

Enter: _____Wm. J. Hibbler_____
       United States Judge
       3/6/08

Case 1:07-cv-06403   Document 57-2   Filed 07/30/2008   Page 6 of 6
Case 1:07-cv-06403   Document 25     Filed 03/06/2008   Page 6 of 6
Case 1:07-cv-06403   Document 20-2   Filed 02/27/2008   Page 7 of 7

## "EXHIBIT A"

### AGREEMENT OF _____

1. I have read and understand the provisions of the Confidentiality Stipulation in the case styled Flores v. Diamond Bank, Case No. 07 C 6403, pending in the United States District Court for the Northern District of Illinois, Eastern Division (the "Stipulation").

2. I will comply with all of the provisions of the Stipulation.

3. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and will use only for purposes of this action any Confidential Information, as defined therein.

4. Upon request, I will return all materials designated as Confidential Information, and copies, document or things which I have prepared relating thereto, to counsel of record for the party who has provided me with the materials designated as Confidential Information.

5. I hereby agree that my obligations under this Stipulation may be enforced by the United States District Court for the Northern District of Illinois, Eastern Division.

Printed Name: _____

Address: _____

_____

Signature: _____

Dated: _____, 200___.