## Mark D. Belongia

**From:** Lance Raphael [lance@caclawyers.com]
**Sent:** Friday, July 25, 2008 4:47 PM
**To:** mbelongia@mdb-law.com
**Cc:** nsinn@mdb-law.com; cflor327@hotmail.com
**Subject:** RE: Flores v. Diamond Bank

Mark D. Belongia
Belongia & Shapiro, LLP
53 W. Jackson Blvd, Suite 315
Chicago, IL 60604

Nathaniel Sinn
Belongia & Shapiro
53 W. Jackson Blvd., Suite 315
Chicago, IL 60604

Mr. Belongia and Mr. Sinn:

You have put me in an awkward position.

First, you issued a subpoena for "copies of any and all medical records" of my client for the month of August, in a case where her medical condition can not and is not at all in any way an issue.

She is suing under a strict liability statute for being charged a transaction fee from an ATM where your client failed to put up the fee notice. Thus there is no possible stretch of any argument which would justify you asking her doctor for "copies of any and all medical records" of my client.

Second, you never sent me any notification of issuing the subpoena. Your firm has been in the meticulous practice of filing with the federal court a notification of the certificate of service on every single discovery request in this case. Yet on a subpoena you clearly did not want me to know about before it was served, you desist from your normal uniform practice and issue these subpoenas without filing such a notice and additionally without ever sending me the notice.

Medical records are highly private issues. You did not even bother asking me for such records in the course of normal discovery with a document request; instead you went the route of seeking them, without notice, directly from my client's medical provider.

I refer you to the Rules of Professional Conduct Rule 4.4.

**RULE 4.4      Respect for Rights of Third Persons**

In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

Third, when I learned – from my client through her doctor - of your improper subpoena and I immediately called you on July 22, 2008 and had a 37.2 conference with Mr. Belongia about the lack of notice and objectionable request. Mr. Belongia told me he would withdraw the subpoena and contact the medical provider. I was also told I would be sent a copy of the subpoena, which to that date I only knew of from my client's panicked call to me.

On July 23, 2008 at 839 a.m. I confirmed our prior day's 37.2 conference in writing to both of you. Yet despite this confirmation you again did nothing to withdraw the subpoena as promised or to send me a copy of the subpoena which I asked for the prior day.

As a direct result of your misrepresentation that you would withdraw the subpoena we did not file an emergency motion to quash. And as a result of your misrepresentation on July 24, 2008 the medical provider gave your office confidential and highly sensitive information to which you had no right.

EXHIBIT 9

1

Instead of calling me and telling me of this, or immediately destroying the material, you passed it on to your secretary and who knows how many other people at your office who then e-mailed me the materials.

It was not until I called today that I was first faxed a copy of your improper subpoena.

This conduct is unethical, designed to harass, and as it involves dishonesty in your statements to your opposing counsel.

I refer you to the following Rules of Professional Conduct Rule:

**RULE 8.3    Reporting Professional Misconduct**

(a)   A lawyer possessing knowledge not otherwise protected as a confidence by these Rules or by law that another lawyer has committed a violation of Rule 8.4(a)(3) <u>or (a)(4) shall report such knowledge to a tribunal</u> or other authority empowered to investigate or act upon such violation.

**RULE 8.4    Misconduct**

(a)   A lawyer shall not:

(4)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

As a result of the above problem, I will be moving to quash all your third party subpoenas, since I don't know what ones you have sent or not sent.

I will be moving for an order of sanctions for your conduct with regard to this my client's personal private medical records.

And I will be moving for an order compelling you to destroy my client's medical records and produce an affidavit from each and every one of your office staff who may have seen the records that they will maintain their confidence if they saw them and that all her records have in fact been destroyed, including from your computer system where you scanned it in.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
```

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.

"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit. That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing, there will be no results." ~Mahatma Gandhi

---

**From:** Lance Raphael
**Sent:** Wednesday, July 23, 2008 8:39 AM
**To:** 'mbelongia@mdb-law.com'

**Cc:** Stacy Bardo; 'nsinn@mdb-law.com'; 'cflor327@hotmail.com'
**Subject:** Flores v. Diamond Bank

Mark D. Belongia
Belongia & Shapiro, LLP
53 W. Jackson Blvd, Suite 315
Chicago, IL 60604

Mark;

Please send me the subpoenas you issued in this case including the one to my client's medical provider and bank. We did not receive notice of the subpoenas, but were called by our client when her doctor called her regarding the matter. If the subpoenas were sent without proper notice to our office we will move to quash them on that basis as well.

Also, per our 37.2 conversation of yesterday, please provide me with proof of notice to the doctor of the withdrawal of the subpoena or I will have to add that one to my motion to quash. Once I obtain proof of the withdrawal of that subpoena I will inquire as to obtaining an affidavit from the doctor's office as to my client having visited on the day in question.

I want to reiterate that your issuance of these broad ranging subpoenas with regard to personal medical and financial matters is harassing and serves no legitimate purpose. There was no basis to ask for my client's medical records and no basis to ask for her bank records.

You asked her what she was doing when she came upon the ATM, she answered that question. It is entirely irrelevant in the first place as it does not bear upon any issue in this case as it is a strict liability case and further inquiry to my client's doctor is well beyond the call.

As for asking for my client's bank records for a three year period, this too is totally harassing. There is no issue upon which this material would bear any relevance. Further, whether my client has ever been charged a transaction fee by any other bank is entirely irrelevant to this case which bears upon your client's conduct. If you want, we will stipulate she has been charged such ATM fees in the past. This does not help or harm your case because the statute says you can not charge the fee if the notice is missing, period. There is no issue about other banks doing it.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
```

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.

"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit. That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing, there will be no results." ~Mahatma Gandhi