**Subject:** RE: Flores v. Diamond Bank
**From:** "Lance Raphael" <lance@caclawyers.com>
**Date:** Tue, 1 Apr 2008 21:24:53 -0600
**To:** "Mark D. Belongia" <mbelongia@belongiashapiro.com>
**CC:** "Nate Sinn" <nsinn@belongiashapiro.com>, "Stacy Bardo" <Stacy@caclawyers.com>

I told you at court on 3.26 to only contact me as you were abusive on the phone to Mr. Sinn the day prior.

- That is as absurd now as it would have been had you said it than. First, I had a civil conversation with Mr. Sinn and any statement to the contrary is a lie. Your comment to me after court was that Mr. Sinn thought I hung up on him. Why he thought this was beyond me as the conversation was civil short and to the point and finished with him saying he would not withdraw any of the objections to our discovery, not commit any more than you have as to a date for compliance with the late responses and so I said if that is the case than we have nothing further to discuss. At which point I thought the conversation was over.

Next, Mr. Sinn has not sent you any correspondence since our last court date so your references below to our "gamesmanship" is incorrect. Our discovery responses are not untimely as you claim.

-- according to the Rules of Civil Procedure, which are the rules I am following, answers are due in 30 days unless an extension is agreed upon. 30 days is past and no extension was requested agreed upon or granted. Thus, unless I am mistaken they are in fact late. What makes you think you requested or otherwise obtained an extension?

Judge Hibbler allowed the parties until 4.9 to file a rule 26(f) report and which was actually filed today. If we wanted to play games with you we would have waited until 4.9 to respond to your proposed 26(f) report.

-the report is not the aspect you are playing games with as it serves no purpose. Producing discovery is.

As we have told you, your discovery requests require much effort to respond to and we are working on it now. Judge Hibbler set a further status at which time we are to apprise him on the status of written discovery. When I have a firm date for compliance I will let you know.

-that is not acceptable. I will file a motion to compel tomorrow as I need to have the written material before the depositions and you unilaterally have refused to respond without even a request for additional time.

We do not have control over Ligas – that's why we gave you his cell phone number.

-you had enough control over him to 1) produce an affidavit from him, 2) determine that he was not the one served with the subpoena and 3) offer in writing to produce him yourself. Thus I am hard pressed to understand how he is in control when it suits you and not in your control for any other purpose.

Once again, have you called him since 3.12.08 when you were provided his contact info in an email from us?

--you told my office he was represented by an attorney. I follow the rules of ethics and don't contact persons represented by counsel. But if you are telling me now that he is not so represented I will call him.

We are cooperating within the rules of civil procedure. You are not cooperating. You sent us a notice of deposition for James Hubbard for 4.10.08 at 10:00 a.m.

-yes, that is the way litigation works. We notice up depositions. If you have a citation to a rule Jo



otherwise which requires a pre-conference to schedule a deposition please let me know. Otherwise please produce him on the day – your office said you were available and which he should appear absent a previously scheduled event which would merit not appearing.

Did you bother to inquire whether he or our office was actually available on that date and time? No.

-see your associate's letter setting forth available dates.

Professional courtesy would dictate that your office call us to arrange for a mutually agreeable date and time for his deposition. In fact, we are not available on that date or time and thus he will not be produced pursuant to this notice. If you want to call me and schedule his deposition for a date and time that both Mr. Hubbard and our office can appear, I would suggest you do so and we can move on with this case.

-this contradicts your associates letter and I would suggest you produce a basis for the continuance and an alternative date.

By the way when are you answering our discovery requests?

- If I were to follow your example, my answer would be: "When I have a firm date for compliance I will let you know."

We are sending you a notice for the deposition of Plaintiff. Do you want to talk to your client and get potential dates or should we just notice the deposition and insist that she appear?

- You should do what you believe is required under the rules.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or
previous e-mail messages attached to it may contain confidential information that
is legally privileged. If you are not the intended recipient, or a person
responsible for delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the information
contained in or attached to this transmission is STRICTLY PROHIBITED. If you have
received this transmission in error, please immediately notify me by reply e-mail,
by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and
destroy the original transmission and its attachments without reading or saving in
any manner. The CAC is a private law firm. It is not, and is not affiliated with,
any not-for-profit, governmental or public interest organization.
"It's the action, not the fruit of the action that's important. You have to do the
right thing. It may not be in your power, may not be in your time, that there'll
be any fruit.  That does not mean you stop doing the right thing. You may never
know what results come from your action. But if you do nothing,there will be no
results." ~Mahatma Gandhi
```

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Tuesday, April 01, 2008 5:36 PM
**To:** Lance Raphael
**Cc:** 'Nate Sinn'; Stacy Bardo
**Subject:** RE: Flores v. Diamond Bank

I told you at court on 3.26 to only contact me as you were abusive on the phone to Mr. Sinn the day prior. Next, Mr. Sinn has not sent you any correspondence since our last court date so your references below to our "gamesmanship" is incorrect. Our discovery responses are not untimely as you claim. Judge Hibbler allowed the parties until 4.9 to file a rule 26(f) report and which was actually filed today. If we wanted to play games with you we would have waited until 4.9 to respond to your proposed 26(f) report. As we have told you, your discovery requests require much effort to respond to and we are working on it now. Judge Hibbler set a further status at which time we are to apprise him on the status of written discovery. When I have a firm date for compliance I will let you know. We do not have control over Ligas – that's why we gave you his cell phone number. Once again, have you called him since 3.12.08 when you were provided his contact info in an email from us?

We are cooperating within the rules of civil procedure. You are not cooperating. You sent us a notice of deposition for James Hubbard for 4.10.08 at 10:00 a.m. Did you bother to inquire whether he or our office was actually available on that date and time? No. Professional courtesy would dictate that your office call us to arrange for a mutually agreeable date and time for his deposition. In fact, we are not available on that date or time and thus he will not be produced pursuant to this notice. If you want to call me and schedule his deposition for a date and time that both Mr. Hubbard and our office can appear, I would suggest you do so and we can move on with this case. By the way when are you answering our discovery requests? We are sending you a notice for the deposition of Plaintiff. Do you want to talk to your client and get potential dates or should we just notice the deposition and insist that she appear?

**From:** Lance Raphael [mailto:lance@caclawyers.com]
**Sent:** Tuesday, April 01, 2008 3:12 PM
**To:** Mark D. Belongia; nsinn@mdb-law.com
**Cc:** Stacy Bardo; Allison Krumhorn; Paralegal2 ; Paralegal1
**Subject:** RE: Flores v. Diamond Bank

No you don't have to leave a meeting with a client to take my call – I called you – but you were busy, so I asked if Sinn your associate was in.

They said yes and then when I asked for him they put me through to your voice mail instead of letting him taking my call.

When I last talked to Sinn, he refused to give me a date for compliance, and when I brought this up to you in front of the Judge, neither of you took it upon yourselves to tell me you would comply with our discovery requests.

The 28th
in my letter came and went and still no discovery. So, now I was giving one last extension until the end of this week. All you have to do is say – yes we will comply.

As for needing to speak to you personally as opposed to your associate, this was your decision to say to me that I can not speak Mr. Sinn and to follow through on this.

Normally you have a choice who is supposed to talk on the file, but when it is the person who is drafting letters under 37.2 and I am being told by you in court I can not speak with that person and your office will not put me through to that person, it appears – at least to me – to be gamesmanship. i.e. he writes the letters and then cant be talked with.

It was also your decision to not timely respond to discovery in a fee shifting case.

It was your decision to file a motion to dismiss that seems – at least to me -like it does not present a high likelihood of success.

It was your decision to be uncooperative in getting me the contact information for the witness your client has control over.

Please call me today or tomorrow if you want to demonstrate some better cooperation in this case. I assure you, that it will make settlement of this case easier if I am not forced to compel every little item and fight every little issue.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or
previous e-mail messages attached to it may contain confidential information that
is legally privileged. If you are not the intended recipient, or a person
responsible for delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the information
contained in or attached to this transmission is STRICTLY PROHIBITED. If you have
received this transmission in error, please immediately notify me by reply e-mail,
by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and
destroy the original transmission and its attachments without reading or saving in
any manner. The CAC is a private law firm. It is not, and is not affiliated with,
any not-for-profit, governmental or public interest organization.
"It's the action, not the fruit of the action that's important. You have to do the
right thing. It may not be in your power, may not be in your time, that there'll
be any fruit.  That does not mean you stop doing the right thing. You may never
know what results come from your action. But if you do nothing,there will be no
results." ~Mahatma Gandhi
```

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Tuesday, April 01, 2008 2:53 PM
**To:** Lance Raphael
**Subject:** RE: Flores v. Diamond Bank

APPARENTLY WHEN YOU CALL I MUST LEAVE A CLIENT MEETING TO TAKE YOUR CALL. I WILL RESPOND TO THE BELOW SHORTLY. MDB


**From:** Lance Raphael [mailto:lance@caclawyers.com]
**Sent:** Tuesday, April 01, 2008 2:42 PM
**To:** nsinn@mdb-law.com
**Cc:** mbelongia@mdb-law.com; Stacy Bardo; Paralegal2 ; Allison Krumhorn; Remell (remell@caclawyers.com)
**Subject:** Flores v. Diamond Bank

Mark D. Belongia
Belongia & Shapiro, LLP
53 W. Jackson Blvd, Suite 315
Chicago, IL 60604

UNDER RULE 37.2

Mr. Belongia:

I called your office for another Rule 37.2 conference in furtherance of the prior Rule 37.2 conference that I had with your associate before the prior to the Court appearance and in furtherance of our conversations before the Judge in open court and after court.

While it is your associate who is writing the letters under 37.2, when I called for him, I was told he was in but was transferred to your voice mail. I suppose this is your offices intent to carry through on your statement to me after court that I was not to have any further

conversations with your associate on this file.

I believe this impermissibly restricts my ability to conduct a Rule 37.2 conference when it is your associate who is drafting the responses, signing the responses, and drafting the letters. But putting that aside for the moment, your associates letter makes it appear that you want to impermissibly limit the time for these deposition which is 7 hours under the rules.

(d) DURATION; SANCTION; MOTION TO TERMINATE OR LIMIT.
(1) *Duration.*
Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or

So to be clear, I am noticing the depositions for 10:00 a.m. I am noticing your client's depositions of Kim Cole for April 9, 2008, at 10 am, James Hubbard of April 10, 2008 and re-noticing the subpoenaed deposition of Lawrence Ligas for the 11th.

Finally, we have not received any of the documents or interrogatory responses requested in our discovery, despite the 37.2 conference I had with your associate prior to the Court appearance and the discussion before the Judge in open Court as to your client's tardy responses. If I do not receive word that the documents and responses will be here in my office this week, by tomorrow, I will file a motion to compel referenced in my letter of March 25, 2008.

I had thought that with the further discussion we had in open court regarding the tardy responses you would have taken the reigns on this case and made such efforts unnecessary. I am available all day today and in the morning tomorrow to discuss the matter further.
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.
"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit.  That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing,there will be no results." ~Mahatma Gandhi

March 25, 2008

**Via Facsimile and U.S. Mail**

**Fax: 312.662.1040**                                    **UNDER RULE 37.2**

Mr. Nathaniel R. Sinn
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Ste. 315
Chicago, IL 60604

  Re: Flores v. Diamond Bank
    Case No. 07 C 6403; N.D. Ill.

Dear Mr. Sinn:

This letter shall serve, under Rule 37.2, as notice of my request for your client to adequately respond to our written discovery and provide us with information about this case. We have not received any responses to interrogatories or requests to produce. During our Rule 37.2 conference today you would not commit to a date to make your responses.

We have received your client's responses to requests to admit, and they are not adequate for a variety of reasons including the fact that they use general objections which are not provided for under the Federal Rules of Civil Procedure. *See Obiajulu v. City of Rochester, Department of Law*, 166 F.R.D. 293 (W.D.N.Y. 1996):

> Such pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure.*Id.* at 295 (citations omitted). *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497-98 (D. Kan. 1998) (A general preliminary objection to "to the extent it may apply to particular requests for discovery" is "worthless" and does not effectively assert an objection.);

You said you would not withdraw the general objections, nor any of the objections to the discovery, including those that pertained to relevance – even after I pointed out to you by way of example that RTA 4 and 5 are relevant in that they pertain to your client's attempts to comply with the notice provisions relevant to the use of ATMs. I point you to the following:

> Relevancy is "broadly construed," and discovery request should be considered relevant if there is "any possibility" that information that is sought may be relevant to claim or defense of any party; when discovery that is sought appears relevant, party resisting discovery has burden to establish lack of relevance by demonstrating that requested discovery: (1) does not come within scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that potential harm occasioned by discovery would outweigh ordinary presumption in favor of broad discovery. Cory v Aztec Steel Bldg., Inc. (2005, DC Kan) 225 FRD 667.

Fed. R. Civ. P. 1 provides that the Rules of Civil Procedure, including those relating to discovery "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Thus far in this case, you have refused to disclose any information; you have inappropriately objected to requests to admit and you have refused to produce deponents (on the basis that their respective affidavits longer existed, because your original motion to dismiss was moot, notwithstanding that you submitted the exact same affidavits in support of your currently-pending motion to dismiss). Your obstructionist approach to this case is in direct violation of Rule 1.

As you could not give me a date by which your document productions and responses would be in hands, I must provide a deadline, if we do not get such responses (which were due March 10, 2008) by March 28, 2008, we will move to compel production and seek attorneys' fees pursuant to Rule 37(c)(2) and any relevant Rule. Moreover, because your client has failed to respond timely to interrogatories and request produce, your client has waived any objections it may have had to those discovery requests.

In addition to the foregoing, you have a duty pursuant to Rule 26(a) to disclose all relevant information, which you have not done to date. Yet, you have had time to obtain affidavits and submit discovery reque plaintiff. We intend to seek an order of preclusion on any information you have not turned over before the close of discovery.

Additionally, Rule 26(a)(1)(A) provides that a party must, without awaiting a discovery request, provide to other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information. Moreover, the Advisory Committee Notes to the 2000 Amendment of Rule 26(a) make clear that "may use" includes use in support of a motion or at trial. Fed. R. Civ. P. 37(c)(1) provides an automatic sanction for a party's failure to disclose or supplement disclosures under Rule 26, and is designed to provide a strong inducement for the disclosure of material.[1]

Recently, a recommendation of sanctions was made by a judge in this district, Western Division, for a

defendant's failure to disclose witnesses until responding to plaintiff's summary judgment motion. Relying upon Rule 26's requirement that a party supplement discovery responses at any time throughout the litigation after learning that the information previously disclosed is incomplete or incorrect, the Court stated:

> ...the district court must enforce the Federal Rules of Civil Procedure. In order for the Federal Rules of Civil Procedure to have any type of authority, this court must demand that the rules are substantively followed...Rather, Defendant's counsel, seemingly playing by his own rules, decided to circumvent the Federal Rules of Civil Procedure and include two affidavits of two individuals not known to the Plaintiff or known to the court.[2]

In this case, you have submitted two affidavits without proper disclosure pursuant to Rule 26, let alone improperly refusing to answer discovery requests seeking similar information. As identified by the *Hess* court, lawsuits and their related discovery are not a one-way street on which you get to set your own rules.

I look forward to your client's answers to plaintiff's outstanding discovery responses by March 28, 2008.

Yours very truly,

Lance A. Raphael

---

[1] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed... Furthermore, although we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1) (citation omitted). This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power..." and "The new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule...").

[2] *Hess v. Reg-Ellen Machine Tool Corp.*, 2003 U.S. Dist. LEXIS 8629, *14 (N.D. Ill. May 22, 2003).

## Mark D. Belongia

| | |
|---|---|
| From: | Lance Raphael [lance@caclawyers.com] |
| Sent: | Monday, May 12, 2008 6:02 PM |
| To: | Mark D. Belongia |
| Cc: | Stacy Bardo; Nate Sinn |
| Subject: | RE: Your Discovery Non-complaince |

Uh, we did respond.

It was put in the mail.

We do not file certificates of service with the Courts ECF system as you do.

Actually, that causes me to question. Why do you do that? I have never seen any law firm file discovery certificates of service with the court in federal court and I don't see any rule or local rule or judge's rule requiring it.

Is there something I am missing?

Also, why so hostile, calling it "non-compliance" when you have no basis to believe I did not mail our responses?

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
```
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.

"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit. That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing, there will be no results." ~Mahatma Gandhi

---

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Monday, May 12, 2008 5:59 PM
**To:** Lance Raphael
**Cc:** Stacy Bardo; 'Nate Sinn'
**Subject:** Your Discovery Non-complaince

Lance,

Today was the deadline for your client's answers to our written discovery. We received nothing. Advise on whether answers are forthcoming.

1

**Subject:** RE: Read: Flores v. Diamond Bank
**From:** "Lance Raphael" <lance@caclawyers.com>
**Date:** Tue, 27 May 2008 15:02:07 -0500
**To:** "Mark D. Belongia" <mbelongia@belongiashapiro.com>
**CC:** "Nate Sinn" <nsinn@belongiashapiro.com>, "Paralegal2 " <sherry@caclawyers.com>, "Stacy Bardo" <Stacy@caclawyers.com>, "Allison Krumhorn" <allison@caclawyers.com>

What possible motion could you file without first having a 37.2 conference in advance.

Also, you have no basis not to produce a witness on this case as the notice was proper and the date was checked in advance.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or
previous e-mail messages attached to it may contain confidential information that
is legally privileged. If you are not the intended recipient, or a person
responsible for delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the information
contained in or attached to this transmission is STRICTLY PROHIBITED. If you have
received this transmission in error, please immediately notify me by reply e-mail,
by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and
destroy the original transmission and its attachments without reading or saving in
any manner. The CAC is a private law firm. It is not, and is not affiliated with,
any not-for-profit, governmental or public interest organization.
"It's the action, not the fruit of the action that's important. You have to do the
right thing. It may not be in your power, may not be in your time, that there'll
be any fruit.  That does not mean you stop doing the right thing. You may never
know what results come from your action. But if you do nothing,there will be no
results." ~Mahatma Gandhi
```

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Tuesday, May 27, 2008 2:12 PM
**To:** Lance Raphael
**Cc:** 'Nate Sinn'
**Subject:** RE: Read: Flores v. Diamond Bank

We are not producing Mr. Hubbard tomorrow as you never addressed the issues in our last letter to you. We are filing a motion today.  MDB

**From:** Lance Raphael [mailto:lance@caclawyers.com]
**Sent:** Tuesday, May 27, 2008 1:51 PM
**To:** Mark D. Belongia
**Cc:** Stacy Bardo; Allison Krumhorn; Paralegal2 ; Paralegal1
**Subject:** RE: Read: Flores v. Diamond Bank

Thanks to the magic of e-mail I saw you read my note. I also left you a voice mail. I presume the deposition is going tomorrow as you have not filed a motion for a protective order or otherwise sought to continue it or the other depositions to a different date.

Thus, I look forward to seeing you and the Defendant tomorrow.
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.
"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit.  That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing, there will be no results." ~Mahatma Gandhi

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Tuesday, May 27, 2008 1:34 PM
**To:** Lance Raphael
**Subject:** Read: Flores v. Diamond Bank
**Importance:** High


Your message

   To:  mbelongia@mdb-law.com
   Cc:  Stacy Bardo; Allison Krumhorn; Paralegal2
   Subject:  Flores v. Diamond Bank
   Sent:  5/27/2008 1:32 PM

was read on 5/27/2008 1:33 PM.

**Subject:** RE: Flores v. Diamond Bank
**From:** "Lance Raphael" <lance@caclawyers.com>
**Date:** Wed, 11 Jun 2008 16:29:27 -0500
**To:** "Mark D. Belongia" <mbelongia@belongiashapiro.com>
**CC:** "Stacy Bardo" <Stacy@caclawyers.com>, "Nate Sinn" <nsinn@belongiashapiro.com>

I thought I was clear about this in our 37.2 conferences and before the Court.

If the depositions prove to be unremarkable, i.e. your witnesses are candid and truthful, than the use of the photographs for the purposes of impeachment is gone and the impeachment purposes of the photographs become irrelevant.

If the deponents are not candid or equivocate in the depositions about anything that the photos would tend to impeach, than in that case the photos will be produced and used for such impeachment and you can use them as you see fit.

But in any event, I told you that once the value of the photos for impeachment purposes was gone, we would immediately following the depositions of your client and your other occurrence witness, tender them to you and supplement our discovery responses by removing the objection based upon work product privilege.

You will then be welcome to use the photos, either to rehabilitate your witness or whatever purpose you want. More likely, assuming Defendants witnesses are candid in their depositions, you will find the photos as irrelevant as I.

Which is why the Court ordered the depositions to proceed, it cuts the Gordian knot.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or
previous e-mail messages attached to it may contain confidential information that
is legally privileged. If you are not the intended recipient, or a person
responsible for delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the information
contained in or attached to this transmission is STRICTLY PROHIBITED. If you have
received this transmission in error, please immediately notify me by reply e-mail,
by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and
destroy the original transmission and its attachments without reading or saving in
any manner. The CAC is a private law firm. It is not, and is not affiliated with,
any not-for-profit, governmental or public interest organization.
"It's the action, not the fruit of the action that's important. You have to do the
right thing. It may not be in your power, may not be in your time, that there'll
be any fruit.  That does not mean you stop doing the right thing. You may never
know what results come from your action. But if you do nothing,there will be no
results." ~Mahatma Gandhi
```

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Wednesday, June 11, 2008 11:55 AM
**To:** Lance Raphael
**Cc:** Stacy Bardo; 'Nate Sinn'
**Subject:** RE: Flores v. Diamond Bank

Response please. MDB

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Monday, June 09, 2008 2:20 PM
**To:** 'Lance Raphael'
**Cc:** 'Stacy Bardo'; 'Nate Sinn'
**Subject:** RE: Flores v. Diamond Bank

Lance,

We believe that the photographs in your possession may be discoverable. In order to make that determination, we need you to provide us with date the photographs were taken and the identity of the photographer. Once we have that information we can decide if a motion is appropriate or not.

MDB

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Thursday, June 05, 2008 3:30 PM
**To:** 'Lance Raphael'
**Subject:** RE: Flores v. Diamond Bank

Ok.

**From:** Lance Raphael [mailto:lance@caclawyers.com]
**Sent:** Thursday, June 05, 2008 2:22 PM
**To:** Mark D. Belongia
**Subject:** RE: Flores v. Diamond Bank

I just spoke to Rustin and interviewed him. We are working out the matter ourselves. He will be providing me with his documents and materials separately. I will send you a copy of them upon receipt.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or
previous e-mail messages attached to it may contain confidential information that
is legally privileged. If you are not the intended recipient, or a person
responsible for delivering it to the intended recipient, you are hereby notified
that any disclosure, copying, distribution or use of any of the information
contained in or attached to this transmission is STRICTLY PROHIBITED. If you have
received this transmission in error, please immediately notify me by reply e-mail,
by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and
destroy the original transmission and its attachments without reading or saving in
any manner. The CAC is a private law firm. It is not, and is not affiliated with,
any not-for-profit, governmental or public interest organization.
"It's the action, not the fruit of the action that's important. You have to do the
right thing. It may not be in your power, may not be in your time, that there'll
be any fruit.  That does not mean you stop doing the right thing. You may never
know what results come from your action. But if you do nothing,there will be no
results." ~Mahatma Gandhi
```

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Thursday, June 05, 2008 2:12 PM
**To:** Lance Raphael

**Subject:** RE: Flores v. Diamond Bank

Lance,

I have confirmed the depositions dates for bank employees:

> Kimberly Cole – June 18, 2008 at 10:00 a.m.
>
> James A. Hubbard – June 19, 2008 at 10:00 a.m.

We are preparing proposed stipulated testimony for bank employee Brett Sand and witness Barry Rustin. We will tender to you shortly.

MDB

**From:** Lance Raphael [mailto:lance@caclawyers.com]
**Sent:** Tuesday, June 03, 2008 9:22 AM
**To:** mbelongia@mdb-law.com
**Subject:** Flores v. Diamond Bank

Are you available for the call now.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
```

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.

"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit. That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing, there will be no results." ~Mahatma Gandhi

## Mark D. Belongia

**From:** Lance Raphael [lance@caclawyers.com]
**Sent:** Tuesday, July 15, 2008 11:50 AM
**To:** Mark D. Belongia
**Cc:** Stacy Bardo; Allison Krumhorn; Paralegal2 ; Nate Sinn
**Subject:** RE: Flores v. Diamond Bank

I don't know why a lawyer for a subpoenaed witness is calling a lawyer who did not issue the subpoena to discuss it.

But unless he contacts me and has a good reason why the guy can not show up for the deposition scheduled for tomorrow, I am still proceeding with my motion for a rule to show cause and he can explain to the Judge why his client took the position he took with me.

Also, have you ever heard of the concept of a positional conflict? It is where a lawyer takes one position on an issue of law before one judge and at or near the same time takes the opposite position on an issue of law before another judge in the same courthouse.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
```

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.

"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit. That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing, there will be no results." ~Mahatma Gandhi

---

**From:** Mark D. Belongia [mailto:mbelongia@belongiashapiro.com]
**Sent:** Tuesday, July 15, 2008 11:35 AM
**To:** Lance Raphael
**Cc:** Stacy Bardo; Allison Krumhorn; Paralegal2 ; 'Nate Sinn'
**Subject:** RE: Flores v. Diamond Bank

Lance,

I was contacted yesterday by an attorney who stated he will be representing Mr. Ligas at his deposition. I expect to receive written confirmation of this information today. When I get same, I will let you know so we can schedule this deposition.

MDB

1

## Mark D. Belongia

| | |
|---|---|
| From: | Lance Raphael [lance@caclawyers.com] |
| Sent: | Friday, July 25, 2008 6:47 PM |
| To: | Steven.Levy@goldbergkohn.com; cflor327@hotmail.com; david.lidow@goldbergkohn.com |
| Cc: | mbelongia@mdb-law.com; Stacy Bardo; Allison Krumhorn; Paralegal2 |
| Subject: | Hobbs v. TCF Bank |
| Attachments: | quash sanctions nom-tcf peak.pdf; quash sanctions mtn-tcf peak 2.pdf |

Mr. Steven Levy
Goldberg, Kohn, Bell, Black, Rosenbloom & Moritz, Ltd.
55 East Monroe Street
Suite 3300
Chicago IL 60603

Steve:

I am formally serving this motion on your client at the address to which the subpoena was served, but as you and I know each other so well, I thought I would give you the heads up on this very sensitive subject so that the Bank does not inadvertently act before the issue is ruled upon.

Opposing counsel in an Electronic Funds Transfer Act, 15 U.S.C. § 1693 et. seq. case – you know these cases very well – acted with a bit too much zeal and issued a subpoena for my client's personal medical records and her personal financial records without notice to me in advance, (on the medical records).

It goes without saying that we have a client who feels very strongly about protecting her personal privacy and the invasion this caused.

So we are moving to quash the subpoenas.

Please do me the favor and contact your client to give them the heads up on this. Call me with any questions.

```
Lance A. Raphael
The Consumer Advocacy Center, P.C.
A private law firm devoted to protecting consumers' rights
180 West Washington
Suite 700
Chicago, IL 60602-2318
Phone: 312-782-5808
Fax: 312-377-9930
```
CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by reply e-mail, by forwarding this to lance@caclawyers.com or by telephone at 312-782-5808 and destroy the original transmission and its attachments without reading or saving in any manner. The CAC is a private law firm. It is not, and is not affiliated with, any not-for-profit, governmental or public interest organization.

"It's the action, not the fruit of the action that's important. You have to do the right thing. It may not be in your power, may not be in your time, that there'll be any fruit. That does not mean you stop doing the right thing. You may never know what results come from your action. But if you do nothing, there will be no results." ~Mahatma Gandhi

1