# **APPENDIX 1**

**Westlaw Delivery Summary Report for SINN,NATE R 6026349**

| | |
|---|---|
| Date/Time of Request: | Monday, July 28, 2008 17:43 Central |
| Client Identifier: | 0126/01 |
| Database: | FRDFIND |
| Citation Text: | 175 F.R.D. 665 |
| Lines: | 498 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

175 F.R.D. 665                                                                                                              Page 1
175 F.R.D. 665
**175 F.R.D. 665**

C
Windsor v. Martindale
D.Colo.,1997.

United States District Court,D. Colorado.
Michael Duane WINDSOR, Plaintiff,
v.
Lieutenant John MARTINDALE and Sergeant Gerry Smith, Defendants.
**No. 96-S-794.**

Sept. 22, 1997.

Pro se prisoner, proceeding in forma pauperis, brought § 1983 claims against Department of Corrections (DOC) employees at correctional facility. After prisoner served subpoenas duces tecum on third parties, motions for protectiv orders and to quash subpoenas were filed and prisoner filed motion to enforce subpoenas. The District Court, Borche United States Magistrate Judge, held that: (1) defendant lacked standing to object to subpoenas on technical grounds attempt by prisoner to serve subpoenas by regular mail was not sufficient; (3) service of subpoenas by certified mail United States Marshals Service was sufficient; (4) subpoenas could not be quashed on ground that prisoner failed to provide witness fees and mileage; and (5) subpoenas would be enforced to limited degree by requiring third parties t provide some requested documents for in camera review.

Third parties' motions to quash granted in part.

West Headnotes

[1] Witnesses 410 ⟜9

410 Witnesses
    410I In General
        410k7 Subpoena
            410k9 k. Application and Proceedings Thereon. Most Cited Cases

**Witnesses 410** ⚿16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

General rule is that party has no standing to quash subpoena served on third party, except as to claims of privilege relating to documents being sought.

**[2] Witnesses 410** ⚿16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Party may move to quash subpoena on showing that there is privacy interest applicable.

**[3] Witnesses 410** ⚿16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Absent specific showing of privilege or privacy, court cannot quash subpoena duces tecum.

**[4] Witnesses 410** ⚿16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Defendant who failed to set forth, in motion to quash subpoenas duces tecum upon third parties, specific privilege or basis upon which court could examine requested documents to determine if any basis existed for protection of the documents did not provide any legal basis upon which subpoenas could be quashed and lacked standing to object to improper service, lack of witness fees, or other similar technical violations of rule governing subpoenas. Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A .

**[5] Witnesses 410** ⚿16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Attempt by pro se prisoner proceeding in forma pauperis to serve subpoenas duces tecum on third parties by regular ma was not sufficient service under rule governing subpoenas. Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A .

**[6] Witnesses 410** ⚿16

410 Witnesses
    410I In General

410k16 k. Subpoena Duces Tecum. Most Cited Cases

Service of subpoenas duces tecum on third parties by certified mail by United States Marshals Service on behalf of prisoner proceeding in forma pauperis provided fair and economical means of serving process, and there was no denial of due process of law by such service. U.S.C.A. Const.Amend. 5 ; Fed.Rules Civ.Proc.Rule 45(b)(1), 28 U.S.C.A .

[7] Witnesses 410 ⇌16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Subpoenas duces tecum served on third parties in civil rights litigation could not be quashed on ground that pro se prisoner failed to provide witness fees and mileage, where parties were both employed at correctional facility where prisoner was incarcerated, parties were both served at correctional facilities, no requirement was made that either individual appear for deposition, and subpoena compelled nothing more than production of documents, and thus, there was no requirement that witness fee and mileage be tendered along with subpoena. Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A .

[8] Federal Civil Procedure 170A ⇌2734

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2732 Deposit or Security
            170Ak2734 k. Forma Pauperis Proceedings. Most Cited Cases

Being allowed to proceed in forma pauperis does not excuse tendering of required witness fee and mileage along subpoenas duces tecum. 28 U.S.C.A. § 1915 ; Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A .

[9] Witnesses 410 ⇌16

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Subpoenas duces tecum served on third parties employed in correctional facility, by prisoner in § 1983 civil rights litigation who was proceeding in forma pauperis, would be enforced only to limited extent, to require served parties provide, for in camera review, documents determined by court to be possibly relevant regarding prisoner and defendant who were employees at another correctional facility.

[10] Process 313 ⇌171

313 Process
    313IV Abuse of Process
        313k171 k. Actions. Most Cited Cases

Court has inherent power to protect anyone from oppressive use of process.

[11] Evidence 157 ⇌50

157 Evidence
    157I Judicial Notice
        157k50 k. Public Institutions. Most Cited Cases

Court can take judicial notice that any subpoena served upon warden has impact on operation of penal facility.

**[12]** Federal Civil Procedure 170A ⚬⟶2734

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2732 Deposit or Security
            170Ak2734 k. Forma Pauperis Proceedings. Most Cited Cases

**Witnesses 410 ⚬⟶16**

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Further requests by prisoner proceeding in forma pauperis in civil rights litigation for service of subpoenas duces tecum by United States Marshals Service would require determination by court as to relevance of requested materials and ability of prisoner to pay witness fee and mileage, if appropriate under circumstances; absent such showing, United States Marshals Service would not be directed to serve such documents. 28 U.S.C.A. § 1915 ; Fed.Rules Civ.Proc.Rule 45, 28 U.S.C.A .

**[13]** Federal Civil Procedure 170A ⚬⟶2734

170A Federal Civil Procedure
    170AXIX Fees and Costs
        170Ak2732 Deposit or Security
            170Ak2734 k. Forma Pauperis Proceedings. Most Cited Cases

**Witnesses 410 ⚬⟶16**

410 Witnesses
    410I In General
        410k16 k. Subpoena Duces Tecum. Most Cited Cases

Any subpoena duces tecum can only require production of documents for inspection, and prisoner proceeding in fo pauperis in civil rights litigation was not entitled to copy of any document produced under subpoena without pay appropriate copy cost, if required.

*666 Michael Duane Windsor, Pro se.
Grace Belsches , Sp. Asst. Atty. Gen., Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrates Judge.

THIS MATTER comes before the Court on several motions filed by Defendant Smith for protective orders and to subpoenas duces tecum. Motions to quash subpoenas duces tecum have been filed by Richard Marr and John Smokey Kurtz. The issues in *667 this case are recurring ones in *pro se* prisoner litigation, and the Court has determined that it would be appropriate to examine all issues in depth.

### I.

Michael Duane Windsor (Plaintiff) is serving a sentence in the Colorado Department of Corrections (DOC). Plaint presently is incarcerated at the Arkansas Valley Correctional Facility (AVCF) at Crowley, Colorado.

Plaintiff commenced this litigation by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff named three defendants in his complaint: Lieutenant John Martindale; Sergeant Gerry Smith; and Captain Ron Carter. Defen Carter was dismissed summarily from the case at the request of Plaintiff. The case was referred then to the undersigned for further action.

Plaintiff alleged in his complaint that Defendants Martindale and Smith (Defendants) were DOC employees at tl Correctional Facility (LCF) at Limon, Colorado. Plaintiff alleged that Defendants violated his civil rights while ] incarcerated at LCF. Plaintiff's exact allegations are immaterial to the issues before the Court.

A summons was issued to Defendants Martindale and Smith. Defendants have filed answers which generally deny Plaintiff's allegations.[FN1] Defendant Martindale also filed a motion to dismiss or for summary judgment. Plaintiff responded to the motion. A Recommendation was entered by the Court that Defendant Martindale's motion for summary judgment be denied. ] assigned district judge then denied the motion for summary judgment.

> FN1. Defendant Martindale is no longer employed by the Colorado Department of Corrections.

A scheduling order was entered to allow discovery to commence. Plaintiff has filed several discovery motions, inclu motions to compel. Plaintiff further has requested issuance of subpoenas duces tecum. The Clerk of the Court has subpoenas to Plaintiff. Some of those were served by Plaintiff by mail on third parties, and many were quashed upon motion by those parties.

Plaintiff requested additional subpoenas duces tecum. That request was honored by the Clerk of the Court. Plaintiff further filed a motion to allow service by the United States Marshals Service, as Plaintiff has been allowed to proceed *in forma pauperis*. That motion was granted.

Motions for protective orders and to quash subpoenas duces tecum have been filed by Defendant Smith as to subpoen; duces tecum served upon DOC officials Ari W. Zavaras, Richard Marr and John Smokey Kurtz. Defendant Smith objects to the subpoenas on various technical grounds. Plaintiff has responded to the motions for protective orders and has fi motion to enforce the subpoenas.

## II.

In his motions for protective order and to quash subpoena duces tecum, Defendant Smith objects to Plaintiff's subpoer duces tecum for the following reasons: (1) the third parties were served by mail; (2) no witness or mileage fee was provided to the third party; (3) no notice was given of the records deposition; (4) the subpoena duces tecum is overly broad and non-specific as to information being sought from the third parties; (5) some of the information being sought is privileged; and (6) some information s confidential to Defendants and others. Defendant Smith requests that the subpoenas be quashed.

Fed.R.Civ.P. 45(c)(3) provides as follows:

(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such plac

within the state in which the trial is held, or

*668 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret, or other confidential research, development, or commercial information; or

(ii) requires disclosure of an unrestrained expert's opinion or information not describing specific events or occurrence dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose beh subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court ma order appearance or production only upon specified conditions.

Rule 45(c)(3) provides limited bases upon which a motion to quash may be based. Absent a finding by a court that a valid basis exis quash a subpoena, the party receiving the subpoena must comply with it.

[1] [2] [3]
The question initially is whether Defendant Smith has standing to file a motion to quash the subpoenas duces tecum. general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of priv relating to the documents being sought. *Oliver Cannon and Son, Inc. v. Fidelity and Cas. Co. of N.Y.,* 519 F.Supp. 668 (D.Del.1981) . A party also may move to quash a subpoena upon a showing that there is a privacy interest applicable. *Broadcort Capital Corp. v. Flagler Securities, Inc.,* 149 F.R.D. 626 (D.Colo.1993) ; *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995)
. Absent a specific showing of a privilege or privacy, a court cannot quash a subpoena duces tecum.

[4]
In this case, Defendant Smith has failed to set forth a specific privilege or basis upon which this Court can examin requested documents to determine if any basis exists for protection of the documents. *Broadcort Capital Corp. v. Flagler Securities, Inc., supra.*
Instead, Defendant Smith has attempted to raise objections that can only be raised by Richard Marr, John Smokey Aristedes Zavaras, and the DOC Inspector General. In his motion to quash subpoena duces tecum served on Richard Marr, Defendant Smith states, in part, as follows:

5c. Disclosure of information regarding a party which has no known relevance to the issues in the instant litigatior privileged and not subject to disclosure.

Defendant Smith's motion, p. 4. The same language is used in the motion to quash the subpoena served upon John Smokey Kurtz.

Defendant Smith has not provided any legal basis upon which the subpoenas duces tecum upon third parties may b quashed. Therefore, this Defendant lacks standing to object to improper service, lack of witness fees, or other simil technical violations of Fed.R.Civ.P. 45
. In the absence of any specific references to claimed privileges or other legal bases, this Court cannot grant Defenda Smith's motion to quash the subpoenas duces tecum.

## III.

The Court's determination that Defendant Smith has not set forth any legal basis upon which to quash the subpoenas duces tecum does not end the matter. Plaintiff has filed a motion to enforce the subpoenas, and that motion must be exami[ned]. Richard Marr (Marr) and John Smokey Kurtz (Kurtz) have appeared specially to seek to quash subpoenas served upon them.[FN2]

> FN2.
> The special appearances have come in motions that also have been joined in by Defendant Smith. The sam[e] attorney purports to represent all parties. It would be more appropriate for the party served with a subpoena duces tecum to file a separate motion to quash. The Court will be better able then to ascertain the appropriateness [of the] motion and to determine standing.

Fed.R.Civ.P.45(e) provides as follows:

*669
Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deer[ed] contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoe[na] purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) or subparagraph (c)(3)(A).

Thus, Plaintiff's remedy for failure to comply with a subpoena is to seek to hold the non-complying individual in contempt of court. The failure to produce a pertinent document or failure to appear after having been subpoenaed constitutes contempt of court. See, 28 U.S.C. § 636(e). Any contempt occurring before a United States Magistrate Judge must be certified to a United States District Judge. Id.

Under 28 U.S.C. § 636(e), the Court must make, therefore, an initial finding of whether there has been an improper failure to respond to the subpoena duces tecum. See generally, In re Kitterman, 696 F.Supp. 1366 (D.Nev.1988). This requires an evaluation of the reasons why Marr and Kurtz have not responded yet to the subpoenas.

Marr and Kurtz have objected to service of the subpoenas by mail. They argue that such service is improper, as onl[y] personal service is appropriate pursuant to Fed.R.Civ.P.45(b).

Plaintiff has been allowed to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).[FN3] Plaintiff did not have to pay any part of the filing fee, and service of process was handled without payment of costs.

> FN3. Plaintiff filed his motion to proceed in forma pauperis on April 4, 1996. Plaintiff was allowed to proceed without payment of any cost. The Prison Litigation Reform Act of 1995 became effective on April 26, 1996. Pub.L. No.104-134. This Act does not affect Plaintiff's case for purposes of the motions now pending.

Proceeding in forma pauperis pursuant to § 1915 allowed Plaintiff to seek service of process without payment of costs.

(d) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

This section was formerly cited as § 1915(c). Plaintiff's previous attempted service of subpoenas by regular mail was quashed. Plaintiff then sought permission to have the United States Marshals Service undertake service on Marr and Kurtz. That motion was granted. The record reflects that the Marshals Service then sent the subpoenas duces tecum to AVCF by certified mail. The mail was received, a[nd]

service was made upon Marr and Kurtz by an employee of DOC.

The propriety of service of a subpoena by certified mail is not a settled issue. Fed.R.Civ.P.45(b)(1) states, in part:

A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's atten commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law.

A number of courts have held that the language of Rule 45 requires personal service. *Benford v. American Broadcasting Co., Inc.,* 98 F.R.D. 40 (D.Md.1983) ; *In re: Johnson & Johnson,* 59 F.R.D. 174 (D.Del.1973) ; *Conanicut Investment Co. v. Coopers & Lybrand,* 126 F.R.D. 461 (S.D.N.Y.1989) ; *F.T.C. v. Compagnie de Saint-Gobain-Pont-A-Mousson,* 636 F.2d 1300 (D.C.Cir.1980) (dictum); *Harrison v. Prather,* 404 F.2d 267 (5th Cir.1968) (service of subpoena upon attorney is not personal service).

Some courts have held that service by mail may be appropriate. *King v. Crown Plastering Corp.,* 170 F.R.D. 355 (E.D.N.Y.1997) ; *Doe v. Hersemann,* 155 F.R.D. 630 (N.D.Ind.1994) ; *First Nationwide Bank v. Shur,* 184 B.R. 640 (Bkrtcy.E.D.N.Y.1995)
. The courts that have upheld service by certified mail have not found any requirement in the language of Rule 45(b)(1) that mandates personal service. *King v. Crown Plastering Corp.,* 170 F.R.D. at 356 (hand delivery not required as long as the manner of service *670 reasonably insures actual receipt of the subpoena).

[5]
In this case, there have been several attempts at service of subpoenas by mail. Plaintiff attempted to serve third partie regular mail. The Court agrees that such service is not sufficient under Rule 45 . To the extent that Plaintiff has attempted service of subpoenas himself on third parties, all such subpoenas are quashed and Plaintiff's motion to enforce such subpoenas is denied.

[6]
Service by mail by the United States Marshals Service is a different variation of service. Due to limited staff and constraints, certified mail is used for service by the United States Marshals Service on many pleadings. Marr and Kurtz have not argued that they did not get the subpoenas. They simply maintain that they should not have to respond, a subpoenas were mailed. This Court disagrees.

Service by certified mail by the United States Marshals Service provides a fair and economical means of serving proc There has been no denial of due process of law by such service. *First Nationwide Bank v. Shur,* 184 B.R. at 643 . The subpoenas duces tecum to Marr and Kurtz cannot be quashed solely on the basis that they were served by the United States Marshals Service by mail.

[7]
Marr and Kurtz next argue that failure to provide a witness fee and mileage as provided by law requires that the subpoenas be quashed. It is their position that the subpoenas must be accompanied by a witness fee and mileage.

[8] The cases dealing with this issue are almost unanimous. Being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fee and mileage. *Hodge v. Prince,* 730 F.Supp. 747 (N.D.Tx.1990) ; *Tedder v. Odel,* 890 F.2d 210 (9th Cir.1989) ; *Canady v. Kreider,* 892 F.Supp. 668 (M.D.Pa.1995) ; *Gregg v. Clerk of U.S.Dist.Court,* 160 F.R.D. 653 (N.D.Fla.1995) ; *Fernandez v. Kash N'Karry Food Stores, Inc.,* 136 F.R.D. 495 (M.D.Fla.1991) ; *United States Marshals Service v. Means,* 741 F.2d 1053 (8th Cir.1984) (en banc); *McNeil v. Lowney,* 831 F.2d 1368 (7th Cir.1987) , cert.denied, 485 U.S. 965 (1988) . There is no basis under 28 U.S.C. § 1915 for payment of court funds for such fees. *Malik v. Lavalley,* 994 F.2d 90 (2d Cir.1993) ; *Tedder v. Odel, supra; Tabron v. Grace,* 6 F.3d 147 (3d Cir.1993)

. There is no indication in the file that any witness fees or mileage were tendered to the United States Marshals Service when service was requested by Plaintiff.

Plaintiff's response to the issue of witness fees is to argue that he was not requesting an appearance of either individual, only production of the documents. In this case, Marr and Kurtz are both employed at AVCF. They were both served AVCF. Therefore, no mileage would be appropriate and no requirement was made that either individual appear for deposition. They only had to produce the documents. Both argue that "[b]asically, this is a records deposition ..." Motion to Quash, p. 3. The subpoena compels nothing more than production of the documents. There was no need to atte deposition. In this case, there was no requirement that a witness fee and mileage be tendered along with the subpoena. The subpoenas duces tecum cannot be quashed on this basis.

[9]
Marr and Kurtz next argue that requested materials are irrelevant, overbroad, and burdensome. The Court has reviewed the response of Plaintiff and has reviewed the list of materials requested by Plaintiff.

Plaintiff's complaint contains allegations that relate to purported actions of Defendants while Plaintiff was at LCF Defendant Smith correctly notes that the time period in the complaint is June, 1995 through January, 1996.[FN4] The initial question is what information, if any, being requested from a DOC employee at AVCF has an impact on the allegations in the case.

> FN4.
> To the extent that Plaintiff's motion to amend complaint may change the time element, the Court will consider only the allegations now pending in the original complaint.

[10] The Court notes that it has inherent power to protect anyone from oppressive use of process. _Gregg v. Clerk of the U.S. Dist. Court,_ 160 F.R.D. at 654 . In this case, Marr and Kurtz have raised the issue of relevance *671 of those items requested. Plaintiff has responded by making general arguments concerning those items being sought. The Court w examine each request made to Marr and Kurtz.

_Subpoena as to John Smokey Kurtz:_ Plaintiff's subpoena duces tecum requests the following:

1. A full and complete copy of all files and documents not part of the inmate working file maintained by Mr. Kurtz Plaintiff.

2. All files and records and documents concerning John Martindale and Gerry Smith maintained by Mr. Kurtz.

3. All files and records and documents concerning Connie Stephens maintained by Mr. Kurtz.

The Court notes that Connie Stephens is not a party to this action at this time. No basis exists for production of an concerning this individual.

It is possible that the information maintained by Mr. Kurtz concerning Plaintiff and Defendants may hold some discoverable information. Pursuant to _Denver Policemen's Protective Association v. Lichtenstein,_ 660 F.2d 432 (10th Cir.1981)
, the Court will direct Mr. Kurtz to forward a copy under seal of materials held by him on Plaintiff and Defendants. If n such materials are in his custody, he may file a declaration so stating. The Court will conduct an _in camera_ review and determine if any relevant and discoverable information exists within the files. Mr. Kurtz will need to forward the documents to the Court on or before October 10, 1997.

[11]           _Subpoena           to           Richard           Marr:_
Richard Marr is the Superintendent (Warden) at AVCF. The Court can take judicial notice that any subpoena served upon

a warden has impact on the operation of a penal facility. Thus, Plaintiff's request must be carefully scrutinized to determine any relevance and whether there is an oppressive burden on Mr. Marr.

The Court has examined each request individually and rules as follows:

*Colorado Employee Handbook:* Plaintiff wants Mr. Marr to provide a full and complete copy of the State of Colorado Employee Handbook. This Court is at a loss as to how the handbook would have any impact on a case filed under 42 U.S.C. § 1983. The State of Colorado is not a party to this action and no supplemental claims are before the Court. Mr. Marr need not respond to this part of subpoena.

*Various Regulations:* Plaintiff wants Mr. Marr to provide him copies of many DOC regulations and program statements.[FN5]
As with the handbook, this Court finds no relevance to production of any of the regulations. Mr. Marr need not produce these documents.

> FN5.
> It would appear to this Court that many of the regulations, as well as the State of Colorado Employee handbook should be available through the AVCF library or other sources.

*Inmate Working File:* Plaintiff wants a complete copy of his inmate working file. The Court is aware from years of work on prison litigation that such files contain matters that are not otherwise available to an inmate. Plaintiff has made no showing that he is entitled review his entire file. Mr. Marr shall produce copies of any documents within that file relating to Defendants for an *in camera* review by the Court. Otherwise, Mr. Marr does not need to comply with any other requests as to the inmate working file.

*Inmate Grievance, Complaints, etc.:* Any grievances, letters, statements, etc. written concerning conduct by Defendants shall be provided to the Court for an *in camera* review. Arguably, there may be discoverable material in such documents.

*Incident Reports:* The Court finds that this request is too broad and would involve reports that have nothing to do with the allegation complaint. Any reports written by individuals concerning Plaintiff or Defendants shall be provided to the Court for an *in camera* review.

*Letters from the Public, etc.:* This request is too vague and overbroad. Mr. Marr does not need to respond to this request.

*Incidents Reports on Threats, Assaults, etc.:* This request is too broad. Any reports written concerning Plaintiff are to be provided to the Court for an *in camera* review.

*672 *All Incident Reports, etc. concerning Harassment, etc.:* This request is too overbroad and vague. Mr. Marr need not respond to it.

*Incident concerning Defendant Martindale shooting a dog:* This request may be appropriate. Any such documents in Mr. Marr's possession shall be provided to the Court for an *in camera* review.

*Weekly Hearing Schedules:* This request is overbroad. There is no showing of relevance that would outweigh the burden posed on Mr. Marr. This request need not be complied with by Mr. Marr.

[12]
The Court is aware of the burden on correctional officials when subpoenas duces tecum are served upon them. The Court has found that many of the requests for documents are inappropriate. The Court notes that further requests for service by the United States Marshals Service will require a determination by the Court as to relevance of requested materials and the ability of the plaintiff to pay a witness fee and mileage, if appropriate under the circumstances. Absent such a showing, the United States Marshals Service will not be directed to serve such documents.

### IV.

There is no basis for certifying to the assigned district judge that any individual has wilfully failed to comply with subpoena. As to the two subpoenas duces tecum that have been properly served, both Marr and Kurtz filed motions to quash and for protective orders. Those motions have been granted in part.

[13]
Both Marr and Kurtz will be granted time to comply with this Court's order. It should noted that any subpoena duces tecum can only require production of the documents for inspection. Plaintiff is not entitled to a copy of any document without payment of an appropriate copy cost, if required. *See generally, Wright v. United States, 948 F.Supp. 61 (M.D.Fla.1996)*.

The Court further notes that time for completion of discovery has passed. Defendant Smith notes correctly that the subpoenas by Plaintiff is part of the discovery process. The time has elapsed for further discovery.

IT IS HEREBY ORDERED that all subpoenas duces tecum served personally by Plaintiff are quashed; and

IT IS FURTHER ORDERED that the motions to quash and for protective orders filed by Defendant Smith are denied; and

IT IS FURTHER ORDERED that the motions to quash and protective orders filed by John Smokey Kurtz and Richard Marr are granted to the extent set forth in this Memorandum Opinion; and

IT IS FURTHER ORDERED that Plaintiff may not serve any additional subpoenas duces tecum, as the time for pretrial discovery as expired; and

IT IS FURTHER ORDERED that no certification will be issued by the Court pursuant to 28 U.S.C. § 636(e) ; and

IT IS FURTHER ORDERED that Plaintiff's motion to enforce subpoenas is denied.

D.Colo.,1997.
Windsor v. Martindale
175 F.R.D. 665

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.