# **APPENDIX 3**

**Westlaw Delivery Summary Report for SINN,NATE R 6026349**

| | |
|---|---|
| Date/Time of Request: | Monday, July 28, 2008 15:15 Central |
| Client Identifier: | 0126/01 |
| Database: | IL-CS |
| Citation Text: | 761 N.E.2d 208 |
| Lines: | 602 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

761 N.E.2d 208                                                                                                                                      Page 1

326 Ill.App.3d 698, 761 N.E.2d 208, 260 Ill.Dec. 364

**326 Ill.App.3d 698, 761 N.E.2d 208, 260 Ill.Dec. 364**

H

People, Dept. of Professional Regulation v. Manos
Ill.App. 1 Dist.,2001.

Appellate Court of Illinois,First District, First Division.
The PEOPLE, the DEPARTMENT OF PROFESSIONAL REGULATION, Plaintiff-Appellee,
v.
Thomas G. MANOS and Mark Kolozenski, Defendants-Appellants.
**No. 1-00-2816.**

Nov. 26, 2001.
Rehearing Denied Jan. 14, 2002.

Department of Professional Regulation filed complaint to enforce subpoena duces tecum against dentists. The Circuit Court, Cook County, Lester D. Foreman, J., granted Department's motion for summary judgment, and dentists appealed. The Appellate Court, Cohen, P.J., held that: (1) dentists were surgeons, and as such were covered by physician-patient privilege; (2) dentists' appointment boo were not protected confidential information; and (3) dental patients' medical files were confidential.

Affirmed in part, reversed in part, and remanded with directions.

West Headnotes

[1] **Appeal and Error 30 ⇐893(1)**

30 Appeal and Error
  30XVI Review

   30XVI(F) Trial De Novo
    30k892 Trial De Novo
     30k893 Cases Triable in Appellate Court
      30k893(1) k. In General. Most Cited Cases

On de novo review of an order granting summary judgment, the Appellate Court must ascertain whether the trial court properly concluded there were no genuine issue material fact and if there were none, whether judgment for the movant was correct as a matter of law.

[2] Appeal and Error 30 &#x21dd;863

30 Appeal and Error
  30XVI Review
   30XVI(A) Scope, Standards, and Extent, in General
    30k862 Extent of Review Dependent on Nature of Decision Appealed from
     30k863 k. In General. Most Cited Cases

In conducting its review of a summary judgment, the Appellate Court is free to consider any pleadings, depositi admissions, and affidavits on file at the time of the hearing regardless of whether facts contained therein were presented to the trial court in response to the motion for summary judgment.

[3] Judgment 228 &#x21dd;183

228 Judgment
  228V On Motion or Summary Proceeding
   228k182 Motion or Other Application
    228k183 k. In General. Most Cited Cases

Statement in conclusion to dentist's response brief in opposition to motion for summary judgment, that dentists were entitled to judgment as a matter of law, constituted cross-motion for summary judgment in Department of Profe Regulation's action to enforce subpoena of dentists' records. S.H.A. 735 ILCS 5/2-1005 ; Sup.Ct.Rules, Rules 191 , 192 .

[4] Judgment 228 &#x21dd;183

228 Judgment
  228V On Motion or Summary Proceeding
   228k182 Motion or Other Application
    228k183 k. In General. Most Cited Cases

The mere filing of cross-motions for summary judgment does not require that the court grant the requested relief to one c the parties where genuine issues of fact exist precluding summary judgment in favor of either party.

[5] Judgment 228 &#x21dd;185.3(1)

228 Judgment
  228V On Motion or Summary Proceeding
   228k182 Motion or Other Application
    228k185.3 Evidence and Affidavits in Particular Cases
     228k185.3(1) k. In General. Most Cited Cases

Given dentists' failure to offer any facts to rebut Department of Professional Regulation's assertion that dentists were under investigation, dentists failed to raise issue of material fact as to preclude summary judgment for Department in action to enforce subpoena. S.H.A. 20 ILCS 2105/2105-105 .

[6] Judgment 228 &#x21dd;185(5)

228 Judgment
    228V On Motion or Summary Proceeding
        228k182 Motion or Other Application
            228k185 Evidence in General
                228k185(5) k. Weight and Sufficiency. Most Cited Cases

On motion for summary judgment, the suggestion that an issue of material fact exists, without supporting evidence insufficient to create one.

[7] **Witnesses 410** 🔑208(3)

410 Witnesses
    410II Competency
        410II(D) Confidential Relations and Privileged Communications
            410k207 Communications to or Information Acquired by Physician or Surgeon
                410k208 In General
                    410k208(3) k. Who Are Physicians and Surgeons. Most Cited Cases

Dentists are surgeons, and as such are covered by the physician-patient privilege. S.H.A. 735 ILCS 5/8-802 (1994 Bar Ed.).

[8] **Statutes 361** 🔑181(1)

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k180 Intention of Legislature
                361k181 In General
                    361k181(1) k. In General. Most Cited Cases

When interpreting a statute, the role of the court is to ascertain and effectuate the true intent of the legislature.

[9] **Statutes 361** 🔑188

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k187 Meaning of Language
                361k188 k. In General. Most Cited Cases

The plain language of a statute is the best indication of legislative intent.

[10] **Statutes 361** 🔑188

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k187 Meaning of Language
                361k188 k. In General. Most Cited Cases

When statutory terms are clear and unambiguous, the terms shall be given their plain and ordinary meaning without resorting to other aids for construction.

[11] **Constitutional Law 92** 🔑2450

92 Constitutional Law
    92XX Separation of Powers
        92XX(C) Judicial Powers and Functions
            92XX(C)1 In General
                92k2450 k. Nature and Scope in General. Most Cited Cases
    (Formerly 92k67)

**Constitutional Law 92 ⚖=>2473**

92 Constitutional Law
    92XX Separation of Powers
        92XX(C) Judicial Powers and Functions
            92XX(C)2 Encroachment on Legislature
                92k2472 Making, Interpretation, and Application of Statutes
                    92k2473 k. In General. Most Cited Cases
    (Formerly 92k70.1(2))

One of the fundamental principles of our system of government is that the courts are empowered to adjudicate and effectuate the legislative intent of existing laws; courts are not themselves to engage in creating legislation.

**[12] Health 198H ⚖=>217**

198H Health
    198HI Regulation in General
        198HI(B) Professionals
            198Hk214 Disciplinary Proceedings
                198Hk217 k. Discovery, Investigation, Subpoena. Most Cited Cases
    (Formerly 299k11.3(1) Physicians and Surgeons)

Names and addresses in dentists' appointment books were not protected by physician-patient privilege, and thus Department of Professional Regulation could subpoena appointment books to obtain specific patients' addresses and phone numbers, where revealing patient's names and addresses would not provide any information as to patient's condition, diagnosis, or treatment received. S.H.A. 20 ILCS 2105/2105-105 .

**[13] Health 198H ⚖=>217**

198H Health
    198HI Regulation in General
        198HI(B) Professionals
            198Hk214 Disciplinary Proceedings
                198Hk217 k. Discovery, Investigation, Subpoena. Most Cited Cases
    (Formerly 299k11.3(1) Physicians and Surgeons)

Dental patients' medical files were confidential, and thus Department of Professional Regulation could not obtain them without patients' consent, even if patients' names, and other identifying information, were removed from files, absent showing that one of statutory exceptions to physician-patient confidentiality applied. S.H.A. 735 ILCS 5/8-802 (1994 Bar Ed.).

**210 ***366 *700 Paul E. Chronis , Chicago, for Appellant.
Diane M. Potts, Assistant Attorney General, Chicago, for Appellee.
Presiding Justice COHEN delivered the opinion of the court:
Defendants, Dr. Thomas Manos and Dr. Mark Kolozenski, refused to produce patient appointment books and the me

records of two patients named in a subpoena *duces tecum* issued by plaintiff Department of Professional Regulation (the Department), pursuant to section 60d of the Civil Administrative Code of Illinois (20 ILCS 2105/60d (West 1998) (recodified as 20 ILCS 2105/2105-105 (West 2000))). When defendants refused to produce the subpoenaed documents, plaintiff filed a complaint in the circu court of Cook County to enforce the subpoena. Defendants answered the complaint, asserting the physician-patient privilege as an affirmative defense. 735 ILCS 5/8-802 (West 2000). Plaintiff filed a response denying defendants' affirmative defense without explanation. Both the defendants and plaintiff subsequently filed cross-motions for summary judgment.[FN1]

The circuit court granted plaintiff's motion for summary judgment; however, the order provided that the productic subpoenaed records would be stayed if defendants filed a notice of appeal. Defendants now appeal to this court to determine whether dentists are within the class of healthcare providers covered by the physician-patient privilege.

> FN1.
> On appeal, defendants adamantly deny that they ever filed a cross-motion for summary judgment. Upc examination, however, defendants' "Response Brief in Opposition to the Department of Professional Regulation's Motion for Summary Judgment" satisfies all the statutory requirements of section 2-1005 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1005 (West 2000)). Therefore, as explained in this opinion, the "response brief" filed by defendants on June 27, 200 was, in the opinion of this court, a cross-motion for summary judgment.

We hold that dentistry is a branch of surgery, and because the privilege covers both "physicians" and "surgeons," defendants cannot be compelled to produce their patient files for any reason outside of those stated in section 8-802 of the Illinois Code of Civil Procedure *701 (the Code) (735 ILCS 5/8-802 (West 2000)). While the defendants' patient files-irrespective of the patient identifying information being redacted-are privileged, the appointment books are r privileged and must be produced.

## BACKGROUND

On February 3, 2000, plaintiff filed a complaint in the circuit court of Cook **211 ***367 County to enforce an administrative subpoena *duces tecum* it had served on defendants. The subpoena ordered defendants to produce the patient records of two patients defendants had treated on Monday, June 23, 1997. The subpoena also sought production of the defendants' patient appointment books, including the names, addresses and phone numbers of all patients treated on any Monday in the months of February, March, April and June of 1997. Defendants waived service, answered the complaint and asserted physician-patient privilege as an affirmative defense. Both plaintiff and defendants subsequently filed cross-motion summary judgment (735 ILCS 5/2-1005 (West 2000)).

On July 31, 2000, the circuit court conducted a hearing on plaintiff's motion for summary judgment. The circuit court began the hearing by explaining that it had done a lot of research and had "[found] it very hard to come to the conclusio: that a dentist should not be entitled to the same protections * * * as any other so-called medical professionals.' Nevertheless, after both attorneys presented their arguments, the circuit court granted plaintiff's motion for summa judgment and ordered the defendants to produce the records requested in plaintiff's November 2, 1999, subpoena with patient names and any other identifying information redacted. The court further ordered the production of said recorc August 30, 2000, unless defendants filed a notice of appeal. If such a notice was filed, defendants would then not b required to produce the subpoenaed documents unless they were ordered to do so by this court. As its basis for ruling circuit court stated:

"I have no guidance from any appellate tribunal. There is no case involving a dentist or anyone providing oral care. I think that there is a strong argument in favor of the consideration of the public agency's protection of the public i

contradistinction to the individual. I think that the privilege of the individual must be surrendered to the benefit of the public at large. * * * It is a perfect case for 160 North LaSalle Street. Let some appellate court tell us in the future exac what we should do."

In accordance with the circuit court's order, defendants filed a timely notice of appeal on August 23, 2000.

On appeal, defendants contend: (1) summary judgment was *702 improper because issues of material fact exist; (2) dentists are considered "surgeons" under Illinois case law, and therefore they are covered by the physician-patient privilege; and (3) the material requested by the Department to be produced falls under the physician-patient privilege.

Plaintiff responds that: (1) the Department has subpoena power over defendants' patient files as part of an adm investigation of defendants pursuant to the Illinois Dental Practice Act (Dental Act) (225 ILCS 25/25 (West 2000)) and the Civil Administrative Code of Illinois (Civil Code) (20 ILCS 2105/2105-105 (West 2000)); (2) the circuit court's order was proper because dentists are not specifically covered by the physician-patient privilege; and (3) even if defendant entitled to assert the physician-patient privilege, the subpoenaed documents do not fall under the privilege.

## ANALYSIS

While we gently respond that perfection is in the eye of the beholder, we do agree with our circuit court colleague that issue before us is one of first impression in Illinois and note 160 North LaSalle appreciates his concerns.

### I. Standard of Review

[1] [2] This case requires us to interpret a statute and determine whether summary **212 ***368 judgment was properly granted; therefore, our review is *de novo*. *Rockwood Holding Co. v. Department of Revenue,* 312 Ill.App.3d 1120, 1123, 245 Ill.Dec. 437, 728 N.E.2d 519 (2000) ; *In re Estate of Hoover,* 155 Ill.2d 402, 411, 185 Ill.Dec. 866, 615 N.E.2d 736 (1993) . "Summary judgment is to be granted only if the pleadings, affidavits, depositions, admissions, and exhibits on file reviewed in the light most favorable to the nonmovant, show that there is no genuine issue as to any material fact and tha the movant is entitled to judgment as a matter of law." *Berlin v. Sarah Bush Lincoln Health Center,* 179 Ill.2d 1, 7, 227 Ill.Dec. 769, 688 N.E.2d 106 (1997) ; 735 ILCS 5/2-1005(c) (West 2000). "On *de novo* review of an order granting summary judgment, this court must ascertain whether the trial court properly concluded there were no genuine issue material fact and if there were none, whether judgment for the movant was correct as a matter of law." *Constitutional Casualty Co. v. Soder,* 281 Ill.App.3d 657, 660, 217 Ill.Dec. 485, 667 N.E.2d 574 (1996) . In conducting our review, "we are free to consider any pleadings, depositions, admissions, and affidavits on file at the time of the hearing regardles whether facts contained therein were presented to the trial court in response to the motion for summary judgment." *William J. Templeman Co. v. United States Fidelity & Guaranty Co.,* 317 Ill.App.3d 764, 769, 250 Ill.Dec. 886, 739 N.E.2d 883 (2000) .

### *703 II. Issues of Material Fact

Defendants assert that the circuit court "made numerous factual determinations and failed to consider numerous relev factual issues." Specifically, defendants argue that the following issues of material fact exist: (1) whether defendants wer the subject of a departmental investigation; (2) whether the Department needed the records for the investigation; (3) whether the public was at any risk of harm from the defendants; (4) whether the Department needed the patient files protect the public from a risk of harm from the defendants; and (5) whether the Department was unable to obtain conse from the patients to release the files.

[3]     [4]
We first note that defendants themselves filed a cross-motion for summary judgment and thereby agreed, at least ostensibly, that only a question of law exists. *Fremont Casualty Insurance Co. v. Ace-Chicago Great Dane Corp.,* 317 Ill.App.3d 67, 73, 250 Ill.Dec. 624, 739 N.E.2d 85 (2000) ; *Kopier v. Harlow,* 291 Ill.App.3d 139, 141, 225 Ill.Dec. 368, 683 N.E.2d 536 (1997). While defendants strenuously deny they filed such a motion, defendants' cross-motion for summary judgment was contained in their "response brief" to plaintiff's motion for summary judgment. The conclusion to defendants' "response brief" states:

"[T]he Department's Motion for Summary Judgment should be denied. Moreover, because the sole basis for the Department's complaint is to compel the production of those documents, Drs. Manos and Kolozenski are entitled to summary judgment as a matter of law.

WHEREFORE, for the foregoing reasons, Defendants, Drs. Manos and Kolozenski respectfully request that the Court deny the Department's Motion for Summary Judgment, enter summary judgment on behalf of Drs. Manos and Kolozenski on the Department's complaint, and award Drs. Manos and Kolozenski whatever other further relief the Court appropriate."

Defendants' protestations aside, if it reads like a cross-motion for summary judgment, sounds like a cross-motion for summary judgment and seeks cross-relief of summary**213 ***369 judgment as a matter of law, it can come as no surprise to defendants that this court, after reviewing all the filings in this case, section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2000)) and Illinois Supreme Court Rules 191 and 192 (134 Ill.2d Rs. 191, 192), concludes that defendants presented a cross-motion for summary judgment. However, "the mere filing of cross-motions for summary judgment does not require that [we] grant the requested relief to one of the parties where genuine issues of fact exist precluding summary judgment in favor of either party." *Travelers Insurance Co. of Illinois v. Eljer Manufacturing Inc.,* 307 Ill.App.3d 872, 878, 241 Ill.Dec. 178, 718 N.E.2d 1032 (1999) .

*704
Here, the record fails to indicate why the circuit court did not rule on the defendants' cross-motion for summary judgment. However, our *de novo* review of the record leads us to conclude that no issues of material fact exist which would preclude summary judgment. *Constitutional,* 281 Ill.App.3d at 660, 217 Ill.Dec. 485, 667 N.E.2d 574 .

[5]
As to defendants' first argument that a material fact is raised, defendants state no evidence was presented to establish "whether Drs. Manos and Kolozenski were the subject of a departmental investigation." However, the record reflects that they were served an administrative subpoena from the governmental department designated by statute to investigate dental license holders (225 ILCS 25/25 (West 2000); 20 ILCS 2105/2105-105 (West 2000)). The language of the subpoena compelling defendants to disclose the documents "[p]ursuant to Chapter 20, Illinois Compiled Statutes (1992), paragraph 2105/60d
" provided a sufficient basis for the circuit court to conclude that defendants were subjects of a departmental investigation. Under this statute, the Department may "compel the production of any books, papers, records, or any other documents that the Director * * * deems relevant or material to any such investigation or hearing conducted by the Department." 20 ILCS 2105/2105-105 (West 2000)(formerly 20 ILCS 2105/60(d) (West 1998)). The language of the subpoena and that of the statute cited above obviates any doubt that the defendants were under some type of departmental investigation. Further, the failure of defendants to offer any facts to rebut plaintiff's assertion that they were under an investigation is fatal to their argument that summary judgment on this basis was improper. *Lappin v. Costello,* 232 Ill.App.3d 1033, 1040, 174 Ill.Dec. 114, 598 N.E.2d 311 (1992) ; *Lackey & Lackey, P.C. v. Prior,* 228 Ill.App.3d 397, 399, 169 Ill.Dec. 494, 591 N.E.2d 998 (1992) .

[6]
Defendants next assert as an issue of material fact whether the Department needed the subpoenaed records as pa investigation. We find that the issuance of the subpoena alone was a sufficient basis for the circuit court to conclude that the subpoenaed documents were "needed" by the Department. Furthermore, the record is bereft of any evidence that might lead this court to conclude that the subpoenaed documents were irrelevant or unnecessary to the investigatory and regulatory duties of the Department. The suggestion that an issue of material fact exists, without supporting evide insufficient to create one. *In re Marriage of Palacios,* 275 Ill.App.3d 561, 568, 211 Ill.Dec. 915, 656 N.E.2d 107 (1995) .

Defendants further claim that a material issue of fact exists as to whether there was a risk of harm to the public arising from defendants' conduct. The language contained in the Dental Act itself defeats defendants' argument because the Dental Act declares dentistry "to *705 affect the public **214 ***370 health, safety and welfare and to be subject to regulation and control in the public interest." 225 ILCS 25/2 (West 2000). Furthermore, defendants fail to provide even a scintilla of evidence suggesting an ulterior purpose of the Department's investigation. Therefore, we find that there sufficient basis for the circuit court to conclude that the purpose of the Department's investigation was to protect the public from risk of harm from defendants. 225 ILCS 25/2 (West 2000).

Finally, defendants allege that a question of material fact exists as to whether the Department obtained the consent o patients to release the files. The record contains no evidence of whether the Department attempted to obtain the two named patient's consent to release their patient files. We decline to assume that the Department failed to obtain the patients' consent. Once again, the suggestion that an issue of material fact exists, without supporting evidence, is insufficient to create one. *In re Marriage of Palacios,* 275 Ill.App.3d at 568, 211 Ill.Dec. 915, 656 N.E.2d 107 .

Based on the analysis above, we find that defendants have failed to establish a question of material fact sufficient to preclude an order of summary judgment. *In re Marriage of Palacios,* 275 Ill.App.3d at 568, 211 Ill.Dec. 915, 656 N.E.2d 107
. Therefore, we now turn to the second step of our inquiry: whether summary judgment was properly granted in favc plaintiff as a matter of law. 735 ILCS 5/2-1005(c) (West 2000).

### III. Physician-Patient Privilege

[7] The physician-patient privilege did not exist at common law. *Geisberger v. Willuhn,* 72 Ill.App.3d 435, 436-37, 28 Ill.Dec. 586, 390 N.E.2d 945 (1979)
. In 1959, the Illinois legislature amended the Illinois Code of Civil Procedure to give patients an expectation of concerning their personal health information. The Code provides for the disclosure of private information under tl following limited circumstances:

" § 8-802
. Physician and patient. No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character, necessary to enable him or her professionally to serve tl patient, except only (1) in trials for homicide when the disclosure relates directly to the fact or immediate circumstances of the homicide, (2) in actions, civil or criminal, against the physician for malpractice, (3) with the expressed consent o1 patient, or in case of his or her death or disability, of his or her personal representative or other person authorized to sue for personal injury or of the beneficiary of an insurance policy on his or her life, health, or physical condition, (4) in actions brought by or against the patient, his or her personal representative, a beneficiary under a policy of insurance, *706
or the executor or administrator of his or her estate wherein the patient's physical or mental condition is an issue, (5) upor an issue as to the validity of a document as a will of the patient, (6) in any criminal action where the charge is either 1 degree murder by abortion, attempted abortion or abortion, (7) in actions, civil or criminal, arising from the filing of a report in compliance with the Abused and Neglected Child Reporting Act, (8) to any department, agency, institution facility which has custody of the patient pursuant to State statute or any court order of commitment, (9) in prosecutior

where written results of blood alcohol tests are admissible pursuant to Section 11-501.4 of the Illinois Vehicle Code or (10) in prosecutions where written results of blood alcohol tests are admissible **215 ***371 under Section 5-11a of the Boat Registration and Safety Act." [FN2] 735 ILCS 5/8-802 (West 1994).

> FN2. Public Act 89-7, which amended section 8-802, has been held unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works,* 179 Ill.2d 367, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997). Thus, the statutory language reverts to the pre-amended language as indicated in Public Act 87-803, section effective July 1, 1992. *Peterson v. Wallach,* 314 Ill.App.3d 823, 824 n. 1, 248 Ill.Dec. 38, 733 N.E.2d 713 (2000).

[8] [9] [10] [11] When interpreting a statute, the role of the court is to ascertain and effectuate the true intent of the legislature. *Kraft, Inc. v. Edgar,* 138 Ill.2d 178, 189, 149 Ill.Dec. 286, 561 N.E.2d 656 (1990). The plain language of the statute is "the best indication of * * * legislative intent." *County of Knox ex rel. Masterson v. Highlands,* 188 Ill.2d 546, 556, 243 Ill.Dec. 224, 723 N.E.2d 256 (1999). When the statutory terms are clear and unambiguous, the terms shall be given their plain and ordinary meaning w resorting to other aids for construction. *People ex rel. Baker v. Cowlin,* 154 Ill.2d 193, 197, 180 Ill.Dec. 738, 607 N.E.2d 1251 (1992). One of the fundamental principles of our system of government is that the courts are empowered to adjudicate ar effectuate the legislative intent of existing laws. Courts are not themselves to engage in creating legislation. U.S. Const. arts. I, III; Ill. Const.1970, art. II, § 1; *Murphy v. Collins,* 20 Ill.App.3d 181, 194, 312 N.E.2d 772 (1974). In the case of the statutorily defined physician-patient privilege, the court must apply the existing exceptions and cannot create a additional exception to the privilege. *People v. Bickham,* 89 Ill.2d 1, 6, 59 Ill.Dec. 80, 431 N.E.2d 365 (1982). The language of the statute is unequivocally clear that "[n]o physician or surgeon shall be permitted to disclose" pati information unless an exception applies. 735 ILCS 5/8-802 (West 1994).

Plaintiff makes two arguments for the production of the subpoenaed documents. Plaintiff first argues that defendants are not covered by the physician-patient privilege because they are not "physicians." Plaintiff argues in the alternative that even if the defendants are *707 covered by the privilege, the subpoenaed records do not constitute confidential information protected by the privilege.

We are unconvinced by plaintiff's argument that dentists are not covered by the privilege. While plaintiff has laborious cited case law from other states going as far back as 1869-all of which holds that dentists are not *physicians* -plaintiff neglects to address the dispositive case cited by defendants first in their initial brief and then again in their reply brie (Wasn't it sagacious Ben Franklin who alerted us that "closing one's eyes to an obstacle does not make the obst disappear?") The First Division held in *Gasul v. Michigan Mutual Liability Co.,* 345 Ill.App. 607, 104 N.E.2d 122 (1952) (abstract of op.), that dentistry is a subdivision of surgery. As the *Gasul* court found, dentists are surgeons, and as the privilege applies equally to physicians and surgeons by the plain meaning of the statute, we conclude that dentists ar covered by the physician-patient privilege under section 8-802. 735 ILCS 5/8-802 (West 1994).

Our conclusion is further supported by plaintiff counsel's own statement to the circuit court. While presenting plainti motion for summary judgment, counsel for plaintiff stated:

"[F]irst of all, they [defendants] are not physicians. They are surgeons. They are not physicians. They are dentists. That what they are licensed as."

**216                                                                                                              ***372
We find it surprising that plaintiff's counsel would argue to the circuit court that defendants are surgeons, not physicians and then argue to this court that the physician-patient privilege cannot apply to defendants when the statute specific

includes surgeons.

While plaintiff's "agreement" that dentists are surgeons bears noting, our conclusion is well founded on the definitions of the operative words at issue in this case. See Baker, 154 Ill.2d at 197, 180 Ill.Dec. 738, 607 N.E.2d 1251 (holding that we must give the words in statutes their plain and ordinary meaning). A dentist, also called a dental surgeon, is defined as "one whose profession it is to treat diseases of the teeth and associated tissues and to make and insert replacements for lost or damaged parts." Webster's Third International Dictionary 603 (1986). A surgeon is defined as "[o]ne whose profession or occupation is to cure diseas defects, or injuries of the body by manual operation." Black's Law Dictionary 1442 (6th ed.1990). Clearly, dentists surgeons within the plain meaning of section 8-802 (735 ILCS 5/8-802 (West 1994)).

Plaintiff argues in the alternative that even if the defendants are covered by the privilege, the subpoenaed documents do not constitute protected confidential information.

[12]
Plaintiff first seeks access to specific appointment book records in addition to the name, address and telephone nu scheduled                                                                                                                    *708
patients on certain dates. The case law is clear that revealing patient names alone will not violate the privilege. People v. Florendo, 95 Ill.2d 155, 161-162, 69 Ill.Dec. 65, 447 N.E.2d 282 (1983) ; House v. Swedish-American Hospital., 206 Ill.App.3d 437, 445, 151 Ill.Dec. 467, 564 N.E.2d 922 (1990) . Furthermore, we find that disclosing the addresses and telephone numbers of the patients, all of whom had appointments on the days listed in the subpoena, will not provide further insight into a particular patient's medical condition, diagnosis or treatment received. Therefore, plaintiff may a obtain the address and telephone numbers of the identified patients. Accordingly, we order the defendants to pro appointment book records for the dates listed in plaintiff's subpoena.

[13]
Plaintiff next seeks the production of two specific patient medical files. Plaintiff argues that deleting the patient names and identifying
information from the files removes the files from protection under the privilege. We hold that plaintiff cannot con production of the patient medical records absent a showing that one of the 10 statutory exceptions applies (735 ILCS 5/8-802
(West 1994)). Plaintiff concedes that "[t]he statute contains several exceptions to the physician-patient rule, none of which are applicable to this case." Additionally, the two named patients are not parties to this case and "[t]he case law is perfectly clear that medical records of nonparties are privileged" under the physician-patient privilege. In re D.H., 319 Ill.App.3d 771, 776, 253 Ill.Dec. 826, 746 N.E.2d 274 (2001) .

We have previously held that even deleting patient names and identifying numbers will not sufficiently protect a patien right to confidentiality when the patient's file contains a history of prior and present medical conditions. Ekstrom v. Temple, 197 Ill.App.3d 120, 130, 142 Ill.Dec. 910, 553 N.E.2d 424 (1990) ; Parkson v. Central DuPage Hospital, 105 Ill.App.3d 850, 855, 61 Ill.Dec. 651, 435 N.E.2d 140 (1982) . The risk of recognition in this case is significantly greater than the risk of recognition in either Ekstrom or Parkson because here only two patient files were requested. However, even if plaintiff had requested more than two patient files, we                                                                                                    **217                                                                                        ***373
would find that disclosing the medical history information contained in the file would still violate the physician-pa privilege. People v. Bickham, 89 Ill.2d 1, 6, 59 Ill.Dec. 80, 431 N.E.2d 365 (1982) .

In                                                                                                                                                                                                                                  Bickham,
a grand jury issued two subpoenas for the medical records of 63 named patients of an abortion clinic. The state obta consent of only one patient by waiver from the administratrix of the patient's estate. 89 Ill.2d at 6, 59 Ill.Dec. 80, 431 N.E.2d                                                                                                                                                                                                                             365

. Our supreme court held that because no consent had been obtained from the 62 remaining patients and no other exception applied, the respondent could not be compelled to disclose the medical records of the 62 remaining patients. *Bickham,* 89 Ill.2d at 6, 59 Ill.Dec. 80, 431 N.E.2d 365.

**\*709**
A grand jury has extensive powers to subpoena witnesses and obtain any document relevant to any matter und investigation. 725 ILCS 5/112-4(b) (West 2000). Our supreme court has declared that a "grand jury's power to conduct criminal investigations should accorded the broadest possible scope consistent with constitutional limitations." *People v. Fassler,* 153 Ill.2d 49, 59, 178 Ill.Dec. 782, 605 N.E.2d 576 (1992). One such constitutional limitation is the right against invasions of privacy. Ill. Const.1970, art. I, § 6. The physician-patient privilege is one aspect of an individual's right to privacy in Illinois. If, as in *Bickham,* the broad power of the grand jury to investigate criminal violations must yield to the privacy concerns protected by the physician-patie privilege, then we conclude that the investigatory powers of the Department must also yield. *Bickham,* 89 Ill.2d at 6, 59 Ill.Dec. 80, 431 N.E.2d 365.

We find nothing objectionable in requiring the Department to ask the permission of patients to review their medical file: Our holding in this case does not reduce the Department's investigatory power nor does it endanger a patient's guarantee of confidentiality. The Dental Act contains a provision ensuring the confidentiality of information obtained by Department. Section 34 states:

"In all hearings conducted under this Act, information received, pursuant to law, relating to any information acquired dentist or dental hygienist in attending any patient in a professional character, and necessary to professionally serve patient, shall be deemed strictly confidential and shall only be made available, either as part of the record of a hea hereunder or otherwise: (1) when such record is required, in its entirety, for purposes of judicial review pursuant to this Act; or (2) upon the express, written consent of the patient, or in the case of his or her death or disability, his or her personal representative." 225 ILCS 25/34 (West 2000).

The plain language of section 34 clearly imposes a duty on the Department to keep any disclosed information ' confidential" unless one of the two exceptions applies. 225 ILCS 25/34 (West 2000). The duty of the Department to keep patient information confidential serves as a guarantee to patients that consenting to the disclosure of medical information for the limited purpose of an administrative investigation will not constitute a waiver of the right to prevent future disclosure of the information. We conclude that the circle of confidentiality created by section 34 of the Dental complements the circle of confidentiality created by the physician-patient privilege, with the patient maintaining the right of privacy and the Department maintaining the ability to investigate to ensure the public's safety.

Accordingly, the Department was entitled to summary judgment **\*710** as a matter of law with respect to the appointment books;           **\*\*218**                    **\*\*\*374**
however, the circuit court erred in granting summary judgment in favor of the Department with respect the patient medical files. *Constitutional,* 281 Ill.App.3d at 660, 217 Ill.Dec. 485, 667 N.E.2d 574.

CONCLUSION

Upon careful consideration of the record on appeal and all briefs filed in this matter, we find that defendants must disclose the appointment book records and the addresses of the patients identified therein. However, the physician-patient privilege unquestionably protects confidential patient information. Therefore, we hold that the Department cannot compel defendants to disclose any confidential patient information without the express written consent of the respective patient. We affirm in part and reverse in part the circuit court's order of summary judgment in favor of the Department and remand this case to the circuit court for proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded with directions.

McNULTY and COUSINS, JJ., concur.
Ill.App. 1 Dist.,2001.
People, Dept. of Professional Regulation v. Manos
326 Ill.App.3d 698, 761 N.E.2d 208, 260 Ill.Dec. 364

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.