# **<u>APPENDIX 8</u>**

**Westlaw Delivery Summary Report for SINN,NATE R 6026349**

| | |
|---|---|
| Date/Time of Request: | Monday, July 28, 2008 17:55 Central |
| Client Identifier: | 0126/01 |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 190 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2006 WL 2567786 (N.D.Ill.)
**(Cite as: 2006 WL 2567786 (N.D.Ill.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois,
Eastern Division.
Leroy ORANGE, Plaintiff,
v.
Jon BURGE, et al., Defendants.
**No. 04 C 168.**

Aug. 15, 2006.

Thomas F. Geraghty, Cathryn Stewart Crawford, Northwestern University School of Law, Benjamin H. Elson, G. Flint Taylor, Jr., Joey L. Mogul, Michael Edward Deutsch, People's Law Office, J. Samuel Tenenbaum, Bluhm Legal Clinic, Chicago, IL, for Plaintiff.

Richard Thomas Sikes, Jr., Michael Paul Kornak, Richard Bruce Levy, Terrence J. Sheahan, Freeborn & Peters, Kenya Jenkins, Eileen Marie Letts, Kevin Thomas Lee, Martin Peter Greene, Greene and Letts, Terrence Michael Burns, Paul A. Michalik, Dykema Gossett Rooks Pitts PLLC, Daniel Matthew Noland, Harry N. Arger, Dykema Gossett PLLC, Stephen L. Garcia, Jeffrey S. McCutchan, Patrick T. Driscoll, Jr., Paul Anthony Castiglione, Cook County State's Attorney, Patricia Campbell Bobb, Patricia C. Bobb & Associates, Bradley E. Lerman, Dan K. Webb, Julie Anne Bauer, Winston & Strawn, John C. Greenlees, Office of the State Appellate Defender, Chicago, IL, Jennifer Louise Hamilton, Lane & Waterman LLP, Rock Island, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

JAMES F. HOLDERMAN , Chief Judge.

*1
On August 14, 2006, plaintiff Leroy Orange ("Orange") filed an Emergency Motion Objecting to Magistrate Judge Brown's August 10, 2006 Denial of Motions to Quash Subpoena from the Illinois Prisoner Review Board's Findings and Recommendation Concerning Plaintiff's Pardon and Request for Stay of that Ruling. (Dkt. No. 243). For the reasons se forth below, this court dismisses Orange's pending objections for want of jurisdiction to the extent that Orange is attempting to assert the alleged rights of Governor Ryan and the PRB and is otherwise denied where Orange has standing to object to Judge Brown's ruling.

## BACKGROUND

This case, along with *Hobley v. Burge*, 03 C 3678, (Aspen, J.), *Patterson v. Burge*, 03 C 4433, (Gottschell, J.), *Howard v. City of Chicago*, 03 C 8481, (Andersen, J.), has been referred to Magistrate Judge Geraldine Soat Brown for discovery supervision. (Dkt. No. 46). The plaintiffs in these four cases are individuals who were pardoned from death row in 2003 by then Illin Governor George H. Ryan, Sr. ("Governor Ryan") on the basis of actual innocence. The defendants in all four cases seek to depose Governor Ryan and also seek information from the Illinois Prisoner Review Board ("PRB"). The PRB pro analysis and recommendations to Governor Ryan during the process that led to the pardon of the four plaintiffs.

Governor Ryan has refused to provide documents or to sit for a deposition. The PRB has provided documents but refuses to provide the "Finding and Recommendation" section of its report that it previously provided to Governor Ryan for each of the four plaintiffs. Governor Ryan filed a motion to quash in each of the four cases (Dkt. No. 240 at pg. 1 n. 1), the PRB filed a motion to quash in the *Hobley* and *Patterson* cases, *(Id.)* and the plaintiffs in the *Hobley, Patterson,* and *Orange* cases filed a motion to quash the subpoena for the PRB Findings and Recommendation concerning the individual plaintiff's pardon. *(Id.)* Judge Brown's August 10, 2006 memorandum decision and order denied all motions to quash and all protective or requested by Governor Ryan, the PRB and the individual plaintiffs. *(Id. at pg. 15)*. Judge Brown's ordered Governor Ryan to sit for deposition by no later than September 30, 3006 and to produce all documents in his personal possession that he considered during the process pardoning the four plaintiffs. *(Id.)* Judge Brown also ordered that the PRB produce to defendants' counsel who issued the subpoenas the "Fin Recommendation" paragraph relating to the four plaintiffs by August 16, 2006. *(Id.)* Judge Brown also ordered that the documents produced by Governor Ryan in anticipation of his deposition and the PRB's Findings and Recommend paragraph be disclosed to the defendants and "be held 'attorneys' eyes only' pursuant to the Protective Order [Judge Brown previously] entered in these [four] cases until further order of the court." *(Id.)*

## LEGAL STANDARDS

*2 Objections to a Magistrate Judge's decision on nondispositive matters are governed by Rule 72(a) and 28 U.S.C. § 636(b)(1) . *Clark v. Experian Info. Solutions, Inc.,* No. 03 C 7882, 2006 WL 931677, at * 1 (N.D.Ill. Apr. 10, 2006) (citing *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir.1997) ). This court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a) . "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Fid. Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.,* No. 00 C 5658, 2002 WL 1433584, at *2 (N.D.Ill. July 2, 2002) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948) ). This court's review is deferential and the court will only set aside and modify a decision that "contains some clea apparent mistake." *F.T.C. v. Pacific First Ben., LLC,* 361 F.Supp.2d 751, 754 (N.D.Ill.2005) (citing *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir.1997) ; *Chavez v. Illinois State Police,* 27 F.Supp.2d 1053, 1066

(N.D.Ill.1998) ).

## ANALYSIS

Orange's objections must be dismissed for want of jurisdiction for two reasons. First, the PRB filed its motions to quash in the *Hobley and Patterson* cases (Dkt. No 240 at pg. 1, n. 1) but not in this case filed by Orange. Only the judges in the *Hobley* and *Patterson* cases, Judges Aspen and Gottschell, respectively, can review Judge Brown's decision as it relates to the PRB's motion quash. Additionally, Orange lacks standing to object to the disclosures to the extent that he wishes to enforce Governo Ryan and the PRB's privileges as a third-party citizen. A third-party only has standing to quash a subpoena when t subpoena infringes on the third-party's legitimate interests. *United States v. Segal,* 276 F.Supp.2d 896, 900 (N.D.Ill.2003) (citing *United States v. Raineri,* 670 F.2d 702, 712 (7th Cir.1982) ). However, Orange's pending objections fail to state that he has any interest in the PRB material above and beyond the interests of the average citizen.

The court recognizes, however, that the PRB report is discussing Orange's case and so to the extent that Orange ha standing, this court will also consider the merits of Orange's objection. A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, natu custody, condition and location of any books, documents, or other tangible things." Fed.R.Civ.P. 26(b)(1) . "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discov admissible evidence." *Id.* "The burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 235 F.R.D. 449 (N.D.Ill.2006) (citing *Rubin v. Islamic Republic of Iran,* 349 F.Supp.2d 1108, 1111 (N.D.Ill.2004) ). "A party may file a motion to compel discovery under Rule 37 where another party fails to respond to a discovery request or where the party's response is evasive or incomplete." *Id.* (citing Fed.R.Civ.P. 37(a)(2)-(3) ). A court has broad discretion under the federal rules to resolve discovery disputes and a motion to compel discovery is granted or denied at the discretion of the trial court. *Shapo v. Engle,* No. 98 C 7909, 2001 WL 629303, at *2 (N.D.Ill. May 25, 2001) (citing *Meyer v. S. Pac. Lines,* 199 F.R.D. 610, 611 (N.D.Ill.2001) ).

*3 Orange argues in his Emergency Motion that "this lawsuit is not about whether the plaintiff is guilty or innocent of the underlying crime--that has already bee determined by the Governor's innocence pardon. Rather, it is about whether the plaintiff was tortured and wrongfi convicted and imprisoned ... the PRB memorandum sheds no light on the issues presently before this court." (Dkt. No. 243 at pg. 4). This leads Orange to conclude that it is irrelevant what the PRB recommended, the only relevant fact to Orang was that he was pardoned on the basis of actual innocence.

This court agrees with Judge Brown's determination that the PRB material is relevant information subject to discovery. As Judge Brown noted, an Illinois Governor can issue a pardon for any reason. (Dkt. No. 240 at pg. 5 (citing Ill. Const. art. V., § 12 ("the Governor may grant ... pardons ... on such terms as he thinks proper,"); *People ex rel. Madigan v. Snyder,* 208 Ill.2d 457, 473 (2004) (quoting *People ex rel. Smith v. Jenkins,* 325 Ill. 372, 374 (1927) ("The Governor's clemency powers cannot be controlled by either the courts or the legislature. His acts in the exercise of the power can be controll only by his conscience and his sense of public duty."))). Governor Ryan's pardon expunged Orange's conviction and in the eyes of the law he is innocent of the crimes charged. See *People ex rel. Johnson v. George,* 186 Ill. 122 (1900) ("The effect of the pardon is not only to release the respondent from the punishment prescribed from that offense, and to preve the penalties and disabilities consequent upon his conviction thereof, but also to blot out the guilt thus incurred, so that in the eye of the law he is as innocent of that offense as if he had never committed it."). But the issuance of the pardon does not decide, for the purposes of this litigation, whether Orange was tortured, wrongfully convicted or imprisoned in violation of his civil rights. Those issues are disputes in this case and the PRB, having considered Orange's case b providing a recommendation to Governor Ryan, may have relevant information on those issues. As such, to the extent that Orange has standing to object to Judge Brown's decision of August 14, 2006, his objections must be denied.

Finally, the court notes that Judge Brown carefully concluded that the material provided by Governor Ryan in preparatio for his deposition and the PRB report be limited to "Attorney's Eyes Only" under the preexisting protective order. limitation properly allows Judge Brown to manage the discovery process within the discretion afforded her under th Federal Rules of Civil Procedure.

*CONCLUSION*

For the reasons set forth above, this court dismisses Orange's August 14, 2006 Emergency Objection to Judge Brow August 10, 2006 decision (Dkt. No. 243) for want of jurisdiction to the extent that Orange lacks a legitimate intere otherwise denies his objection to the extent that he has a legitimate interest providing him standing to file an objection. Discovery shall proceed under the schedule set forth by Judge Brown in her August 10, 2006 decision.

Not Reported in F.Supp.2d, 2006 WL 2567786 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.