# **<u>APPENDIX 9</u>**

**Westlaw Delivery Summary Report for SINN,NATE R 6026349**

| | |
|---|---|
| Date/Time of Request: | Wednesday, July 30, 2008 16:13 Central |
| Client Identifier: | 0126/01 |
| Database: | IL-CS |
| Citation Text: | 77 Ill.App. 248 |
| Lines: | 223 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

77 Ill.App. 248                                                                                                   Page 1
77 Ill.App. 248, 1898 WL 2430 (Ill.App. 1 Dist.)

**77 Ill.App. 248, (Ill.App. 1 Dist.)1898 WL 2430**

**H**
Jacob Rosenberg et al. v. Hyman B. Stern et al.
Ill.App. 1 Dist. 1898.

Appellate Court of Illinois, First District.
Jacob Rosenberg et al.
v.
Hyman B. Stern et al.
March Term, 1898.

West Headnotes

**Appeal and Error 30 ☞767(2)**

30 Appeal and Error
   30XII Briefs
      30k767 Striking Out
         30k767(2) k. Improper Matter. Most Cited Cases
Briefs should be respectful to the court, the parties and all persons named in them and briefs containing offensive language will be promptly stricken from files.

**Appeal and Error 30 ☞767(2)**

30 Appeal and Error
   30XII Briefs
      30k767 Striking Out
         30k767(2) k. Improper Matter. Most Cited Cases

The province of a reviewing court is limited to the consideration of assigned errors of law or fact in the trials of causes, and remarks not pertinent to such errors are wholly irrelevant and cannot benefit the causes which they advocate.

**Appeal and Error 30 ⇔767(2)**

30 Appeal and Error
    30XII Briefs
        30k767 Striking Out
            30k767(2) k. Improper Matter. Most Cited Cases
Remarks which might find some palliation when uttered by counsel in the heat of oral debate may be inexcusable when coolly committed to writing.

**Appeal and Error 30 ⇔767(2)**

30 Appeal and Error
    30XII Briefs
        30k767 Striking Out
            30k767(2) k. Improper Matter. Most Cited Cases
Judges of reviewing courts are not censors morum of trial judges.

**Appeal and Error 30 ⇔874(4)**

30 Appeal and Error
    30XVI Review
        30XVI(B) Interlocutory, Collateral, and Supplementary Proceedings and Questions
            30k874 On Separate Appeal from Interlocutory Judgment or Order
                30k874(4) k. Appeal from Decisions Relating to Pleadings. Most Cited Cases
An appeal from an order denying an application to file an intervening petition does not present for review errors in the final decree or in the proceedings anterior thereto.

**Parties 287 ⇔44**

287 Parties
    287IV New Parties and Change of Parties
        287k37 Intervention
            287k44 k. Application and Proceedings Thereon. Most Cited Cases
A party who sought to intervene in a cause but filed neither petition nor affidavit showing that he had any interest in t matter involved, and came before the court as a mere stranger to the cause and moved to set aside the final decree, properly denied his motion to intervene and set aside the decree.

**Judgment 228 ⇔137**

228 Judgment
    228IV By Default
        228IV(B) Opening or Setting Aside Default
            228k137 k. Authority of Court. Most Cited Cases
When a motion is made to set aside a default and vacate a judgment at the term at which the judgment was rendered, and is continued till the next term, the court has power at the next term to vacate the judgment.

\*1 Appeal, from an order denying an application to file an intervening petition, entered by the Circuit Court of Cook Count

the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion file June 29, 1898.

MORAN, KRAUS & MAYER and HOFHEIMER & PFLAUM, attorneys for appellants.
Ordinarily the expenses of the receivership are charged against the fund which comes to the receiver's hands. But if th funds are insufficient to meet the expenses, they may be taxed as costs. If the receiver is improperly appointed the expenses may be taxed against the party who procured the appointment. If the receiver is properly appointed, and the funds are insufficient to meet the expenses they will be taxed as costs against the losing party. French v. Gifford, 31 Iowa, 428; City of St. Louis v. St. Louis G. L. Co., 11 Mo. App. 237; City of St. Louis v. St. Louis G. L. Co., 11 Mo. App. 243; City of St. Louis v. St. Louis G. L. Co., 87 Mo. 223; Brindage v. Home Sav. & Loan Ass'n, 39 Pac. Rep. 669; Einstein v. Lewis, 54 Ill. App. 520; Myres v. Frankenthal, 55 Ill. App. 390 .

The rule is that while the fund in the hands of the receiver is primarily liable for the receivership expenses, yet if that fur fail or has been distributed, or if the receiver is improperly appointed, the expenses incurred by the receiver are proper taxed against the party procuring the appointment of the receiver. Knickerbocker v. McKindley Coal and Mining Co., 67 Ill. App. 291; Highley v. Deane, 168 Ill. 266 .

Courts of chancery are without jurisdiction to decree dissolution of corporations. People v. Weigley, 155 Ill. 491, 503-506 . Coquard v. National Linseed Co., 171 Ill. 480, 485; Hunt v. LeGrand Roller Skating Co., 143 Ill. 118; Wheeler v. Pullman Iron & Steel Co., 143 Ill. 197 .

FRANCIS W. WALKER, attorney for certain appellees; NEWMAN, NORTHRUP & LEVINSON, of counsel.
Inasmuch as this appeal does not purport to have been taken from the decree itself but only from an order denying a motion (attempted to be) made after a final decree had been rendered, the decree itself is not before the court consideration, nor are any of the proceedings prior to this motion reviewable here. Nelson v. Benson, 69 Ill. 27; Schwartz v. Southerland, 51 Ill. App. 178; Radge v. Berner, 30 Ill. App. 183 .

\*2
The motion from which this appeal purports to have been taken was made in a cause wherein a final decree had bee rendered at a prior term. The court, therefore, had no jurisdiction to entertain the motion, and certainly no jurisdiction 1 grant it.

The rule in this particular is the same in equity as at law. Jacquemart v. Erb, 53 Ill. 291; Lilly v. Shaw, 59 Ill. 77; Hurd v. Goodrich, 59 Ill. 450; Davenport v. Kirkland, 156 Ill. 175 .

"That the motion can not be entertained at all at a subsequent term after final judgment is settled by the case of Cook v. Wood, 24 Ill. 295 ."Cox v. Brackett, 41 Ill. 225 .

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.
This is an appeal by Jacob Rosenberg, Charles L. Willoughby and Isaac H. Mayer from an order entered in the suit c Hyman B. Stern et al. v. Willoughby, Hill & Co., a corporation, et al., in chancery, refusing permission to appellants to file an intervening petition in said suit. The bill in the cause of Herman B. Stern et al. v. Willoughby, Hill & Co., et al., filed March 2, 1897, was in the nature of a creditor's bill, and was filed under and in pursuance of section 25 of the general act concerning corporations. Issue were made up and a final decree was rendered in the cause April 17, 1897, at the March term of the court. In the record, as it was April 17, 1897, the following order appeared:

"The motion of Max Hart, composing the firm of Hart, Schaffner & Marks, to set aside the decree entered herein at this date, was ordered by the court entered and continued to the next term of this court."May 15, 1897, at the April term of court, Simon Kirschbaum and others moved to set aside the decree entered April 17, 1897, which motion was continued to the May term of the court. May 17, 1897, being the first day of the May term of the court, appellants moved the court 1

leave to file an intervening petition, and an order was entered that the motion to set aside the decree of April 17, 1897 should not be disposed of or withdrawn, without at least one day's notice to Moran, Kraus & Mayer, solicitors for appellants. May 24, 1897, an order was entered reciting that the motion of Max Hart was argued, etc., and overruled, and at the same date an order was entered overruling the application of appellants for leave to file an intervening petition, which last order appellants excepted.

The appeal being solely from the order denying the application of appellants to file an intervening petition, does not before us for review errors, if any, in the final decree, or in the proceedings anterior thereto, notwithstanding which a large part of the arguments of appellants' counsel is devoted to the discussion of alleged errors in such proceedings and in decree. The following appears in the certificate of evidence in the record: "The court further certifies that no order was ever directed to be entered by this court in the above entitled cause of Hyman B. Stern et al. v. Willough by, Hill & Co. et al., or any other cause, granting leave to Max Hart, or to the firm of Hart, Schaffner & Marks, or to all, any or either of the members of said firm of Hart, Schaffner & Marks, to set aside the final decree entered in said cause of Herman B. Stern et al. Willoughby, Hill & Co. et al., and that the following words now appearing upon the records of this court, in said cause Hyman B. Stern et al. v. Willoughby, Hill & Co. et al., under date of the 17th day of April, A. D. 1897, to wit, 'The motion of Max Hart, composing the firm of Hart, Schaffner & Marks, is ordered by the court entered and continued till the next term of this court,' were never ordered to be entered by this court, and appear upon the records of this court without the direction or authority of this court, and ought to be expunged, and are this day expunged from said records, viz September 24, 1897. To the entry of which order expunging said words and modifying said record, said petitioners hereby except and object, and then and there excepted and objected."

*3
September 28, 1897, the court, on notice to appellants and others interested, entered an order amending the record expunging therefrom the order of April 17, 1897, reciting the motion of Max Hart to set aside the decree and continuing the motion to the next term.

Appellants' counsel vigorously assail the proceedings in relation to the expunging from the record the order of April although that order is not appealed from. Waiving, for the present, consideration of those proceedings, we will consider appellants' rights in the premises, on the hypothesis that the order of April 17th, relating to Hart's motion, was properly entered and remains in force. Max Hart was not a party to the cause of Stern et al. v. Willoughby, Hill & Co. et al. He filed neither petition nor affidavit, nor any document whatever showing that he had any interest in the cause or in any matter involved in it. He came before the court a mere stranger to the cause, and merely moved, as the record recites, to set aside the final decree. He had no standing in court, and the court, on the hypothesis that he made such motion, should have refused to entertain or consider it. But, if the court did, as the record before amendment recited, continue the motion to a subsequent term, the motion, when reached for hearing, was properly overruled. The motion of appellants for leave to file an intervening petition was made at the May term, 1893, a full term having intervened between the date of the final decree and May 17, 1893, the date appellants' motion. Appellants' counsel contend that the continuance of the Hart motion till the April term gave the court "the same power over the cause at the April term that it had at the March term," etc., and that the Hart motion being pending May 17, 1893, their application was in apt time; and cite <u>Windett v. Hamilton, 52 Ill. 180,</u> and <u>Hibbard v. Mueller, 86 Ill. 256,</u> in which cases it is merely decided that when a motion is made to set aside a default and vacate a judgment at the term which the judgment is rendered, and is continued till the next term, the court has power at such next term to vacate judgment. Giving to the continuance of Hart's motion the utmost effect which it could have if made by one entitled to make it, it merely operated to preserve the jurisdiction of the court to consider and act on that motion at a subsequent term. On the hypothesis that the petition which appellants asked leave to file was a meritorious one, and such, in all respects, as the court should permit to be filed, if application for leave to file it were made in apt time, then the application having been made after the term at which the final decree was rendered, the possible future right of appellants to file the p depended solely on the action of the court on the Hart motion, and when the court very properly overruled that motion appellants' application was also properly and necessarily overruled.

**\*4**
In view of what has been said, we deem it unnecessary to consider the expunging order of September 28, 1893. A motion made by appellees' counsel to strike from the files the briefs of counsel for appellants, on the ground that they contain language indecorous and disrespectful to the court, was reserved till the hearing. In support of their motion excerpts from pages 1, 2, 6, 18 and 25 of the opening argument of appellants' counsel, containing the language complained of, have been filed. The language of these excerpts can not be otherwise considered than as indecorous and disrespectful to the trial court. Remarks which, perhaps, might find some slight palliation when uttered in the heat or excitement of oral debate, may be inexcusable when coolly committed to writing. If counsel would only bear in mind that the province of a reviewing court is limited consideration of assigned errors of law or fact in the trials of causes, and that remarks not pertinent to such errors are wholly irrelevant and can not benefit the causes which they advocate, and that the judges of reviewing courts are not censors *morum* of their brother judges presiding in the trial courts, such language as that complained of would occur more rarely, if ever.

The language in the excerpts above mentioned, and contained on pages 1, 2, 6, 18 and 25 of the briefs of counsel appellants will be stricken from said briefs, and the order appealed from will be affirmed.

Ill.App. 1 Dist. 1898.
Rosenberg v. Stern
77 Ill.App. 248, 1898 WL 2430 (Ill.App. 1 Dist.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.