# **APPENDIX 10**

**Westlaw Delivery Summary Report for SINN,NATE R 6026349**

| | |
|---|---|
| Date/Time of Request: | Wednesday, July 30, 2008 16:13 Central |
| Client Identifier: | 0126/01 |
| Database: | IL-CS |
| Citation Text: | 14 Ill.App. 338 |
| Lines: | 62 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

14 Ill.App. 338                                                                                                    Page 1

14 Ill.App. 338, 1883 WL 10631 (Ill.App. 3 Dist.), 14 Bradw. 338

**14 Ill.App. 338, (Ill.App. 3 Dist.)1883 WL 10631**

C.
LEONARD K. SCROGGIN v. J. R. BROWN.
Ill.App. 3 Dist. 1883.

Appellate Court of Illinois, Third District.
LEONARD K. SCROGGIN
v.
J. R. BROWN.
November Term, 1883.

PROFESSIONAL PROPRIETY.
As the brief of plaintiff in error clearly violates the ordinary and well known rules of professional propriety, it is ordered that the brief be stricken from the files, with leave to plaintiff in error to file another brief within ten days, couched decorous language and respectful in its terms to the judge who tried the cause, the attorneys and all other persons mentioned therein.

*1
ERROR to the Circuit Court of Logan county; the Hon. C. EPLER, Judge, presiding. Opinion filed November 24, 1883.

Messrs. BEACH & HODNETT, for plaintiff in error.
Messrs. BLINN & HOBLIT, for defendant in error.
PER CURIAM.
The briefs filed in this case violate the well known practice of this court which requires that all briefs shall be respectful in language to the judge who tried the case below, the parties and their attorneys and the witnesses and other persons connected with the trial of the cause. We said in Smith v. Bingman, 3 Bradwell, 65: "We disapprove of the insinuations in the brief of appellee against the professional conduct of the attorney of appellant. Briefs should be respectful to the court the parties and all persons named in them; and this court will, as far as it has power, see that this rule is enforced." Again in C.   &   A.   R.   R.   Co.   v.   Bragonier,   13   Bradwell,   467,

in commenting on the briefs filed in that case we said: "Hereafter briefs containing offensive language will be prom stricken from the files."

The following statements are found in plaintiff's brief in this case: On page 31 appears this statement: "Counsel for Brown saw the trouble with that defense and tried to avoid it by having Brown swear that he never made a usurious contra Scroggin, that nothing was said between them as to what rate of interest he was to pay, and that he did not know until about two years before the trial of this cause below, that Scroggin was charging him 20 per cent. interest."

Again, on page 38, in commenting on the instructions, counsel say: "The next instruction given for defendant would seem to show that counsel for defendant and the court well understood what the law was and gave that instruction for the tir being to be in harmony with it; but if the instruction does show that fact, the instruction immediately following it would as clearly show that the court as well as counsel were trying to beat somebody, regardless of the law; because if the instruction is the law, the second instruction could not be."

Again, on page 43, counsel say: "Evidently the instruction given by the court does not properly state the law, and we do not believe that it was intended that it should state the law correctly; for if it had, under the proofs in this case, the defendant would never have been permitted to go behind his last settlement with Scroggin, and thereby his entire trumpedup defense would have been shut off and taken from the consideration of the jury."

These remarks of counsel so clearly violate the ordinary and well known rules of professional propriety as to render it t duty of this court to strike the brief containing them from its files.

*2 It is therefore ordered that the brief of plaintiff in error be stricken from the files of this court, with leave to plaintiff in error to file another brief within ten days, couched in decorous language and respectful in its terms to the judge who triec the cause, the attorneys and all other persons mentioned therein.

Ill.App. 3 Dist. 1883.
Scroggin v. Brown
14 Ill.App. 338, 1883 WL 10631 (Ill.App. 3 Dist.), 14 Bradw. 338

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.