# **APPENDIX 11**

**Westlaw Delivery Summary Report for SINN,NATE R 6026349**

| | |
|---|---|
| Date/Time of Request: | Wednesday, July 30, 2008 16:14 Central |
| Client Identifier: | 0126/01 |
| Database: | IL-CS |
| Citation Text: | 13 Ill.App. 467 |
| Lines: | 184 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

13 Ill.App. 467                                                                                                                Page 1

13 Ill.App. 467, 1883 WL 10527 (Ill.App. 3 Dist.), 13 Bradw. 467

**13 Ill.App. 467, (Ill.App. 3 Dist.)1883 WL 10527**

C
CHICAGO AND ALTON RAILROAD COMPANY v. ELSIE BRAGONIER, Adm'x.
Ill.App. 3 Dist. 1883.

Appellate Court of Illinois, Third District.
CHICAGO AND ALTON RAILROAD COMPANY
v.
ELSIE BRAGONIER, Adm'x.
May Term, 1883.

West Headnotes

**Appeal and Error 30 767(2)**

30 Appeal and Error
   30XII Briefs
      30k767 Striking Out
         30k767(2) k. Improper Matter. Most Cited Cases
Briefs should be respectful to the court, the parties and all persons named in them and briefs containing offensive language will be promptly stricken from files.

**Trial 388 125(1)**

388 Trial
   388V Arguments and Conduct of Counsel
      388k113 Statements as to Facts, Comments, and Arguments
         388k125 Appeals to Sympathy or Prejudice

388k125(1) k. In General. Most Cited Cases

In action brought against railroad, permitting plaintiff's counsel to read during argument, newspaper article to effect railroads considered lives of employees one of the cheapest items a railroad had to deal with *held* prejudicial error.

Trial 388 ⟶ 133.1

388 Trial
   388V Arguments and Conduct of Counsel
      388k133 Action of Court
         388k133.1 k. In General; Duty of Court. Most Cited Cases
      (Formerly 388k133(1))

It is duty of circuit court, in conducting trial by jury, to restrain every effort of parties to bring before jury matters which are foreign to issues to be tried, and especially and scrupulously to exclude all such matters when same has a tendency excite prejudices of the jury against a party to the issue.

Trial 388 ⟶ 133(6)

388 Trial

Where defendant's counsel produced opinion of Appellate Court reversing former judgment of the court and accompanied it with some explanatory remarks and this led to some severe reflections upon Appellate Court on part of counsel for plaintiff but court instantly directed jury to disregard the remarks of counsel, there was no error.

\*1
APPEAL from the Circuit Court of McLean county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed September 28, 1883.

Messrs. WILLIAMS, BURR & CAPEN, for appellant; that the reading of the article was improper, cited Mitchum v. State, 11 Ga. 615; Tucker v. Henniker, 41 N. H. 317; Hoxie v. Home Ins. Co., 33 Conn. 471; Rolfe v. Rumford, 66 Me. 564; Scripps v. Reilly, 35 Mich. 371; Martin v. Orendorff, 22 Ia. 504; Brown v. Swinford, 44 Wis. 282; St. L. & S. E. R'y Co. v. Myrtle, 51 Ind. 566; Baldwin's Appeal, 44 Conn. 37; State v. Smith, 75 N. C., 306; Ferguson v. State, 49 Ind. 33; Fry v. Bennett, 3 Bosw. 200; Bullock v. Smith, 15 Ga. 395; Dickerson v. Burke, 25 Ga. 225; Debries v. Phillips, 63 N. C. 53; Jenkins v. Ore Dressing Co. 65 N. C. 563; Read v. State, 2 Ind. 438; Saunders v. Baxter, 6 Heisk. 369; Hennies v. Vogel, 87 Ill. 242; City of Elgin v. Eaton, 2 Bradwell, 90; City of Chicago v. McGiven, 78 Bradwell, 347; Angelo v. The People, 96 Ill. 209; Spenceley v. Willot, 7 East. 108.

If a person comes to an injury by his own carelessness, he can not recover: Allerton P. Co. v. Egan, 86 Ill. 253; C. & A. R. R. Co. v. Rush, 84 Ill. 570.

It is the duty of a brakeman to know that the brakes on his train are in order: C. & A. R. R. Co. v. Bragonier, 11 Bradwell, 516; I. C. R. R. Co. v. Jewell, 46 Ill. 99; T. & W. R'y Co. v. Eddy, 72 Ill. 138; C. & N. W. R'y Co. v. Jackson, 55 Ill. 492; Wood on Master and Servant, §§ 333, 363; Wonder v. B. & O. R. R. Co. 32 Md. 411; M. R. & L. E. R. R. Co. v. Barber, 5 Ohio St. 541; Davis v. D. & M. R. R. Co. 20 Mich. 105.

Mr. WILLIAM E. HUGHES, for appellee; that the master is bound to furnish suitable machinery and see that it is kept repair, cited Weemes v. Mathewson, 4 McQuine, 215; Chapman v. Erie R. R. Co. 55 N. Y. 579; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; I. B. & W. R. R. Co. v. Flanigan, 77 Ill. 365; Le Clair v. St. Paul, etc., R. R. Co. 20 Minn. 9.

PER CURIAM.
\*2
This case was before this court on a former occasion, when the judgment of the trial court was reversed and the c remanded. It will be found reported in 11 Bradwell, 516; to which reference is made for a full statement of the case. It will there be seen, that the contest is very close upon the questions as to the liability of the railroad company for the inju

received by appellee's intestate while in its service. We reversed the case mainly for the reason that the court below ha failed to draw the proper distinction between the acts or omissions of duty for which appellant would be liable, and those for which it would not, on account of their being acts or omissions of a fellow servant of the deceased. It will be seen tha the case is one in which justice demands, not only a strict application of the law, but also the utmost fairness in the conduct of the trial.

We are, however, at the very threshold of the present investigation, met by an error committed on the last trial which wholly precludes our re-examination of the case upon its merits.

Appellee's counsel in his closing argument, proposed to read to the jury, and as a part of the same, an article which he stated had, a few days before, appeared in a daily paper, to the reading of which counsel for appellant objected, but the court overruled the objection and permitted the same to be read.

The article in question after striking out proper names, which we have done, reads as follows: "That reminds Captain_____, "of a little scene that occurred in the Board of Public Works some time ago. A gentleman was in the office who had invented a car-coupling, and like all inventors he was loud in its praises, and enlarged on the safety i insured to life and limb. Mr._____, was in the office at the time, listening attentively to the inventor's laudation of machine. At last, breaking in, he said, 'My friend, are you aware that the thing you propose to protect is the cheapest ite: that a railroad has to deal with? If your machine would save cars, sir, cars, there might be a chance for the company adopting it, as they represent property. But human beings are the cheapest things they have about them, and death only stops the wages without entailing a loss.'"

The suit in this case was for damages accruing to appellee from the death of her husband, which resulted from an ir received in the very act of coupling cars, not, however, from any defect in the car-coupling, but from a defect in the ratchet on the brake rod, by means of which the momentum of the car is checked when in motion or by which it is stationary when standing. Who the parties were that are referred to in the article or whether they had any connecti appellant's road does not appear. But in any event the article was one intended to cast a stigma upon all railroads on account of a fancied recklessness in caring for the lives of their employes, and was especially calculated to prejudice them in the case on trial. Whether the incident related in the article was true or false, it had no bearing whatever upon the issues in this case and had it been offered in evidence upon the trial it would have been instantly excluded. If improper as an item of evidence, it was improper to read it to the jury for any purpose. It would serve only to create a prejudice in their m against appellant and manifestly this was the purpose for which it was read. The fact that it was read as part of the argument of counsel could not purge it of its objectionable character.

*3 Such a course of practice is universally condemned. We refer to a few out of a multitude of cases in point. Tucker v. Henniker, 41 N. H. 317; Scripps v. Reiley, 35 Mich. 371; Brown v. Swinford, 44 Wis. 282; State v. Smith, 75 N. C. 306; Ferguson v. State, 49 Ind. 33; Rolfe v. Rumford, 66 Me. 564; City of Chicago v. McGiven, 78 Ill. 347; Hennies v. Vogle, 87 Ill. 242.

In the last cited case our Supreme Court lay down this rule: "It is the duty of the circuit court, in conducting trials by jury, to restrain every effort of the parties to bring before the jury matters which are foreign to the issues to be tried, an especially and scrupulously to exclude all such matter when the same has a tendency to excite the prejudices of the ju against a party to the issue."

It can not of course be expected that the presiding judge will exercise such a strict supervision over the arguments o: counsel as of his own motion to check every irregularity, but when counsel attempt to abuse their privileges to the prejudice of the opposing party, then it is palpable error for the court not to exercise its authority when called upon. In such case we deem it our duty to see that no benefit shall be derived from verdicts so obtained. For this reason the judgment of the circuit court will be reversed and the cause remanded.

At the beginning of the trial a controversy arose between counsel for the respective parties growing out of an allegec

attempt to make prominent, in the presence of the jury, the fact that the former judgment of the court had been reversed in this court.

The matter of complaint consisted in the act of appellant's counsel producing and handing to the presiding judge, the opinion of this court and accompanying the same with some explanatory remarks. This led to some very severe reflections upon this court on the part of counsel for appellee, to which counsel for appellant took exception. The court, however, instantly directed the jury to disregard the remarks of counsel, as the same had been addressed to the court and not to the jury. We can not, therefore, see wherein the court committed any error in this regard. It is more than probable that counsel on both sides were somewhat at fault. It is generally not in order to attempt to bring before the jury the result of any former trial in the same case, and such attempts usually result in counter charges from opposing counsel.

As to the improper reflections cast upon this court, it is sufficient to say that the attorney implicated has voluntarily appeared in person and made a suitable apology for his indiscreet remarks. We are disposed for this occasion to accept the apology and to pursue the matter no further.

*4 We can not, however, leave this case without calling attention of counsel practicing in this court to what was said in Smith v. Bingman, 3 Bradwell, 65, concerning briefs of counsel. It is there said, "We also disapprove of the insinuations in the brief of appellee against professional conduct of the attorney of appellant. Briefs should be respectful to the court, the parties and all persons named in them; and this court will, as far as it has power, see that this rule is enforced.

As no allusion to this expression is made in the head notes of the case as reported, we here repeat it, and will take occasion to say that the necessity for this repetition has been made manifest in the character of briefs filed, not only in this case but also in several others. Hereafter briefs containing offensive language will be promptly stricken from the files.

The judgment of the court below is reversed and the cause remanded.

Reversed and remanded.

Ill.App. 3 Dist. 1883.
Chicago & A.R. Co. v. Bragonier
13 Ill.App. 467, 1883 WL 10527 (Ill.App. 3 Dist.), 13 Bradw. 467

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.