# APPENDIX 12

http://web3.westlaw.com/print/printstream.aspx?sv=Split&prft=H...

**Westlaw Delivery Summary Report for SINN,NATE R 6026349**

| | |
|---|---|
| Date/Time of Request: | Wednesday, July 30, 2008 16:15 Central |
| Client Identifier: | 0126/01 |
| Database: | IL-CS |
| Citation Text: | 3 Ill.App. 65 |
| Lines: | 57 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

3 Ill.App. 65                                                                                          Page 1

3 Ill.App. 65, 1878 WL 10488 (Ill.App. 3 Dist.), 3 Bradw. 65

**3 Ill.App. 65, (Ill.App. 3 Dist.)1878 WL 10488**


C

ISAAC SMITH v. RACHAEL BINGMAN.
Ill.App. 3 Dist. 1878.

Appellate Court of Illinois, Third District.
ISAAC SMITH
v.
RACHAEL BINGMAN.
November Term, 1878.

West Headnotes

**Appeal and Error 30 ⬩767(2)**

30 Appeal and Error
   30XII Briefs
     30k767 Striking Out
      30k767(2) k. Improper Matter. Most Cited Cases
Briefs should be respectful to the court, the parties and all persons named in them and briefs containing offensive language will be promptly stricken from files.

**Appeal and Error 30 ⬩767(2)**

30 Appeal and Error
   30XII Briefs
     30k767 Striking Out

http://web2.westlaw.com/print/printstream.aspx?sv=Split&prft=H...

30k767(2) k. Improper Matter. Most Cited Cases

Unwarranted criticism of a trial judge in a brief of a party on review was highly improper since the judge had no opportunity of defending himself.

**Appeal and Error 30 ☞1001(1)**

30 Appeal and Error
    30XVI Review
        30XVI(I) Questions of Fact, Verdicts, and Findings
            30XVI(I)2 Verdicts
                30k1001 Sufficiency of Evidence in Support
                    30k1001(1) k. In General. Most Cited Cases

Where it clearly appears that the verdict is not supported by the evidence, the judgment will be reversed, and a new granted.

*1 APPEAL from the County Court of Cass county; the Hon. J. W. SAVAGE, Judge, presiding.

Messrs. WHITNEY & TINNEY, for appellant.
Mr. OSCAR A. DELEUW, for appellee; that a verdict should not be set aside except where the preponderance is cle against it, cited Pafineau v. Belgarde, 81 Ill. 61 .
PER CURIAM.
This was a suit brought in the County Court of Cass county, by appellees against appellant, in assumpsit.

The only count in the declaration is for money had and received, to which appellant pleaded *non assumpsit* and Statute of Limitations. Plaintiff below filed with her declaration the following account:

"Isaac Smith to Rachael Bingman, Dr. To amount collected by you on the interest of plaintiff in lands conveyed by ? Walker, in Sangamon county, $800.00.""""

The trial resulted in a verdict and judgment against appellant for $600, and he brings the case here, and assigns for error that the evidence does not sustain the judgment.

We have examined the evidence in the record carefully, and do not find any proof that appellant ever sold any land in which appellee had any interest to Walker, or that he ever received any money from Walker belonging to her. The discloses some admission of indebtedness by appellant to appellee; but without further explanation they are not sufficient to warrant the verdict and judgment. We purposely refrain from discussing the evidence in detail, as the case must again be submitted to a jury, but upon the whole evidence we think the error well assigned.

We cannot refrain from expressing our disapproval of the criticisms upon the county judge who tried the case, injected into the brief of appellant. The judge is not before this court, and has no opportunity to defend himself against un reflections upon him. Under such circumstances it is ungenerous and highly improper for counsel to indulge in refl uncalled for, and not warranted by anything in the record.

We also disapprove of the insinuations in the brief of appellee against the professional conduct of the attorney of appellant. Briefs should be respectful to the court, the parties, and all persons named in them; and this court will, as far as it has power, see that this rule is enforced.

Judgment reversed and cause remanded.

Reversed and remanded.

http://web2.westlaw.com/print/printstream.aspx?sv=Split&prft=H...

Ill.App. 3 Dist. 1878.
Smith v. Bingman
3 Ill.App. 65, 1878 WL 10488 (Ill.App. 3 Dist.), 3 Bradw. 65

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.