# APPENDIX 13

Westlaw Delivery Summary Report for SINN,NATE R 6026349

| | |
|---|---|
| Date/Time of Request: | Wednesday, July 30, 2008 16:16 Central |
| Client Identifier: | 0126/01 |
| Database: | IL-CS-FIND |
| Citation Text: | 73 Ill. 187 |
| Lines: | 121 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

73 Ill. 187                                                                 Page 1

73 Ill. 187, 1874 WL 8951 (Ill.)

**73 Ill. 187, (Ill.)1874 WL 8951**

C

PATRICK CONFREY v. CATHARINE STARK.

Ill. 1874.

Supreme Court of Illinois.

PATRICK CONFREY

v.

CATHARINE STARK.

September Term, 1874.

West Headnotes

**Appeal and Error 30 ⬳767(2)**

30 Appeal and Error

   30XII Briefs

      30k767 Striking Out

         30k767(2) k. Improper Matter. Most Cited Cases

Briefs should be respectful to the court, the parties and all persons named in them and briefs containing offensive language will be promptly stricken from files.

**Penalties 295 ⬳16**

295 Penalties

   295II Actions and Other Proceedings

      295k16 k. Nature and Form of Remedy. Most Cited Cases

Where a statute gives a penalty and prescribes the form of action for its recovery, such form of action is exclusive.

**Intoxicating Liquors 223 &⇒282**

223 Intoxicating Liquors
   223XI Civil Damage Laws
      223k282 k. Nature of Remedy. Most Cited Cases
The $2 per day given by the civil damage act for taking care of a person injured by intoxication cannot be recovered by wife of the injured party in an action on the case, but only in an action of debt, as prescribed in section 5 of the act, Laws 1871-72, p. 552.

**Intoxicating Liquors 223 &⇒285**

223 Intoxicating Liquors
   223XI Civil Damage Laws
      223k284 Grounds of Action
         223k285 k. In General. Most Cited Cases
In a suit by a wife to recover damages on account of the sale of intoxicating liquor to her husband, she must show that she has been injured either in her person, her property, or means of support before she can recover.

**Intoxicating Liquors 223 &⇒285**

223 Intoxicating Liquors
   223XI Civil Damage Laws
      223k284 Grounds of Action
         223k285 k. In General. Most Cited Cases
The fact that a husband and father becomes intoxicated, and while in that condition loses time, neglects his business, becomes injured, or earns less money, or even loses it by neglect of business, and hence is not possessed of as large means as he otherwise would have been, will not support an action by the wife against the liquor seller; her property, person, means of support not being injured.

**\*1** APPEAL from the Circuit Court of Livingston county; the Hon. NATHANIEL J. PILLSBURY, Judge, presiding.

Mr. A. E. HARDING, for the appellant.
Mr. S. S. LAWRENCE, Mr. C. C. STRAWN, and Mr. L. G. PEARRE, for the appellee.
Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:
Appellee brought an action on the case, in the Livingston circuit court, against appellant, to recover damages claimed to have been sustained by her, by reason of the sale of intoxicating liquors to her husband by appellant. A trial was had before the court and a jury, resulting in a verdict for $1000, upon which the court, after overruling a motion for a new trial, rendered judgment, and to reverse it this is prosecuted, and errors are assigned on the record.

It is urged that the court below erred in giving instructions for appellee. The first to which exceptions are taken is this:

"The court instructs the jury that, in Illinois, the law is, that every wife who shall be injured in her person, property or means of support by any intoxicated person, being the husband of any such wife, or in consequence of the intoxicat habitual or otherwise, of any such husband, shall have a right of action, in her own name, against any person who shall, by selling or giving intoxicating liquors to any such husband, have caused the intoxication, either in whole or in part, of an such husband, for all damages sustained, and for exemplary damages."

This instruction was well calculated to mislead the jury in finding their verdict. This court, in previous cases, in construing this act, has held that, before there can be punitive damages allowed, it must be proved and found that the plaintiff I

suffered actual damages, such as are designated in the statute; that injury must be sustained to the person, property or means of support, before plaintiff can recover damages to any extent, and that such damages must be found to hav sustained, before punitive damages can be awarded.

Where the husband has an abundance of means of support for himself and family, and liquor is sold to him, and he becomes intoxicated, but does not injure the person of the wife, or his or her property, we are at a loss to see how a recovery can be had, because there is no injury to either the person of the wife, to the property, or to her means of support; and it is only for the injury to some one or more of them that a right of recovery is given. The law was not intended as means of speculation, but as a protection against injury to the wife and children of the drunkard, to preserve the propert used                                        by                                             the family from destruction or injury, and to protect the family against immediate or probable want of adequate support; not to enable the affluent, or those well provided for, to sue and recover simply because the husband and father may be intoxicated, and, whilst in that condition, loses time, neglects his business, or becomes injured, or earns less money, or even loses it by neglect of business, and hence is not possessed of as large means as he otherwise would have been. The jury should have been instructed that they must first find that appellee had been actually injured in one of these mode before they could find punitive damages.


**\*2**
The ninth of appellee's instructions informed the jury that, if the husband of appellee became intoxicated by reason of liquor sold to him by appellant, either in whole or in part, and thereby became injured, and that appellee, in consequ thereof, was obliged to, and did, care for her husband whilst helpless, then she was entitled therefor to $2 for each day she so cared for him, in addition to any other damages she may have sustained in person, property and means of support. It will be remembered that this is an action on the case, whilst the fourth section of the statute only gives an action of de before any court having competent jurisdiction. It is a uniform rule, well recognized by all courts, where a statute giv penalty and prescribes the form of action in which the remedy may be had, that courts are powerless to change the remedy and permit a recovery to be had in another form of action. The will of the General Assembly is supreme, and must be obeyed as expressed.

Nor does the new Practice Act, so far as we can perceive, change the action. It abolishes the distinction between trespass and case, but not between debt and case; and hence the $2 a day can only be recovered in an action of debt, as the statute has prescribed. Such a recovery can only be had by virtue of the statute, and, to recover, the statute must be pursu instruction was therefore erroneous, and should have been refused.

It is with regret that we feel required to notice the fact that the brief of appellant's counsel is not decorous to the judge who tried the case. Such things are not calculated to bias this court unduly in favor of the side that resorts to them, as they entirely foreign to our taste, and we endeavor to decide all cases on their merits. If this were the first instance, we might pass it over, as we have previously done, without reminding counsel of its impropriety.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*

Ill. 1874.
Confrey v. Stark
73 Ill. 187, 1874 WL 8951 (Ill.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.