# **APPENDIX 14**

Westlaw Delivery Summary Report for SINN,NATE R 6026349

Date/Time of Request:           Wednesday, July 30, 2008 16:17 Central
Client Identifier:              0126/01
Database:                       FRDFIND
Citation Text:                  56 F.R.D. 116
Lines:                          706
Documents:                      1
Images:                         0

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Westlaw.

56 F.R.D. 116                                                                               Page 1
56 F.R.D. 116, 16 Fed.R.Serv.2d 1096
**56 F.R.D. 116**

C

GILBERT v. ELI LILLY & CO. INC.
D. Puerto Rico, 1972

United States District Court, D. Puerto Rico.
Charles Eugene GILBERT, as father with patrial potestas of his son Michael Gilbert, for the use and benefit of his son, and Charles Eugene Gilbert, individually, Plaintiffs,
v.
ELI LILLY & CO. INC. Codefendant, Cross-Plaintiff and Third-Party Plaintiff,
v.
LORD ELECTRIC CO. OF PUERTO RICO, Codefendant and Cross-Defendant,
v.
J. A. JONES CONSTRUCTION CO. et al., Third-Party Defendants.
**Civ. No. 340-71.**

May 19, 1972.

Action arising out of minor employee's injuries allegedly caused by negligence of codefendants, wherein plaintiffs moved to strike affirmative defenses of codefendants. The District Court, Toledo, J., held that affirmative defense relating plaintiff's domicile at time of filing of complaint would not be stricken where it could possibly present question of change of domicile before suit, but that assertion of lack of jurisdiction as in affirmative defense was improper; thus the defens must be stricken, but that defense should remain as part of codefendants' responsive pleadings.

Motion granted in part and denied in part.

West Headnotes

[1] Federal Civil Procedure 170A ⇐1138

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1138 k. Redundant, Indirect or Prolix Matter. Most Cited Cases

Within federal rule providing for elimination of redundant matter from pleading, "redundant matter" consists of allegations that constitute a needless repetition of other averments or are wholly foreign to issue to be denied. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[2] **Federal Civil Procedure 170A ⟺1125.1**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1125 Immaterial, Irrelevant or Unresponsive Matter
            170Ak1125.1 k. In General. Most Cited Cases
      (Formerly 170Ak1125)

Within federal rule providing for striking immaterial matter from pleadings, "immaterial matter" is that which has no essential or important relationship to claim for relief or defenses being pleaded. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[3] **Federal Civil Procedure 170A ⟺1125.1**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1125 Immaterial, Irrelevant or Unresponsive Matter
            170Ak1125.1 k. In General. Most Cited Cases
      (Formerly 170Ak1125)

Statement of unnecessary particulars in connection with and descriptive of that which is material may be stricken from pleading as "immaterial matter." Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[4] **Federal Civil Procedure 170A ⟺1127**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1127 k. Impertinent or Scandalous Matter. Most Cited Cases

Within federal rule providing for striking impertinent matter from pleadings, "impertinent matter" consists of any allegation which is not responsive nor relevant to issues involved in the action and which could not be put in issue or be given in evidence between the parties. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[5] **Federal Civil Procedure 170A ⟺1127**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1127 k. Impertinent or Scandalous Matter. Most Cited Cases

Within federal rule providing for striking scandalous matter from pleadings, "scandalous matter" is matter which improperly casts a derogatory light on someone, usually a party to the action, with respect to moral character or use repulsive language. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

**[6] Federal Civil Procedure 170A ⟶1125.1**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1125 Immaterial, Irrelevant or Unresponsive Matter
                170Ak1125.1 k. In General. Most Cited Cases
(Formerly 170Ak1125)

**Federal Civil Procedure 170A ⟶1127**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1127 k. Impertinent or Scandalous Matter. Most Cited Cases

**Federal Civil Procedure 170A ⟶1138**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1138 k. Redundant, Indirect or Prolix Matter. Most Cited Cases
Motion to strike is proper remedy to eliminate redundant, immaterial, impertinent or scandalous matter from pleadings and is principal procedure for objecting to an insufficient affirmative defense. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

**[7] Federal Civil Procedure 170A ⟶1129.1**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1129 Insufficient Allegations in General
                170Ak1129.1 k. In General. Most Cited Cases
(Formerly 170Ak1129)
What constitutes an insufficient defense depends on the nature of claim for relief and defense in question. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

**[8] Federal Civil Procedure 170A ⟶1104**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1104 k. Motion Not Favored. Most Cited Cases
Motions to strike matter from pleadings are not favored and should not be granted, even in cases where avermen complained of are literally within provisions of federal rule providing for striking of redundant, immaterial, impertinent or scandalous matter, in absence of a demonstration that allegations attacked have no possible relation to controversy and may prejudice the other party. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

**[9] Federal Civil Procedure 170A ⟶1130**

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1129 Insufficient Allegations in General
            170Ak1130 k. Propriety of Motion to Strike. Most Cited Cases

Motion to strike defense will be denied if defense is sufficient as a matter of law or if it fairly presents a question of law or fact which court ought to hear. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[10] **Federal Civil Procedure** 170A ⇌1130

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1129 Insufficient Allegations in General
            170Ak1130 k. Propriety of Motion to Strike. Most Cited Cases

Motion to strike for insufficiency was never intended to furnish opportunity for determination of disputed and sub: questions of law and is not granted if insufficiency of defense is not clearly apparent or may better be determined in hearing on the merits. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[11] **Federal Civil Procedure** 170A ⇌1130

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1129 Insufficient Allegations in General
            170Ak1130 k. Propriety of Motion to Strike. Most Cited Cases

If there are either questions of fact or disputed questions of law, motion to strike a defense must be denied. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[12] **Federal Civil Procedure** 170A ⇌1146

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1145 Determination of Motion
            170Ak1146 k. Matters Considered. Most Cited Cases

**Federal Civil Procedure** 170A ⇌1147

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1145 Determination of Motion
            170Ak1147 k. Matters Deemed Admitted. Most Cited Cases

For plaintiff to succeed on motion to strike defense, court must be convinced that there are no questions of fact, the questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed and examining the defenses, court must accept matters well pleaded as true and should not consider matters outside th pleadings. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[13] **Federal Civil Procedure** 170A ⇌1108.1

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1108 Affirmative Defense or Avoidance
           170Ak1108.1 k. In General. Most Cited Cases
  (Formerly 170Ak1108)

In action for injuries suffered at work by minor employee, affirmative defense that defendants had immunity unde applicable provisions of Puerto Rico Workmen's Compensation Act, on ground that both defendants were statutor employers of the minor, raised questions of fact and law that could not be decided on plaintiffs' motion to strike the defenses, where issue as to what constituted a statutory employer had never been decided squarely by Supreme Court Puerto Rico. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .; 11 L.P.R.A. § 1 et seq.; 31 L.P.R.A. § 5298 .

[14] **Federal Civil Procedure 170A** ⇌1106

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1105 Grounds
           170Ak1106 k. Want of Issue for Hearing or Trial. Most Cited Cases

**Federal Civil Procedure 170A** ⇌1107

170A Federal Civil Procedure
   170AVII Pleadings and Motions
      170AVII(N) Striking Pleading or Matter Therein
         170Ak1105 Grounds
           170Ak1107 k. Prejudice from Allegations. Most Cited Cases

When there is no showing that allegation has no relationship to controversy or that it will prejudice the moving party, court will not determine disputed and substantial question of law or fact upon a motion to strike. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[15] **Domicile 135** ⇌11

135 Domicile
   135k11 k. Questions for Jury. Most Cited Cases

Question of domicile is mixed question of fact and law, although mainly one of fact.

[16] **Domicile 135** ⇌8

135 Domicile
   135k7 Evidence
      135k8 k. Presumptions and Burden of Proof. Most Cited Cases

There are rebuttable presumptions that place where a person actually lives is his domicile and that a domicile, or established, continues until a change is shown, so that burden of proving change of domicile rests on party alleging it.

[17] **Domicile 135** ⇌8

135 Domicile
   135k7 Evidence
      135k8 k. Presumptions and Burden of Proof. Most Cited Cases

There is presumption in favor of an original or former domicile, over an acquired one.

**[18] Courts 106** ⚖️ **35**

106 Courts
    106I Nature, Extent, and Exercise of Jurisdiction in General
        106k34 Presumptions as to Jurisdiction
            106k35 k. In General. Most Cited Cases
Where jurisdiction of court is challenged, plaintiff has burden of proving court has jurisdiction.

**[19] Federal Civil Procedure 170A** ⚖️ **751**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(C) Answer
            170AVII(C)2 Affirmative Defense or Avoidance
                170Ak751 k. In General. Most Cited Cases
An affirmative defense is properly concerned with pleading of a matter not within plaintiff's prima facie case, that i pleading matter to avoid plaintiff's cause of action. Fed.Rules Civ.Proc. rule 8(b, c), 28 U.S.C.A .

**[20] Federal Civil Procedure 170A** ⚖️ **751**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(C) Answer
            170AVII(C)2 Affirmative Defense or Avoidance
                170Ak751 k. In General. Most Cited Cases
It is a misnomer to speak of a defense, that is in substance a denial, as an affirmative defense. Fed.Rules Civ.Proc. rule 8(b, c), 28 U.S.C.A .

**[21] Federal Civil Procedure 170A** ⚖️ **741.1**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(C) Answer
            170AVII(C)1 In General
                170Ak741 Denials
                      170Ak741.1 k. In General. Most Cited Cases
    (Formerly 170Ak741)
Whenever denial is erroneously termed an affirmative defense, it should, nevertheless, be treated for what it is, a negati one. Fed.Rules Civ.Proc. rule 8(b, c), 28 U.S.C.A .

**[22] Federal Civil Procedure 170A** ⚖️ **751**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(C) Answer
            170AVII(C)2 Affirmative Defense or Avoidance
                170Ak751 k. In General. Most Cited Cases

**Federal Civil Procedure 170A** ⚖️ **1108.1**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1108 Affirmative Defense or Avoidance
                170Ak1108.1 k. In General. Most Cited Cases
    (Formerly 170Ak1108)

Assertion of lack of jurisdiction as an affirmative defense was improper; thus the defense must be stricken, but that defense should remain as part of codefendants' responsive pleadings. Fed.Rules Civ.Proc. rule 8(b, c), 28 U.S.C.A .

[23] **Federal Civil Procedure 170A ⇌751**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(C) Answer
            170AVII(C)2 Affirmative Defense or Avoidance
                170Ak751 k. In General. Most Cited Cases

Defense that accident was caused by negligence of persons beyond control of codefendants constituted negative defense and it was improper to raise it as an affirmative defense. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[24] **Negligence 272 ⇌1538**

272 Negligence
    272XVIII Actions
        272XVIII(B) Pleading
            272k1536 Issues, Proof and Variance
                272k1538 k. Pleading General Issue, Allegation or Denial. Most Cited Cases
    (Formerly 272k119(2.1), 272k119(2))

By making general denial of any negligence on their part, codefendants could present at trial any evidence to show t claimed damage was not caused by their negligence.

[25] **Negligence 272 ⇌1541**

272 Negligence
    272XVIII Actions
        272XVIII(B) Pleading
            272k1536 Issues, Proof and Variance
                272k1541 k. Defenses and Mitigating Circumstances. Most Cited Cases
    (Formerly 272k119(2.1), 272k119(2))

Defendant may deny negligence generally and prove that claimed damage was not caused by him but by conduct of t person beyond his control.

[26] **Federal Civil Procedure 170A ⇌1108.1**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1108 Affirmative Defense or Avoidance
                170Ak1108.1 k. In General. Most Cited Cases
    (Formerly 170Ak1108)

Affirmative defense alleging that damages claimed by plaintiff were exaggerated and speculative was not a prop affirmative defense but was a negative defense, encompassed under defendant's general denial of plaintiff's assertion

damage suffered and, as such, the defense must be stricken. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

[27] **Federal Civil Procedure 170A** ⟶1108.1

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(N) Striking Pleading or Matter Therein
            170Ak1108 Affirmative Defense or Avoidance
                170Ak1108.1 k. In General. Most Cited Cases
      (Formerly 170Ak1108)

Defendant's joinder of beneficial plaintiff's employer rendered moot beneficial plaintiff's opposition to defendant affirmative defense that it was entitled to reduction in damages because of negligence of employer and defense shou allowed to stand for it was not insufficient, redundant, immaterial, impertinent or scandalous. Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C.A .

*119 Nachman, Feldstein & Gelpi, San Juan, P. R., for plaintiffs.
Charles A. Cordero, San Juan, P. R., for Eli Lilly & Co.
Amancio Arias Cestero, San Juan, P. R., for Lord Electric Co. of P. R.
C. A. Chavier Stevenson, Ernesto Maldonado Perez, San Juan, P. R., for third-party defendants.

ORDER
TOLEDO, Chief Judge.

Plaintiffs have moved this Court, pursuant to the provisions of Rule 12(f) of the Federal Rules of Civil Procedure, [FN1] Title 28, United States Code to strike affirmative defenses numbers 5, 7, 8, 9 and 10 set forth in the answer to the complaint of codefendant Eli Lilly Co., Inc. and affirmative defenses numbers 3, 4 and 6 set forth in the answer to the complaint of codefendant Lord Electric Company of Puerto Rico, Inc.[FN2] This Court, through an Order entered on November 4, 1971, 337 F.Supp. 50, disposed of the affirmative defense number 4 raised by codefendant Lord Electric Company of Puerto Rico, Inc.[FN3] Therefore, affirmative defense number 4 of codefendant Lord Electric Company of Puerto Rico, Inc. and plaintiffs' opposition to it, is not at issue and, as such, said affirmative defense is deemed withdrawn.

> FN1. Rule 12(f) states in the pertinent part:
> 'Upon motion made by a party * * * or upon the court's own initiative * * *, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'
>
> FN2.
> Although the plaintiffs did not state the applicable provision of the Federal Rules of Civil Procedure, which would permit this court to grant the requested relief, it is clear from the moving papers that plaintiffs' contention fall within Rule 12(f) .
>
> FN3. Affirmative defense number 4 of codefendant Lord Electric Company of Puerto Rico, Inc., stated that the individual action of coplaintiff Charles Eugene Gilbert, father of the beneficial plaintiff, was barred by the statute of limitations contained in Title 31, Laws of Puerto Rico Annotated, Section 5298 . The same contention was raised by Eli Lilly & Company, through a motion to dismiss the complaint as to said coplaintiff. The controvers was disposed of by our order entered on November 4, 1971. See Gilbert et al. v. Eli Lilly & Co., Inc. v. J. A. Jones Construction Co., 337 F.Supp. 50 (1971) .

The case before us originates from an accident suffered at work by a minor employee, allegedly caused by the negligence of the codefendants. The action was initiated by the father of the minor for his use and benefit, and for himself *120 individually. By our Order of November 4, 1971, the individual action of the father of the beneficial plaintiff was dismissed for being barred by the statute of limitations. In view of this disposition, the affirmative defenses raised herein

are to be entertained as raised against the remaining plaintiff.

Eli Lilly & Co., Inc., through its affirmative defense number 5, and Lord Electric Company of Puerto Rico, Inc., through its affirmative defense number 3, contend that they have immunity under the applicable provisions of the Puerto Workmen's Accident Compensation Act, as amended, Title 11, Laws of Puerto Rico Annotated, inasmuch as both defendants are 'statutory employers' of the beneficial plaintiff. Under affirmative defense number 7 of Eli Lilly & Co., Inc. and number 6 of Lord Electric Company of Puerto Rico, Inc., an attack is made upon the jurisdiction of this Court affirmative defense number 8, codefendant Eli Lilly & Co., Inc., contends that the accident was caused by the negligence and/or carelessness of persons beyond the control of said defendant. Eli Lilly's ninth affirmative defense states that damages claimed are exaggerated and speculative, and under affirmative defense number 10, said codefendant contends that it is entitled to a reduction in the payment of damages because of the negligence of beneficial plaintiff's employer.

Plaintiffs and codefendants have filed memoranda in support of their respective contentions. After considering the brief filed by the parties and upon researching the matter on its own initiative, the Court finds itself in position to enter its opinion.

[1] [2] [3] [4] [5] [6] [7] [8] It has been generally recognized that a motion to strike under Rule 12(f) is the proper remedy to eliminate 'redundant',[FN4] 'immaterial',[FN5] 'impertinent',[FN6] or 'scandalous'[FN7] matter from the pleadings and is the principal procedure for objecting an 'insufficient' affirmative defense.[FN8] However, it has been *121 constantly decided that motions of this nature are not favored and should not be granted, even in cases where the averments complained of are literally within the provisions of Rule 12(f) of the Federal Rules of Civil Procedure, in the absence of a demonstration that the allegations attacked have no possible relation to the controversy and may prejudice the other party. WOHL v. Blair & Co. (D.C.N.Y.1970), 50 F.R.D. 89; Giraud v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local 901 (D.C.Puerto Rico 1969), 46 F.R.D. 5; Great Northern Paper Co. v. Babcock & Wilcox Co. (D.C.Ga.1968), 46 F.R.D. 67; Pessin v. Keeneland Association (D.C.Ky.1968), 45 F.R.D. 10; W. E. Booton, Ltd. v. Scott & Williams, Inc. (D.C.N.Y.1968), 45 F.R.D. 108; Securities & Exchange Commission v. Quing N. Wong (D.C.Puerto Rico 1966), 252 F.Supp. 608; Sun Insurance Co. of New York v. Diversified Engineers, Inc. (D.C.Mont.1965), 240 F.Supp. 606; Budget Dress Corp. v. International Ladies' Garment Workers' Union, AFL-CIO (D.C.N.Y.1959), 25 F.R.D. 506; Moore v. Prudential Insurance Company of America (D.C.N.C.1958), 166 F.Supp. 215; Russo v. Merck & Co. (D.C.R.I.1956), 138 F.Supp. 147; Bank of Nova Scotia v. San Miguel (D.C.Puerto Rico 1949), 9 F.R.D. 171. See also Wright & Miller Federal Practice & Procedure, Vol. 5, Section 1380, page 782, 1969 ed.; and 2 A Moore's Federal Practice, Section 12.21, page 2429, 1968 ed.

FN4.
It has been said that 'redundant' matter consists of allegations that constitute a needless repetition of other averments or which are wholly foreign to the issue to be denied. Manhattan Fire and Marine Insurance Co. v. Nassau Estates II, et al. (D.C.N.J.1963), 217 F.Supp. 196; Garcia v. Hilton Hotels International, Inc. (D.C.Puerto Rico 1951), 97 F.Supp. 5; Burke v. Mesta Mach. Co. (D.C.Pa.1946), 5 F.R.D. 134.

FN5.
By 'immaterial' matter it is generally meant that which has no essential or important relationship to the claim relief or the defenses being pleaded. Fleischer v. A.A.P., Inc. (D.C.N.Y.1959), 180 F.Supp. 717; Goldlawr, Inc. v. Shubert (D.C.Pa.1958), 169 F.Supp. 677, 690; Burke v. Mesta Mach. Co., supra. It is also said that a statement of unnecessary particulars in connection with and descriptive of that which is material may be stricken as 'immaterial' matter. Burke v. Mesta Mach. Co., supra; Automatic Radio Manufacturing Co. v. National Carbon Co. (D.C.Mass.1940) 35 F.Supp. 454.

FN6.
'Impertinent' matter consists of any allegation not responsive nor relevant to the issues involved in the action which could not be put in issue or be given in evidence between the parties. Burke v. Mesta Mach. Co., supra; Schenley Distillers Corp. v. Renken (D.C.S.C.1940), 34 F.Supp. 678; Harrison v. Perea, 168 U.S. 311,

318-319, 18 S.Ct. 129, 42 L.Ed. 478 (1897) . It is generally said that there is considerable overlapping between the concepts of 'impertinent' and 'immaterial' matter. See Wright & Miller, Federal Practice and Procedure, Section 1382 , page 825, 1969 ed., 2 A Moore's Federal Practice and Procedure, Section 12.21, p. 2420, 1968 ed.

FN7.
A matter is deemed 'scandalous' when it improperly casts a derogatory light on someone, usually a party to t action.Martin v. Hunt (D.C.Mass.1961), 28 F.R.D. 35; Burke v. Mesta Mach. Co., supra. For Professor Moore, scandalous matter consists of 'any unnecessary allegation which reflects cruelly upon the moral character individual, or states anything in repulsive language which detracts from the dignity of the court'. 2 A Moore Federal Practice, Section 12.21, p. 2426, 1968 ed.

FN8.
What constitutes an insufficient defense depends upon the nature of the claim for relief and the defense in question. See Wright and Miller, Federal Practice and Procedure, Section 1381 , page 791, 1969 ed.

[9] [10] [11] [12] In Carter Wallace, Inc. v. Riverton Laboratories, Inc. (D.C.N.Y.1969), 47 F.R.D. 366, the Court, while considering plaintiff's motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure , expressed at pages 367-368 what we believe reflects the proper treatment of a motion under this Rule:

'* * * The standards [applicable on a motion to strike] have been stated in a variety of ways, 'A motion to strike a defen will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear', or as the Court stated in Budget Dress Corp. v. International Ladies' Garment Workers' Union, 25 F.R.D. 506, 508 (S.D.N.Y.1959) :

A motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law and is not insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits. (citations omitted).

It is clear, that if there are either questions of fact or disputed questions of law, the motion must be denied. For the plaintiff to succeed on this motion, the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed. In examining the defenses, Court must accept the matters well pleaded as true and should not consider matters contained outside the pleadings. narrow standards are designed to provide a party the opportunity to prove his allegations if there is the possibility tha defense or defenses may succeed after a full hearing on the merits. (citations omitted).'

It is against the foregoing general rules dealing with motions to strike that this Court will analyze plaintiff's opposition to the contentions raised by both codefendants as affirmative defenses.

In relation to affirmative defense number 5 of Eli Lilly & Co., Inc. and number 3 of Lord Electric Company of Puerto Rico, Inc., the plaintiff, in his memorandum of law supporting his motion to strike, states that the 'statutory employer'*122
defense the codefendants raise could have been a defense prior to the decision of Colón Nunez v. Horn Linie (1 Cir. 1970),423 F.2d 952, which overruled Musick v. Puerto Rico Telephone Co. (1 Cir. 1966),357 F.2d 603 . The plaintiff further states that the Supreme Court of Puerto Rico has taken a similar view in González v. Cervecería Corona, I1 R-68-272, Judgment of January 29, 1969. It is the contention of Lord Electric Company of Puerto Rico, Inc., that the issues in the case of Colón Nunez v. Horn Linie, supra, are different from those in this case. It also contends that in said case it was stipulated that the defendant carried no workmen's compensation insurance; while in the case before us, that is one of the questions of fact to be decided on tl merits before denying this codefendant the status of 'statutory employer'. It further contends that the decision of th Superme Court of Puerto Rico in the case of González v. Cervecería Corona, Inc., supra, has not decided the issue immunity of the principal contractor (what constitutes statutory employer) under the Puerto Rico Workmen's

Compensation Act, but merely remanded the case to the Commonwealth Superior Court, San Juan, Part, to make sp findings of fact as to whether or not Cervecería Corona, Inc. was the employer of the deceased workman at the ti occurrence. Codefendant Eli Lilly & Co., Inc. contends that the Supreme Court of Puerto Rico has not made a determination as to what constitutes a 'statutory employer' and that a statutory employer-employee relationship may only be established after discovery proceedings are terminated. It also contends that it should be allowed to raise such a defense, as the control, supervision, direction and existing contractual relations between the plaintiff and this codefenda may be such that it could conceivably qualify as a 'statutory employer'. It is the contention of this codefendant, that holding in the case of Colón Nunez v. Horn Linie, supra, applies solely to a shipowner who claimed to be a statuto employer because by contract it required the principal employer to carry workmen's compensation insurance. La codefendant contends that it may qualify as 'statutory employer', not only because they required workmen's compensation insurance be paid, but because they may have performed other acts, such as control, supervision and payment of wage which could qualify them as 'statutory employers'.

[13]                                                                                                                                                                           [14]
This Court has read the cases cited by the plaintiff and is of the opinion that affirmative defense number 5 of Eli Lilly & Co., Inc. and number 3 of Lord Electric Company of Puerto Rico, Inc., clearly raises questions of fact and law that canno be decided at this moment through a motion to strike.Augustus v. Board of Public Instruction of Escambia County, Florida (5 Cir. 1962),306 F.2d 862; Carter Wallace, Inc. v. Riverton Laboratories, supra;Angel v. Ray (D.C.Wis.1968), 285 F.Supp. 64; Budget Dress Corp. v. International Ladies' Garment Workers' Union, AFL-CIO, supra. It is clear to the Court that the issue as to what constitutes a 'statutory employer' has never been decided squarely by the Supreme Court of Puerto Rico. The Court is of the opinion that the defendants should be given the opportunity to offer evidence in support of their allegations concerning their alleged immunity as 'statutory employers'. When there is no showing that the allegation has no relationship controversy or that it will prejudice the moving party this Court is not willing to determine disputed and substantia questions of law or fact upon a motion to strike, but prefers to defer action on the motion and leave the sufficiency allegation after discovery and a determination on a hearing on the merits. Cf. Augustus v. Board of Public Instructi Escambia County, Florida, supra; Carter Wallace, Inc. v. Riverton Laboratories, Inc., supra;Angel v. Ray,*123 supra; Occidental Life Insurance Co. v. Fried (D.C.Conn.1965), 245 F.Supp. 211; Bacican v. American Mutual Liability Insurance Co. (D.C.Pa.1961), 29 F.R.D. 133; Talarowski v. Pennsylvania Railroad Co. (D.C.Del.1955), 135 F.Supp. 503; Maytag Atlantic Co. v. Hamilton Manufacturing Co. (D.C.N.Y.1950), 91 F.Supp. 75 .

In view of the above and because this Court is not convinced now of the insufficiency of the asserted defense, this Cour will not strike codefendants' affirmative defense of 'statutory employer'.

[15]         [16]         [17]         [18]         [19]         [20]
Affirmative defense number 7 of Eli Lilly & Co., Inc. and number 6 of Lord Electric of Puerto Rico, Inc., raise an issue as to plaintiff's domicile. The attack is based on codefendants' contention that they have their principal place of business Puerto Rico, while the plaintiff was, at the time of the accident and at the time of the filing of the complaint,[FN9] a domiciliary of Puerto Rico. This Court has noticed that the same issue has been raised by the codefendants in their answer to the complaint, through a general denial.[FN10]
It is the contention of the codefendants that this issue has to be decided on the merits and not through a motion to strike This Court concedes that it is not an affront to the integrity of plaintiff's counsel nor to this Court, to doubt that plaintiff's allegation of citizenship is untrue. The contention seems to be raised in good faith and involves issues of fact and law, fo the question of domicile is a mixed question of fact and law, although mainly one of fact.Philadelphia & Reading Ry. Co. v. Sherman (2 Cir. 1916),230 F. 814 . The issue as to plaintiff's domicile at the time of filing the complaint could possibly present a question of change c domicile before suit. It is also conceded that, as codefendant Lord Electric of Puerto Rico, Inc. asserts, it is a rel presumption that the place where a person actually lives is his domicile, and that a domicile, once established, continue until a change is shown, so that the burden of proving a change of domicile rests on the party alleging it. This Cour concedes that the presumption is in favor of an original or former domicile, over an acquired one and that it is a well settled principle of law that where the jurisdiction of a court is challenged the plaintiff has the burden of proving the cou

has jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) . What this Court cannot concede is that the jurisdictional issue should be raised by way of an affirmative defense. What the Court has before it is nothing more than a negative defense, one which controverts the plaintiff's claim in his prima fac case; that is, one which tends to disprove one or all of the elements of a complaint. An affirmative defense is prop concerned with the pleading of a matter not within the plaintiff's prima facie case, that is, pleading matter to avoid plaintiff's cause of action. Goodwin v. Townsend (3 Cir. 1952),197 F.2d 970; *124Feller v. McGrath (D.C.Pa.1952), 106 F.Supp. 147, affd. (3 Cir. 1953),201 F.2d cert. den.Feller v. Brownell, 1953, 346 U.S. 831, 74 S.Ct. 24, 98 L.Ed. 355; Owens Generator Co. v. H. J. Heinz Co. (D.C.Cal.1958), 23 F.R.D. 121; Alberts v. Pickard (1947), 148 Neb. 764, 29 N.W.2d 382; Chesapeake & Ohio Ry. Co. v. Carmichael (1944), 298 Ky. 769, 184 S.W.2d 91; Good v. Chiles (Texas Commission of Appeals 1933), 57 S.W.2d 1100 . See also 2 A Moore's Federal Practice, Section 8.19(1), page 1811, 1968 ed.

> FN9. Petitioner concedes that at the time of the accident the beneficial plaintiff as well as his father, (no longer a plaintiff in this action-see footnote 3) were domiciliaries of Puerto Rico; but he alleges that at the time of the filing of the complaint they were domiciliaries of St. Croix, in the American Virgin Islands. The codefendants d not dispute that jurisdiction of this Court depends upon diversity of citizenship at the time of the filing of complaint.

> FN10.
> Under paragraph number 4 of the complaint, plaintiff expresses that this court has jurisdiction because of t diversity of the parties and because the amount in controversy exceeds $10,000.00 exclusive of interests and costs. Codefendant Eli Lilly & Co., Inc., under paragraph number 4 of its answer to the complaint, denies the above averment of the plaintiff. The answer to the complaint filed by codefendant Lord Electric of Puerto Rico, Inc. also denies the jurisdictional allegation of the plaintiff.

[21] While the affirmative defenses are governed by Rule 8(c) of the Federal Rules of Civil Procedure, Title 28, United States Code ,FN11 the negative defenses are governed by Rule 8(b) of the same federal rules.FN12 The Court is of the opinion that it is a misnomer to speak of a defense, that is in substance a denial, as an affirmative defense. Whenever  denial is erroneously termed an affirmative defense it should, nevertheless, be treated for what it is, a negative defense.

> FN11. Rule 8(c) of the Federal Rules of Civil Procedure in the appropriate part reads:
> '* * * a party shall set forth affirmatively * * *, and any other matter constituting an avoidance or affirmati defense. * * *'

> FN12. The pertinent part of Rule 8(b) of the Federal Rules of Civil Procedure reads:
> 'A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny th averments upon which the adverse party relies. * * *'

[22]
In view of the fact that both codefendants have denied in their answers to plaintiff's complaint that this Court ha jurisdiction to entertain this cause and in view of the fact that the jurisdictional issue can be raised at any time and that it is not pleading a matter not within the plaintiff's prima facie case, but controverts one of the necessary elements of plainti case, this Court is of the opinion that codefendants' assertion of this allegation as an affirmative defense is improper, and, therefore, must be stricken.FN13 Nevertheless, the defense of lack of jurisdiction should remain as part of codefendants' responsive pleadings, but onl defense and not an affirmative defense. Furthermore, the Court is of the opinion that codefendants should come forward, by way of motion, after the necessary discovery is performed, requesting the dismissal of the complaint for lack jurisdiction, if by said time they still insist on the defense.

> FN13. The Court is aware that in the case of Giraud v. Teamsters, Chauffeurs, Warehousemen & Helpers, Local 901, et al., D.C., 46 F.R.D. 5 (1969)

, Judge Fernández Badillo, of this Court, when confronted with a motion to strike defendants' assertions that t Court lacked jurisdiction over the subject matter and that the complaint failed to state a claim upon which relief could be granted, set forth in defendants' answer to the complaint as affirmative defenses, denied the request motion to strike. Said denial was predicated upon the fact that the two asserted defenses were defenses that cannot be waived and therefore, if not interposed in their answer they could still be raised at a later stage of th proceedings. In relation to the defense of lack of subject matter jurisdiction, the Court said that the defendan merely set forth in their responsive pleadings that the jurisdictional question was in issue; that the defendants were not seeking a dismissal of the complaint for want of jurisdiction; and that the plaintiff in no way wa prejudiced by the presence of such defenses in the pleadings.

This Judge is of the opinion that this is a very practical approach to the issue, but not the most appropi procedurally, since the Court is entertaining as an affirmative defense what procedurally is a negative defense.

As to the affirmative defenses numbers 8 and 9[FN14] of codefendant Eli Lily *125 & Co., Inc., the plaintiff states they are not affirmative defenses, but, at best, general denials.[FN15] Plaintiff further contends that they are prejudicial because a mere reading of them to the jury at the time of voir dire will cause him prejudice. Codefendant Eli Lilly & Co., Inc contends that there is no ground to support plaintiff's contention for both defenses are valid and not insufficient, redundant, immaterial, impertinent or scandalous under Rule 12(f) of the Federal Rules of Civil Procedure . It further contends that it is up to it to prove the validity of the defenses at the time of trial and that a reading of them will no prejudice the plaintiff but, on the contrary, if plaintiff's complaint is read to the jury, it would cause much more prejudice to this codefendant, and that striking these defenses will solidify plaintiff's demands.

FN14.
The Court has previously stated that codefendant Eli Lilly & Co., Inc., through affirmative defense number contends that the accident was caused by the negligence and/or carelessness of persons beyond its control a through affirmative defense number 9, states that the damages claimed by the plaintiff are exaggerated speculative.

FN15.
Although the plaintiff has opposed codefendant Eli Lilly & Co., Inc.'s affirmative defense number 8 'that tl accident was caused by the negligence and/or carelessness of persons beyond the control of the appearir defendant', he has failed to oppose affirmative defense number 5 of codefendant Lord Electric of Puerto Rico, Inc., which raises the same contention. This Court fails to see any reason for this inadvertedness and wil accordingly whether this affirmative defense of both codefendants is proper.

[23]    [24]    [25]

The various paragraphs of plaintiff's complaint where it is alleged that the codefendants were negligent and because of have caused damages to the plaintiff, are denied by the codefendants in their respective answers to the complaint codefendant Eli Lilly & Company, Inc.'s affirmative defense number 8 and codefendant Lord Electric of Puerto Rico Inc.'s affirmative defense number 5, it is this Court's opinion that they also constitute a negative defense that denies plain assertion that the codefendants are liable to him for their negligence. Since this has been denied, raising it by an affirmative defense will be redundant under Rule 12(f) of the Federal Rules of Civil Procedure . Furthermore we have said that negative defenses are not to be raised by affirmative defenses for they controvert an element of plaintiff's prima fa case. In view of the above, this Court is of the opinion that Eli Lilly & Co., Inc.'s affirmative defense number 8 and Lord Electric of Puerto Rico, Inc.'s affirmative defense number 5, must be stricken. This is not to say that at trial the codefendants cannot present evidence to the effect that the accident was not the result of the negligence of the codefendants, but the result of the negligence of other persons beyond the control of the codefendants. By making a general denial of any negligence on their part, the codefendants can present at trial any evidence to show that the cla damage was not caused by their negligence. In the same way the plaintiff can plead negligence in general terms and pro any negligent act, so may a defendant deny negligence generally and prove that the claimed damage was not caused by him but by the conduct of a third person beyond his control.

[26]

This Court is also of the opinion that codefendant Eli Lilly & Co., Inc.'s affirmative defense number 9, whereby the damages claimed by the plaintiff are, as an affirmative defense, said to be exaggerated and speculative, is not an affirmative defense but a negative defense, encompassed under the general denial made by this codefendant of plai assertion related to the damages he has suffered and, as such, must be stricken. Likewise, this is not to say that at trial, this codefendant cannot present evidence to prove that the damages suffered by the plaintiff are not as high as he alleges the are.

[27] As to Eli Lilly & Company, Inc.'s affirmative defense number 10, *126 plaintiff opposes it contending that it is insufficient in law, for if this codefendant contends that plaintiff's employer was negligent, this codefendant is not entitled to any reduction unless it joins said employer as a third party defendant. Since Eli Lilly & Co., Inc. has joined ben plaintiff's employer, J. A. Jones Construction Co., beneficial plaintiff's opposition is now moot and the defense shou allowed to stand for it is not insufficient, redundant, immaterial, impertinent or scandalous as stated in Rule 12(f) of the Federal Rules of Civil Procedure, Title 28, United States Code .

In view of all the foregoing, it is hereby ordered, that plaintiff's motion to strike affirmative defenses numbers 5 codefendant Eli Lilly & Co., Inc., and affirmative defense number 3 of Lord Electric Company of Puerto Rico, Inc. l denied; and,

It is further ordered, that plaintiff's motion to strike affirmative defense number 7 of codefendant Eli Lilly & Co., Inc number 6 of Lord Electrict Company of Puerto Rico, Inc., be granted, but limited to convert the asserted affirmative defense into a negative defense, permitting the defense to remain as part of codefendant's responsive pleadings; and,

It is further ordered, that plaintiff's motion to strike affirmative defenses numbers 8 and 9 of codefendant Eli Lilly & Co Inc. be granted, and as such said defenses shall be stricken from this codefendant's answers to the complaint; and,

It is further ordered, that, in view of our disposition in relation to codefendant Eli Lilly & Co., Inc.'s affirmative defe number 8, affirmative defense number 5 of Lord Electric Company of Puerto Rico, Inc., be stricken from its answ complaint.

It is so ordered.

D. Puerto Rico, 1972
Gilbert v. Eli Lilly Co., Inc.
56 F.R.D. 116, 16 Fed.R.Serv.2d 1096

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.