IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated,    ( <br>    ( <br>         Plaintiff,    ( <br>    ( <br> v.    ( <br>    ( <br> DIAMOND BANK, FSB,    ( <br>    ( <br>         Defendant.    ( | Case No. 07 C 6403 <br> Judge Hibbler <br> Magistrate Judge Valdez |

**DEFENDANT DIAMOND BANK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A REPLY IN FURTHER SUPPORT OF HER MOTION FOR CLASS CERTIFICATION**

NOW COMES Defendant DIAMOND BANK, FSB (hereinafter the "Bank"), by and through its attorneys, Belongia & Shapiro, LLP, and for its Response in Opposition to Plaintiff CARMEN FLORES' (hereinafter "Plaintiff") Motion for an Extension of Time to Reply in Further Support of her Motion for Class Certification, states as follows:

1. Before the court hearing on June 10, 2008, Plaintiff's counsel proposed to Defendant's counsel a fourteen-day time-period as sufficient for Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Certify Class (hereinafter "Plaintiff's Reply").

2. At the presentment of Plaintiff's motion on June 10, 2008, the Court entered the following briefing schedule: Defendant's Response to Plaintiff's Motion to Certify Class to be filed by July 14, 2008, and Plaintiff's Reply to be filled by July 28, 2008.

3. Defendant Diamond Bank timely filed its Response to Plaintiff's Motion to Certify Class on July 14, 2008.

1

4.  Three days before the time reserved for the filing of Plaintiff's Reply expired, Plaintiff's counsel filed a motion for enlargement of time asking for an additional twenty-one (21) days to file her Reply.

5.  In support of the motion, Plaintiff's counsel stated that over the course of the last fourteen (14) days, he has had a variety of other briefing matters arise, which necessitates the request for an extension of time to file Plaintiff's Reply.

6.  The decision to grant or deny a motion for enlargement of time is committed to the discretion of the court. Fed.R.Civ.P. 6(b). The moving party must show a cause for a motion. Fed.R.Civ.P. 6(b)(1).

7.  A motion for enlargement of time may be denied where running out of time is simply due to counsel's inattention to the case. (*See Ideal Pictures, Inc. v. Films, Inc.*, 190 F. Supp. 433, 4 FR Serv.2d 75 (1961, SD NY). Further, the motion must state with particularity the grounds relied on and indicate why additional time is necessary.

8.  In support of Plaintiff's motion, Plaintiff's counsel argues that he was not able to comply with the filing deadline due to a variety of other briefing matters on his schedule with which he had to comply during the last fourteen (14) days.

9.  Based on the timing of this motion, it seems that Plaintiff's counsel chose to place Plaintiff's Reply on a back burner and wait until the assigned time period for the filing had almost run to ask this Court for enlargement of time. At no time did Plaintiff's counsel attempt to contact Defendant's counsel in an attempt to facilitate an accommodation for his scheduling conflicts that could subsequently be proposed jointly to the Court.

10.  Furthermore, in reviewing the list of the briefing matters with which Plaintiff's counsel has allegedly been preoccupied with for the last fourteen (14) days, it becomes evident

that Plaintiff's counsel must have known well before July 28, 2008, that scheduling conflicts existed and that he potentially would not be able to timely file Plaintiff's Reply.

11.     Instead of immediately seeking relief of Court or attempting to contact Defendant's counsel to facilitate a resolution of his alleged scheduling conflicts, Plaintiff's counsel decided simply to wait until the fourteen-day period had almost run out to file this motion.

12.     More importantly, the filings in this case contradict Plaintiff's counsel statements that the delayed filing of Plaintiff's Reply was caused by Plaintiff's preoccupation with other briefing matters during the last fourteen (14) days.  Plaintiff's filings show that even though allegedly being under a time constraint, Plaintiff's counsel found time to draft and file multiple unnecessary and unsubstantiated Motions for Sanctions and to Quash, and a Petition for Rule to Show Cause. (See Docket Numbers 50, 52).  Even if Plaintiff's counsel believed in good faith that sufficient reasons existed for these motions and petition, which Defendant adamantly denies, Plaintiff's counsel could have, and should have, postponed their filings until first timely complying with the deadline for Plaintiff's Reply.

13.     Furthermore, from the list of the cases submitted by Plaintiff's counsel in support of The Motion For Extension of Time it becomes evident that Plaintiff's counsel is a seasoned attorney and that drafting Plaintiff's Reply should not be a herculean task for Plaintiff's counsel. He should be capable of drafting such a brief within a few days, at most.

14.     Notably, Plaintiff's counsel does not seek a short extension of the 14-day filing period, but, he now seeks additional twenty-one (21) days to file Plaintiff's Reply, without setting forth any reasons this Court should grant this long extension of the filing deadline.

15.　　Consequently, it seems that Plaintiff's counsel is not only asking for an enlargement of time, but in fact, he is seeking to be rewarded for a time spent drafting inappropriate and unnecessary motions for sanctions Motions for Sanctions and to Quash, and a Petition for Rule to Show Cause. (See Docket Numbers 50, 52).  as opposed to using the allocated time efficiently to comply with the Court's schedule. (See Docket Numbers 50, 52).

16.　　Even though Plaintiff's counsel has timely filed the motion for enlargement of time, the evidence presented in support of the motion and other filings in the case indicate that Plaintiff's counsel's reason for the delayed filing of Plaintiff's Reply is inadequate.  The evidence propounded by Plaintiff's counsel shows that in fact his failure to comply with the filing deadline was caused by his inattention to the pertinent parts of this case.

17.　　As such, evidence supports a finding that Plaintiff should not be allowed additional twenty-one (21) days to file her Reply in Further Support of Plaintiff's Motion for Class Certification, but instead she should, if at all, be allowed only an additional time that is deemed reasonable by this Court to file her Reply.

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion for an Extension of Time to File a Reply in Further Support of Her Motion for Class Certification be denied.

　　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　DIAMOND BANK, FSB, Defendant

Dated: July 29, 2008　　　　　　　　　　　　/s/ Mark D. Belongia
　　　　　　　　　　　　　　　　　　　　　One of Defendant's Attorneys

Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P:  312.662.1030
F:  312.662.1040