# EXHIBIT B



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS BURNS and MARK LARSEN, ) | |
| ) | |
| Plaintiffs, ) | Case No. 04 C 7682 |
| ) | |
| v. ) | Judge Virginia M. Kendall |
| ) | |
| FIRST AMERICAN BANK, ) | |
| ) | |
| Defendant. ) | |

## FINAL APPROVAL ORDER

This matter coming before the Court on the joint request of the parties for final approval of a Class Action Settlement Agreement and Release ("Agreement"), and the Court having considered the written and oral submissions to date and otherwise being advised in the premises, the Court hereby adopts the Definitions as set forth in the Agreement and

THE COURT FINDS AS FOLLOWS:

1. That Plaintiffs, on behalf of themselves and others similarly situated, and FAB entered into the Agreement on March 30, 2007;

2. That the Court has jurisdiction over the subject matter of this Lawsuit, Plaintiffs, the Class Members and FAB;

3. That the total number of Class Members is unknown but the total number of transactions at issue is approximately 46,292;

4. That the total number of Class Members, including Plaintiffs, that have submitted Claim Forms indicating their desire to receive a *pro rata* share of the Settlement Fund is 22 – they are Tom Burns, Mark Larsen, Terrence A Cole, Toi L. Cochran, Van Thomas, David Preacley, Carol Gylmatey, Kandy R. Cushenberry, Cassandra Horn, William A. Shope, Mable

Reyes, Phillip A. Smith, Nicholas Mandelairth, Hennessey Hunt, Joseph R. Truesdell, Darrell Roberts, Justin Martin, Alicia Miles, Iris Slaughter, Michael Jones, Goldie Miles, Jean Celestin, each will receive a check in the amount of $1,000.00;

5. That no Class Members excluded themselves from the Agreement;

6. That no Class Members objected to the Agreement;

7. That a total of $91,750.00 shall be distributed to the *Cy Pres* recipients described in the Settlement Agreement between the parties in the following portions: (a) 50% to Legal Assistance Foundation of Metropolitan Chicago, with the direction that it be used for the Housing Law Project and/or the Consumer Law for the Elderly Project; (b) 25% to Allendale Association; and (c) 25% to Neighborhood Housing Services of Chicago, Inc.

8. That notice to the Class was published in USA Today on April 24, 2007;

9. That notice to the Class was posted on automated teller machine nos. 5260 and 5261 in the Chicago Hilton and Towers at 720 South Michigan Avenue, Chicago, Illinois from April 16, 2007 to June 8, 2007;

10. That notice to the Class was posted on www.caclawyers.com;

11. That the aforementioned notice, as more fully set forth in the Agreement and in the Preliminary Approval Order was the best practicable notice to the Settlement Class Members under the circumstances and fully met the requirements of Fed. R. Civ. P. 23 and any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law;

12. That the Agreement is fair, reasonable and adequate; and

13. That Class Counsel's attorneys' fees and costs of $86,250.00 at their current hourly rates are reasonable based on arms' length negotiations between the parties and Class

Counsel's certification for fees and costs.

THEREFORE, IT IS HEREBY ORDERED:

    A.    That the Agreement is approved;

    B.    That the parties shall implement the Agreement on the terms and on the schedule set forth therein;

    C.    That, except for the obligations created by the Agreement, Plaintiffs (for themselves and each of their respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys) and each Class Member that has not excluded himself/herself from the Class (for himself/herself and each of his/her respective current and former heirs, executors, administrators, controlled companies, partners, employees, assigns, agents and attorneys), remise, release and forever discharge FAB (and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, managers, shareholders, members, partners, employees, predecessors, successors, assigns, agents and attorneys) and waive all rights against FAB with respect to any and all actions, causes of action, claims, counterclaims, breaches, controversies, demands, damages, expenses, losses, costs, attorneys' fees, court costs, loss of income, loss of value or loss of services of any type whatsoever, known or unknown, past, present or future, whether under foreign or domestic tort or contract law and/or any other foreign or domestic statute, law, regulation, ordinance, certificate of incorporation or by-law relating in any way to FAB's alleged failure to provide adequate notice of ATM fees at FAB ATM nos. S1A5260 and S1A5261 located in the Chicago Hilton and Towers at 720 South Michigan Avenue, Chicago, Illinois 60605 prior to the Effective Date;

    D.    That Plaintiffs and each Class Member that did not exclude himself/herself from

the Class are permanently barred and enjoined from instituting or prosecuting any action or proceeding, whether as a class action or individually, against FAB for liability relating in any way to FAB's alleged failure to provide adequate notice of ATM fees at FAB ATM nos. S1A5260 and S1A5261 located in the Chicago Hilton and Towers at 720 South Michigan Avenue, Chicago, Illinois 60605 prior to the Effective Date;

  E.  That attorneys' fees and costs of $86,250.00 are awarded to Class Counsel;

  F.  That the claims of Plaintiffs and the Class are dismissed with prejudice and without costs, except as provided otherwise in the Agreement; and

  G.  That the Court retains exclusive jurisdiction to interpret, enforce and implement the Agreement and this Final Approval Order.

ENTERED:

_____
Honorable Virginia M. Kendall

Dated: 6-26-07