# EXHIBIT C

HHW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Andreana Smith, Antonia Robles and Carmen Flores, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No.: 07 C 5939 ) ) Judge Guzman |
| v. | ) ) Magistrate Judge Ashman |
| Credit Union 1, | ) ) |
| Defendant. | ) |

### PRELIMINARY APPROVAL ORDER

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release ("Agreement"), and the Court having considered the written and oral submissions to date and otherwise being advised in the premises, the Court hereby adopts the definitions as set forth in the Agreement and

THE COURT FINDS AS FOLLOWS:

1. That the proposed settlement is within an appropriate and adequate range of fairness, reasonableness and adequacy. In the event that the proposed settlement is not finally approved for any reason, Credit Union 1 shall, pursuant to the Agreement, retain its right to contest certification of the Classes and Plaintiffs and the Estate shall retain their rights to seek Court approval of the acceptance of the Offer of Judgment on the EFAA Count; and

2. That the notice proposed in paragraph 7 of the Agreement is the only notice to the Classes that is required and that such notice satisfies the requirements of due process pursuant to Fed. R. Civ. P. 23, the United States Constitution and any other applicable law.

THEREFORE, IT IS HEREBY ORDERED:

A. That notice to the Classes shall be implemented pursuant to paragraph 7 of the

Agreement, and Credit Union 1 shall, at least five (5) business days prior to the Final Approval Hearing, file with the Court and serve upon Class Counsel an affidavit attesting that notice has been provided as required by this Order;

B.   That Class Members shall have until August 4, 2008 to submit a Claim Form, to Opt Out or to object to settlement pursuant to the Agreement;

C.   That any Class Member who wants to receive a monetary portion of the Settlement Funds shall submit, in writing to Class Counsel, a signed Claim Form in substantially the same form as Exhibits A and B to the Settlement Agreement, with words to the effect of:

(a) If a member of Class A: "I AFFIRM UNDER PENALTIES OF PERJURY THAT, BETWEEN OCTOBER 19, 2006 AND OCTOBER 30, 2007, I USED ATM NO. XE0907 LOCATED AT CABALLEROS DE SAN JUAN, A DIVISION OF CREDIT UNION 1, 2725 WEST FULLERTON AVENUE, CHICAGO, ILLINOIS 60646 AND WAS CHARGED A TRANSACTION FEE AND THEREFORE, AM A MEMBER OF CLASS A DESCRIBED IN THE CLASS NOTICE AND WANT TO RECEIVE MY SHARE OF THE EFTA SETTLEMENT FUND" and that the Claim Form must include identifying information from the Class Member, including his/her name, address, telephone number, the last four digits of his/her card that was used in the transaction(s), and the name of the institution issuing the card used. Claim Forms must be delivered (or post-marked, if mailed) no later than August 4, 2008;

(b) If a member of Class B: "I AFFIRM UNDER PENALTIES OF PERJURY THAT, BETWEEN OCTOBER 19, 2006 AND OCTOBER 30, 2007, I USED ATM NO. XE0907 LOCATED AT CABALLEROS DE SAN JUAN, A DIVISION OF CREDIT UNION 1, 2725 WEST FULLERTON AVENUE, CHICAGO, ILLINOIS 60646 AND WAS NOT NOTIFIED THAT ANY FUNDS DEPOSITED INTO ATM NO. XE0907 MAY NOT BE AVAILABLE

FOR IMMEDIATE WITHDRAWAL AND THEREFORE, AM A MEMBER OF CLASS B DESCRIBED IN THE CLASS NOTICE AND WANT TO RECEIVE MY SHARE OF THE EFAA SETTLEMENT FUND" and that the Claim Form must include identifying information from the Class Member, including his/her name, address, telephone number, the last four digits of his/her card that was used in the transaction(s), and the name of the institution issuing the card used. Claim Forms must be delivered (or post-marked, if mailed) no later than August 4, 2008.

  D. That any Class Member, except Plaintiffs or the Estate of Antonia Robles, may exclude himself or herself from the Classes (and, therefore, shall not be bound by the Agreement and shall not be entitled to any of its benefits) by submitting, in writing to Class Counsel, a signed statement with words to the effect of: "I WANT TO BE EXCLUDED FROM THE CLASS ACTION IN *SMITH v. CREDIT UNION 1*" and such statement must include identifying information from the Class Member, including his/her name, address and telephone number. Such exclusion statements must be delivered (or post-marked, if mailed) no later than August 4, 2008;

  E. That any Class Member shall have a right and may object to the Agreement at the Final Approval Hearing if said objector(s) timely files with the Court a signed written notice of objection together with a statement of reason(s) for the objection no later than August 4, 2008. Class Counsel and/or attorneys for Credit Union 1 may, but need not, respond to the objections, if any, by means of a memorandum of law filed and served no later than August 13, 2008;

  F. That a Final Approval Hearing shall be held before the Court on August 18, 2008 at 10:00 a.m. in courtroom 1386 to determine whether the Agreement, including payment of attorneys' fees and costs to Class Counsel, should be approved as fair, reasonable and adequate and whether a Final Approval Order approving the Agreement, dismissing all claims asserted in

this Lawsuit on the merits, with prejudice, and providing a release, as stipulated, should be entered. The Final Approval Hearing may be postponed, adjourned or rescheduled by further order of the Court without further notice to the Classes;

G. That upon motion of any party or the Court's own motion, the Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Classes; and

H. That the Agreement is preliminarily approved, but it is not to be deemed an admission of liability or fault by Credit Union 1 or by any other person or a finding of the validity of any claims asserted in this Lawsuit or of any wrongdoing or of any violation of law by Credit Union 1. Neither the terms of the Agreement nor any related document(s) shall be offered or received in evidence in any civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the terms of the Agreement or to establish claims or defenses based upon principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

ENTERED:

*[signature]*
Honorable Martin C. Ashman

Dated: JUN 0 3 2008

**CABALLEROS DE SAN JUAN ATM**
**2725 W. FULLERTON AVE., CHICAGO, IL**

**NOTICE OF CLASS ACTION SETTLEMENT**
*Smith, et al. v. Credit Union 1*, Case No. 07 C 5939
In the United States District Court for the Northern District of Illinois, Eastern Division, Magistrate Judge Ashman presiding

**IF YOU USED AUTOMATED TELLER MACHINE XE0907 ("ATM") LOCATED AT CABALLEROS DE SAN JUAN, A DIVISION OF CREDIT UNION 1, 2725 W. FULLERTON AVE., CHICAGO, IL 60646 BETWEEN OCTOBER 19, 2006 AND OCTOBER 30, 2007 ("CLASS PERIOD"), YOU MAY BE A CLASS MEMBER. THIS SETTLEMENT MAY AFFECT YOUR RIGHTS.**

A lawsuit alleges that Credit Union 1 ("Defendant") violated, (1) the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA") by notifying ATM users of a $1.50 transaction fee but charging $2.00, and (2) violated the Expedited Funds Availability Act, 12 U.S.C. § 4001, *et seq.* ("EFAA") by failing to notify ATM users that ATM deposits may not be available for immediate withdrawal. Defendant denies any wrongdoing but has agreed to settle both claims to avoid the expense of the lawsuit. In this case, because Defendant has represented its net worth is less than $500,000, the maximum possible liability is up to 1% of Defendant's net worth per class, plus any actual damages incurred. There are approximately 2003 persons who may have claims under the EFTA and approximately 2707 persons who may have EFAA claims during the Class Period. Defendant has agreed to pay a total of $135,000 to settle both claims, including the costs of notice, payment to the named Plaintiffs, and attorneys' fees and costs in the amount of $40,000, subject to court approval.

On August 18, 2008 at 10:00 a.m., Magistrate Ashman will hold a hearing to decide whether to approve the settlement. YOU DO NOT NEED TO ATTEND THIS HEARING. If the settlement is approved, all class members will be bound by the judgment, and eligible class members may claim benefits under the settlement.

You have three choices.

1: If you want to receive your *pro rata* share of the settlement money, up to a maximum of $1,000.00 per class member per class, you must submit a completed Claim Form, post-marked by August 4, 2008, to Class Counsel (see below). The Claim Forms are available at www.caclawyers.com or by calling (312)782-5808. <u>Failure to submit a Claim Form will preclude you from receiving payment from the settlement but you will still give up the right to sue Defendant for the EFTA and EFAA claims alleged in Plaintiffs' complaint.</u>

2: If you do not want to participate in the settlement, do not want to be paid from the settlement, and do not want to give up any rights you may have to sue Defendant for the EFTA and EFAA claims, you must send a signed letter, post-marked by August 4, 2008, to Class Counsel (see below), with your name and address stating "EXCLUDE ME FROM THE *SMITH V. CREDIT UNION 1* SETTLEMENT."

3: You may object to the settlement by writing a signed memo stating the specific reasons you object and file it with the court at 219 South Dearborn Street, Chicago, Illinois 60604 by August 4, 2008. The memo must reference Case No. 07 C 5939.

For more information, visit www.caclawyers.com or contact Class Counsel: Lance A. Raphael, 180 W. Washington St., Ste. 700, Chicago, IL 60602. Phone: (312) 782-5808.

**CABALLEROS DE SAN JUAN ATM**
**2725 W. FULLERTON AVE., CHICAGO, IL**

**NOTICE OF CLASS ACTION SETTLEMENT**
*Smith, et al. v. Credit Union 1*, Case No. 07 C 5939
In the United States District Court for the Northern District of Illinois, Eastern Division, Magistrate Judge Ashman presiding

**IF YOU USED AUTOMATED TELLER MACHINE XE0907 ("ATM") LOCATED AT CABALLEROS DE SAN JUAN, A DIVISION OF CREDIT UNION 1, 2725 W. FULLERTON AVE., CHICAGO, IL 60646 BETWEEN OCTOBER 19, 2006 AND OCTOBER 30, 2007 ("CLASS PERIOD"), YOU MAY BE A CLASS MEMBER. THIS SETTLEMENT MAY AFFECT YOUR RIGHTS.**

A lawsuit alleges that Credit Union 1 ("Defendant") violated, (1) the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA") by notifying ATM users of a $1.50 transaction fee but charging $2.00, and (2) violated the Expedited Funds Availability Act, 12 U.S.C. § 4001, *et seq.* ("EFAA") by failing to notify ATM users that ATM deposits may not be available for immediate withdrawal. Defendant denies any wrongdoing but has agreed to settle both claims to avoid the expense of the lawsuit. In this case, because Defendant has represented its net worth is less than $500,000, the maximum possible liability is up to 1% of Defendant's net worth per class, plus any actual damages incurred. There are approximately 2003 persons who may have claims under the EFTA (**Class A**) and approximately 2707 persons who may have EFAA claims (**Class B**) during the Class Period. Defendant has agreed to pay a total of $135,000 to settle both claims, including the costs of notice, payment to the named Plaintiffs, and attorneys' fees and costs in the amount of $40,000, subject to court approval.

On August 18, 2008 at 10:00 a.m., Magistrate Ashman will hold a hearing to decide whether to approve the settlement. YOU DO NOT NEED TO ATTEND THIS HEARING. If the settlement is approved, all class members will be bound by the judgment, and eligible class members may claim benefits under the settlement.

You are receiving this Notice because you have been identified as a potential member of **Class B**.

You have three choices.

1: If you want to receive your *pro rata* share of the settlement money available to **Class B**, up to a maximum of $1,000.00 per class member per class, you must submit a completed Claim Form, **post-marked by August 4, 2008**, to Class Counsel (see below). The Claim Form is attached to this Notice. Failure to submit a Claim Form will preclude you from receiving payment from the settlement but you will still give up the right to sue Defendant for the claims alleged in Plaintiffs' complaint.

2: If you do not want to participate in the settlement, do not want to be paid from the settlement, and do not want to give up any rights you may have to sue Defendant for the claims alleged in Plaintiffs' complaint, you must send a signed letter, **post-marked by August 4, 2008**, to Class Counsel (see below), with your name and address stating "EXCLUDE ME FROM THE *SMITH V. CREDIT UNION 1* SETTLEMENT."

3: You may object to the settlement by writing a signed memo stating the specific reasons you object and file it with the Court at 219 South Dearborn Street, Chicago, Illinois 60604 **by August 4, 2008**. The memo must reference Case No. 07 C 5939.

For more information, visit www.caclawyers.com or contact Class Counsel: Lance A. Raphael, 180 W. Washington St., Ste. 700, Chicago, IL 60602. Phone: (312) 782-5808.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Andreana Smith, Antonia Robles and Carmen Flores, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Credit Union 1,<br><br>    Defendant. | Case No.: 07 C 5939<br><br>Judge Guzman<br><br>Magistrate Judge Ashman |

## CERTIFICATION AS TO RECEIPT OF CLAIM FORMS

Under penalties of perjury as provided by 28 U.S.C. § 1746, I, Kym Lozano, hereby state as follows:

1. I am a paralegal at The Consumer Advocacy Center, P.C, where I have been employed since October of 2007.

2. One of my responsibilities was to maintain records of each claim form, objection, and opt-out that was received by our office in the case of *Smith, et al. v. Credit Union 1*, Case No. 07 C 5939, available on www.caclawyers.com.

3. 187 timely claim forms were received for Class B. 7 untimely claim forms were received for Class B.

4. 4 timely claim forms were received for Class A, but one claim form was determined to be invalid as it was sent in by a member of Class B. 2 untimely claim forms were received for Class A.

5. One opt-out was received.

6. No objections were received.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 15, 2008.

*/s/ Kym Lozano*
Kym Lozano, paralegal
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, Illinois 60602
(312) 782-5808