# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS BURNS and MARK LARSEN,                )
                                             )
                    Plaintiffs,              )   Case No. 04 C 7682
                                             )
v.                                           )   Judge Virginia M. Kendall
                                             )
FIRST AMERICAN BANK,                         )
                                             )
                    Defendant.               )

**PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on the joint request of the parties for preliminary approval of a Class Action Settlement Agreement and Release ("Agreement"), and the Court having considered the written and oral submissions to date and otherwise being advised in the premises, the Court hereby adopts the definitions as set forth in the Agreement and

THE COURT FINDS AS FOLLOWS:

1. That the proposed settlement is within an appropriate and adequate range of fairness, reasonableness and adequacy. In the event that the proposed settlement is not finally approved for any reason, FAB shall, pursuant to the Agreement, retain its right to contest certification of the Class; and

2. That the notice proposed in paragraph 8 of the Agreement is the only notice to the Class that is required and that such notice satisfies the requirements of due process pursuant to Fed. R. Civ. P. 23, the United States Constitution and any other applicable law.

THEREFORE, IT IS HEREBY ORDERED:

 A. That notice to the Class shall be implemented pursuant to paragraph 8 of the Agreement, and FAB shall, at least five (5) business days prior to the Final Approval Hearing, file with the Court and serve upon Class Counsel an affidavit attesting that notice has been provided as required by this Order;

 B. That Class Members shall have until June 8, 2007 to submit a Claim Form, to Opt Out or to object to settlement pursuant to the Agreement;

 C. That any Class Member who wants to receive a monetary portion of the Settlement Fund shall submit, in writing to Class Counsel, a signed Claim Form in substantially the same form as Exhibit A to the Settlement Agreement, with words to the effect of: "I AFFIRM UNDER PENALTIES OF PERJURY THAT I USED EITHER ATM no. S1A5260 or ATM no. S1A5261 in the Chicago Hilton and Towers at 720 South Michigan Avenue, Chicago, Illinois, AND AM A MEMBER OF THE *BURNS* CLASS DESCRIBED IN THE CLASS NOTICE AND WANT TO RECEIVE MY SHARE OF THE SETTLEMENT FUND" and that the Claim Form must include identifying information from the Class Member, including his/her name, address, telephone number, and the last four digits of his/her card that was used in the transaction(s). Claim Forms must be delivered (or post-marked, if mailed) no later than June 8, 2007;

 D. That any Class Member, except Plaintiffs, may exclude himself or herself from the Class (and, therefore, shall not be bound by the Agreement and shall not be entitled to any of its benefits) by submitting, in writing to Class Counsel, a signed statement with words to the effect of: "I WANT TO BE EXCLUDED FROM THE CLASS IN *BURNS*" and such statement must include identifying information from the

Class Member, including his/her name, address and telephone number. Such exclusion statements must be delivered (or post-marked, if mailed) no later than June 8, 2007;

E.  That any Class Member shall have a right, and may object, to the Agreement at the Final Approval Hearing if said objector(s) timely files with the Court and submits to Class Counsel (Lance A. Raphael, The Consumer Advocacy Center, P.C., 180 West Washington Street, Suite 700, Chicago, IL 60602) and to attorneys for FAB (Paul F. Markoff, c/o Crowley Barrett & Karaba, Ltd., 20 South Clark Street, Suite 2310, Chicago, IL 60603) a signed written notice of objection together with a statement of reason(s) for the objection no later than June 8, 2007. Class Counsel and/or attorneys for FAB may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than June 21, 2007;

F.  That a Final Approval Hearing shall be held before the Court on June 26, 2007 at 9:00 a.m. in courtroom 2319 to determine whether the Agreement, including payment of attorneys' fees and expenses to Class Counsel, should be approved as fair, reasonable and adequate and whether a Final Approval Order approving the Agreement, dismissing all claims asserted in this Lawsuit on the merits, with prejudice, and providing a release, as stipulated, should be entered. The Final Approval Hearing may be postponed, adjourned or rescheduled by further order of the Court without further notice to the Class;

G.  That upon motion of any party or the Court's own motion, the Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to the Class; and

H.  That the Agreement is preliminarily approved, but it is not to be deemed

an admission of liability or fault by FAB or by any other person or a finding of the validity of any claims asserted in this Lawsuit or of any wrongdoing or of any violation of law by FAB. Neither the terms of the Agreement nor any related document(s) shall be offered or received in evidence in any civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the terms of the Agreement or to establish claims or defenses based upon principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

ENTERED:

_____
Honorable Virginia M. Kendall

Dated: April 16, 2007