IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated, | ( ( ( |
| Plaintiff, | ( ( |
| v. | ( Case No. 07 C 6403 ( Judge Hibbler ( Magistrate Judge Valdez |
| DIAMOND BANK, FSB | ( ( |
| Defendant. | ( |

**DIAMOND BANK'S MOTION TO STRIKE PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR CLASS CERTIFICATION, OR IN THE ALTERNATIVE TO FILE A SUR-RESPONSE**

NOW COMES Defendant DIAMOND BANK, FSB, by and through its attorneys, Belongia & Shapiro, LLP, and moves this Honorable Court strike to Exhibit A and any reference thereto from Plaintiff CARMEN FLORES' Reply in Further Support of her Motion for Class Certification; or alternatively to allow Diamond Bank to file a sur-response to address the inclusion of the improper Exhibit A. In support thereof, it states as follows:

1.  On June 2, 2008, Plaintiff Carmen Flores (hereinafter "Plaintiff") filed her Motion for Class Certification and Memorandum in Support. (Please see Plaintiff's 6/02/08 Motion for Class Certification [dkt 40] and Memorandum in Support [dkt 41]).

2.  On July 14, 2008, Diamond Bank (hereinafter the "Bank") filed its Response in Opposition to Plaintiff's Motion for Class Certification (hereinafter "Response"). (Please see the Bank's 7/14/08 Response [dkt 46]). The Bank opposes certification of Plaintiff's proposed class because it does not conform with Rule 23(b)(3). First, the determination of actual damages will have to be determined on a clas-member-

by-class-member basis.  Second, the class action is not a superior means of adjudicating the individual claims; and third the class is unmanageable.  (Please see generally the Bank's 7/14/08 Response [dkt 46]).

3. On August 16, 2008, Plaintiff filed her Reply in Further Support of her Motion for Class Certification (hereinafter "Reply").  (Please see Plaintiff's 8/15/08 Reply [dkt 63] attached hereto without exhibits as Exhibit "1").

4. In support of her Reply, Plaintiff attaches as "Exhibit A" a memorandum of law supporting a motion for class certification filed by the Bank's counsel, Belongia & Shapiro, LLP, in a **completely unrelated** case (hereinafter the "Unrelated Brief"). (Please see "Exhibit A" of Plaintiff's 8/15/08 Reply [dkt 63-2] attached hereto as Exhibit "2").

5. Plaintiff's inclusion of the Unrelated Brief as an Exhibit to her Reply is based on an alleged "positional conflict" by the Bank's counsel.  This is not the first time Plaintiff's counsel has accused the Bank's counsel of such a conflict.[1]  However, the allegation of a "positional conflict" does not warrant the inclusion of irrelevant, impertinent and scandalous materials in these proceedings.

6. The Bank's counsel, Belongia & Shapiro, LLP, has other cases and clients other than just the Bank.  One such client is an individual named Leonard Langston, Sr., (hereinafter "Langston") who is bringing a class action lawsuit against Chicagoland area car dealerships for willfully and recklessly obtaining consumer credit reports from

---

[1] Please see the Bank's Response to Plaintiff's Motion for Sanctions [dkt 57], Exhibit "8" [dkt 57-9].

2

individuals that have never been customers of said car dealerships in violation of the Fair Credit Reporting Act.[2]

6.     The arguments raised in the prosecution of Langston's claims are wholly unrelated, irrelevant and impertinent to the instant suit against the Bank and any reference thereto by Plaintiff is scandalous and prejudicial to the Bank.  The only relation whatsoever is that both suits are class actions under Rule 23 of the Federal Rules of Civil Procedure and the elements of Rule 23 must therefore be addressed.

7.     Throughout her Reply, Plaintiff refers to the Unrelated Brief from the Langston case as if the language contained therein constitutes admissions by the Bank's counsel of the appropriateness for class certification in the instant case.[3]  Plaintiff's inclusion of the Unrelated Brief is not only irrelevant, but scandalous.  Plaintiff attaches the Unrelated Brief because the Bank's counsel is prosecuting class action claims in that case, and is opposing class certification of Plaintiff's proposed class.  Such references to the Unrelated Brief are not only irrelevant and scandalous, but highly prejudicial to the Bank.  Plaintiff and her counsel are merely attempting the same mud-slinging and guerilla litigation tactics that have been used throughout the course of this case.[4]

8.     For the reasons stated herein, the Bank prays this Court strike Plaintiff's "Exhibit A" [dkt 63-2], and any reference within her Reply brief to legal work prepared by Belongia & Shapiro that is not directly a part of the instant litigation.

9.     Alternatively, if the Court does not warrant it appropriate to strike the aforementioned exhibit to Plaintiff's Reply and any reference therein to said exhibit, then

---

[2] Please see Leonard Langston, Sr. v. Rizza Chevrolet, Inc., et al., case no. 07-cv-5965, currently pending before Judge Coar.
[3] See generally Plaintiff's Reply [dkt 63].
[4] Please see the Bank's Response to Plaintiff's Motion for Sanctions [dkt 57], pages 5-7, 12-15.

the Bank should be granted leave to file a Sur-Response to address and object to its inclusion.

10. As stated above, Plaintiff's inclusion of the Unrelated Brief as an exhibit to her Reply is based on an alleged "positional conflict" by the Bank's counsel. Plaintiff's insistence that the Bank's counsel is in a "positional conflict" fails for numerous reasons.

11. "Positional conflicts" are rarely the subject of litigation and there are few published cases on the topic. However, legal authorities, mostly academic, have analyzed "positional conflicts" as potential conflicts of interest.

12. For this reason, Plaintiff does not even have standing to raise such an issue. Notwithstanding, a "positional conflict" arises when a lawyer takes contradictory legal positions in unrelated cases, such that prevailing for one client in the first case may set precedent that would harm the second client in the second case.[5]

13. The Langston case involves different facts and a different federal statute.[6] Seeking and supporting class certification under the Fair Credit Reporting Act where the defendants are alleged to have willfully acted to violate said statute and the privacy rights of the individual class members[7] has no bearing whatsoever on the instant litigation and whether Plaintiff's proposed class should be certified.

14. If the Court does not grant the Bank's Motion to Strike, then the Bank should be granted the opportunity to address Plaintiff's allegations that the Bank's

---

[5] For an illustration of a positional conflict, see Senator Matthew Hale Carpenter's representation of clients in *Bradwell v. Illinois*, 83 U.S. 130 (1872) and *the Slaughter-House Cases*, 83 U.S. 36 (1872). Hale argued these two cases merely two weeks apart from each other. Hale first prevailed in the *Slaughter-House Cases*. Thereafter Hale lost the *Bradwell* case wherein the Court cited heavily its decision and reasoning based on his opposing argument in the *Slaughter-House Cases*.
[6] See generally, Langston v. Rizza Chevrolet, Inc., 07-cv-6403, Amended Complaint [dkt 38].
[7] See Langston v. Rizza Chevrolet, Inc., 07-cv-6403, Motion to Certify Class [dkt 70] and Memorandum in Support [dkt 72].

4

counsel is in a "positional conflict" and to object to the inclusion of the Unrelated Brief attached to Plaintiff's Reply.

14.   For the reasons stated herein, and since Plaintiff's inclusion of an impertinent brief from an unrelated case filed by the Bank's counsel is irrelevant, scandalous and prejudicial to the Bank; the Court should strike Exhibit A to Plaintiff's Reply [dkt 63-2] and any reference to said exhibit or any other legal work performed by the Bank's counsel not pertinent to this litigation.  Alternatively, the Bank should be afforded the opportunity to address and object to the irrelevant, impertinent and scandalous inclusion and multiple references to Exhibit A of Plaintiff's Reply.

WHEREFORE, Defendant DIAMOND BANK, FSB, respectfully requests this Honorable Court to enter an Order striking Exhibit A and any reference thereto from Plaintiff CARMEN FLORES' Reply in Further Support of her Motion for Class Certification, or alternatively to grant the Bank leave to file a sur-response to address the inclusion of the improper Exhibit A; and for any other relief this Court deems just.

Respectfully Submitted,

DIAMOND BANK, FSB, Defendant

Dated: August 25, 2008

/s/ Mark D. Belongia
One of Plaintiff's Attorneys

Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P:  312.662.1030
F:  312.662.1040