IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>DIAMOND BANK,<br><br>                Defendant. | Case No. 07 C 6403<br><br>Judge Hibbler<br><br>Magistrate Judge Valdez |

## PLAINTIFF'S RESPONSE TO DEFENDANT DIAMOND BANK'S MOTION TO STRIKE PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR CLASS CERTIFICATION

Plaintiff Carmen Flores, by and through her attorneys, objects to Defendant's motion requesting that Plaintiff's reply in further support of her motion for class certification be struck. In support of her opposition, Plaintiff states as follows:

1. Defendant has asked this Court to strike Plaintiff's reply, claiming that the reply somehow contains "irrelevant, impertinent and scandalous materials."

2. The aspect of the reply that Defendant takes issue with is Plaintiff's citation to and attachment of a legal memorandum authored by Defendant's counsel and publicly filed in Case No. 07 C 5965, *Langston v. Rizza Chevrolet, Inc.*

3. Plaintiff quotes the *Langston* memorandum in three places of her brief, using it to state the following basic propositions:

    (a)     "[e]fficiency is the primary focus in determining whether the class action is the superior method for resolving the controversy presented."

    (b)     "[t]he common questions must be central to all claims, yet they need not be dispositive of the entire action because 'predominate,' as used in Rule 23(b)(3), should not be equated with 'determinative.'"

3

(c)  "[t]he United States Supreme Court has acknowledged that '[p]redominance is a test readily met in certain cases alleging *consumer* or securities fraud.'"

(d)  "…it is exceedingly unlikely that many individuals would wish to go to court for a potential recovery of $100."

(e)  certain factors "weigh in favor of certification because based on the anticipated costs, uniformity of issues, and relief sought, the proposed class members have an interest in commonly facing Defendants' defense to this action. The maintenance of individual actions including substantial discovery, motion practice, and trial time render individual actions uneconomical. Since numerous proposed class members 'may not know their rights are being violated, may not have a monetary incentive to individually litigate their rights, and may be unable to hire competent counsel to protect their rights' a class action is the superior form for adjudicating this claim…"

4. In its motion to strike, Defendant cites no authority that would prohibit Plaintiff from citing excerpts from a publicly filed legal brief.

5. Plaintiff's reply cites the brief and simply states that the quotes (which support Plaintiff's argument that a class should be certified) come directly from Defendant's counsel. This is no different than the unremarkable and common practice of citing to an opponent's brief in one's response to that brief, as, for example, Plaintiff does on page 4 of her reply.[1]

6. The inclusion of the *Langston* brief is entirely relevant because that case involved a party seeking certification where, as here, (a) the case was filed under Title 15, Chapter 41 of the United States Code (titled "Consumer Credit Protection"), (b) there were no other cases filed against the defendant for the conduct complained of, and (c) the statutory damage range for individual claims was between $100 and $1,000.

7. Defendant does not adequately explain how the Plaintiff's reply brief citations to *Langston* are "irrelevant, impertinent and scandalous" to Diamond Bank and certainly does not justify a rationale for this Court to grant a motion to strike, which motions are highly disfavored

---

[1] Citing Defendant's memorandum at p. 3 and then disputing the argument raised therein.

4

under Fed. R. Civ. F. 12(f). *United States SEC v. Fisher*, 2008 U.S. Dist. LEXIS 38738, *27 (N.D. Ill. May 13, 2008).

8. Defendant also does not otherwise argue that Plaintiff's citation was improper. Even the Bluebook Uniform System of Citation acknowledges the ability to cite legal memoranda and briefs from other cases as authority. *See The Bluebook: A Uniform System of Citation (Sixteenth Edition)* at R.10.8.3.

9. In essence, what Defendant's counsel proposes here is a bar on that common practice.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant's motion to strike Plaintiff's reply in further support of her motion for class certification or alternatively, for leave to file a sur-reply.

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiffs' Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
Tel: (312) 782-5808
Fax: (312) 377-9930