IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, individually and on behalf of all others similarly situated, | ( ( ( |
| Plaintiff, | ( ( Case No. 07 C 6403 |
| v. | ( Judge Hibbler ( Magistrate Judge Valdez |
| DIAMOND BANK, FSB | ( ( |
| Defendant. | ( |

**DEFENDANT DIAMOND BANK'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant DIAMOND BANK, FSB, by and through its attorneys, Belongia & Shapiro, LLP, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Honorable Court for summary judgment in its favor and against the Plaintiff CARMEN FLORES and all others similarly situated; and in support of its motion states as follows:

1.      The Defendant, Diamond Bank, FSB (hereinafter the "Bank"), submits its Local Rule 56.1 Statement of Undisputed Material Facts as to Which There is No Genuine Issue to Be Tried, dated September 15, 2008, and its Memorandum of Law supporting this Motion for Summary Judgment, contemporaneously with the filing of the instant Motion for Summary Judgment against Plaintiff Carmen Flores and all others similarly situated (hereinafter "Plaintiff").

2.      The Bank submits that all of the allegations contained in Plaintiff's pleadings fail on their face.  Further, section 1693h(d) of the Electronic Funds Transfer Act ("EFTA") absolutely bars liability against the Bank.  The evidence supporting such a finding that there are no genuine issues of material facts is contained in the Bank's Local

1

Rule 56.1 Statement, the affidavits and declarations submitted therein, the pleadings in this case, and the depositions in this case, all of which are fully incorporated herein.

    3.     Therefore, this case is ripe for summary judgment.

    4.     The Bank submits that under the evidence presented, section 1693h(d) of the EFTA bars liability to the Bank.  Plaintiff cannot prove that she relied on the missing on the machine notice to her detriment.  Further, Plaintiff's actions constitute a breach of her implied duty of fair dealings with the Bank.

    5.     Plaintiff is seeking to profit from a windfall in the EFTA, when in fact she was put on notice she would be charged a $2.00 fee, she understood that notice and the condition of the offer to transact business at the ATM at issue, she understood that she had the right to cancel said transaction, and she chose to continue through and conduct said transaction.

    6.     Plaintiff is not a consumer being harmed by Diamond Bank, rather she was a willing party to a transaction and received what she contracted for.  This case is not like the class actions brought under the same provisions of the EFTA wherein the operator of the ATM stated it would charge a certain fee, then in fact charged a different higher fee.[1]  Plaintiff chose to accept a $2.00 fee for the ability and right to transact at that time and at that location.

    7.     For the reasons stated herein, summary judgment should be granted in favor of the Bank and against Plaintiff and all others similarly situated.

---

[1] The instant litigation does not consist of the same claims as Plaintiff's favorite case to cite, *Burns v. First American Bank*, 04-CV-7682, prosecuted by Plaintiff's same counsel.  In Burns, the plaintiff used a certain ATM to transfer funds.  Said ATM gave notice there would be a $2.00 fee assessed; however, there was in fact actually a different and higher amount assessed, $2.50.  Such a scenario differs from the instant litigation.  Here, Plaintiff received notice that she would be charged a $2.00 fee, and in fact she was charged a $2.00 fee.

WHEREFORE, for the foregoing reasons, DIAMOND BANK, FSB requests that this Honorable Court enter summary judgment in its favor and against Plaintiff CARMEN FLORES, and all others similarly situated, and for such other relief as this Court deems just.

                        Respectfully Submitted,

                        DIAMOND BANK, FSB, Defendant,

Dated: September 15, 2008        By:    /s/ Nathaniel R. Sinn
                                                                 One of its attorneys

Mark D. Belongia, Atty # 6269391
mbelongia@belongiashapiro.com
Kelly A. Saindon, Atty # # 6244793
ksaindon@belongiashapiro.com
Nathaniel R. Sinn, Atty # 6284004
nsinn@belongiashapiro.com
Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, Illinois 60604
P:  312.662.1030, F:  312.662.1040