IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARMEN FLORES, Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff | ) ) |
| | ) No. 07 C 6403 |
| v. | ) ) |
| | ) The Honorable William J. Hibbler |
| DIAMOND BANK, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Carmen Flores alleges that she used an Automated Teller Machine at a Diamond Bank branch in Chicago, Illinois. Flores further alleges that in associated with that ATM transaction, the Bank charged her a $2.00 fee, despite the fact that the Bank had not posted a sign disclosing to users of the ATM that they would be charged such a fee. Flores argues that the Bank's assessment of the fee violates the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. Flores now moves to certify a class of plaintiffs.

### I. Background

The EFTA protects consumers utilizing electronic funds transfer systems by providing a "basic framework establishing the rights, liabilities, and responsibilities" of participants in those systems. *Bass v. Stolper, Koritzinsky, Brewster, and Neider, S.C.*, 111 F.3d 1322, 1328 ( 7th Cir. 1997) (quoting 15 U.S.C. § 1693b). Among the protections afforded to consumers is the right to receive notice from ATM operator of the existence and amount of any fee that operator might impose on consumers for conducting transactions at an ATM. 15 U.S.C. § 1693b(d)(3). This

1

requires the ATM operator to place notice both on the machine itself and upon the ATM screen. 15 U.S.C. § 1693b(d)(3)(B); 12 C.F.R. § 205.16(c). The EFTA prohibits ATM operators from collecting fees if they fail to comply with notice requirements. 15 U.S.C. § 1693b(d)(3)(C). The EFTA provides both an actual and a statutory damages remedy and further allows the recovery of attorney's fees in successful actions, individual or class. 15 U.S.C. § 1693m(a).

Flores alleges that she used an ATM operated by Diamond Bank located at 100 W. North Avenue in Chicago, Illinois on August 2, 2007 (ATM Number 049E4). She further alleges that Diamond Bank did not post notice on ATM 049EF of its intent to charge a $2.00 fee to withdraw money from that ATM. Discovery has revealed that Diamond Bank collected roughly 5,038 transaction fees during the proposed class period.

## II. Class Action Standard

A party seeking class certification must first demonstrate that she meets the requirements set forth by Federal Rule of Civil Procedure 23(a): 1) numerosity; 2) commonality; 3) typicality; and 4) adequacy of representation. Fed. R. Civ. P 23(a); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Next, the prospective class representative must demonstrate that the action falls within one of the types of class actions described in Rule 23(b). Fed. R. Civ. P. 23(b). In this case, Flores seeks certification under Rule 23(b)(3), arguing that questions of law or fact common to the class predominate over questions affecting only individual members and that a class action is a superior method for the fair and efficient adjudication of the claims. Fed. R. Civ. P. 23(b)(3).

Courts retain broad discretion to determine whether a plaintiff has met the requirements of class certification. *Arreola v. Godinez*, — F.3d —, 2008 WL 4553059, at * 5 (7th Cir. Oct. 14, 2008). Further, courts should construe the requirements of Rule 23 liberally to favor the utilization

2

of class action. *King v. Kansas City S. Indus., Inc.*, 519 F. 2d 20, 25-26 (7th Cir. 1975). Nonetheless, the party seeking class certification bears the burden of demonstrating the action meets the requirements. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

### III. Discussion

Diamond Bank does not argue that Flores's claim falls short of the requirements of Rule 23(a). Rule 23(c) imposes a duty upon the Court to determine that the requirements of Rule 23(a) are met even when the parties have no such dispute. Fed. R. Civ. P. 23(c); *Davis v. Hutchins*, 321 F.3d 641, 649 (7th Cir. 2003).

The proposed class includes up to 5,038 members, which is more than sufficient to meet Rule 23(a)'s numerosity requirement. Common questions of fact, whether the Bank posted notice on ATM 049E4 and whether the Bank charged prospective class members a $2.00 fee, permeate the claims of prospective class members. Diamond Bank's concerns regarding commonality relate solely to the requirements of Rule 23(b)(3). *See Arreola*, — F. 3d at —, 2008 WL 4553059, at *9. Flores's claim — that she was charged a $2.00 fee despite the Bank's failure to comply with the EFTA's notice requirements — arises from the same event or practice or course of conduct that gives rise to the claims of other class members and her claims are based on the same legal theory of other class members. *See Oshana*, 472 F.3d at 514. Flores's counsel is experienced in consumer class actions and Flores herself has no interests antagonistic to the class. *See Retired Chicago Police Ass'n*, 7 F.3d at 598. Accordingly, the Court finds that the claim meets the requirements for class certification set forth in Rule 23(a).

Diamond Bank does, however, raise three arguments that class treatment is not appropriate under Rule 23(b)(3). First, the Bank argues that the common issues of law and fact noted above do

3

not predominate because Flores, on behalf of herself and the class, seeks both actual and statutory damages, which will necessitate a demonstration of detrimental reliance. Second, the Bank argues that class action is not a superior mechanism for resolving the claims because prospective class members could recover greater amounts if they pursued their claims individually. Finally, the Bank argues that class certification is not appropriate because it is impossible to identify prospective class members.

Diamond Bank first argues that class issues do not predominate over individual issues. The Bank notes that Flores seeks actual damages on behalf of the class, and that several courts have required that plaintiffs seeking actual damages must demonstrate detrimental reliance, an individualized inquiry. The Court notes that district courts have split when determining whether a plaintiff seeking actual damages under the EFTA must prove detrimental reliance. *Cf. Voeks v. Pilot Travel Ctr.*, 560 F. Supp. 2d 718 (E.D. Wis. 2008) (holding plaintiff must plead detrimental reliance); *Martz v. PNC Bank, N.A.*, 2006 WL 3840354 (W.D. Pa. Nov. 30, 2006) (holding plaintiff must prove detrimental reliance); *Brown v. Bank of America, N.A.*, 457 F. Supp. 2d 82 (D. Mass. 2006) (same); *Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399 (M.D. Fla. 2004) (same) *with Savrnoch v. First American Bankcard, Inc.*, 2007 WL 3171302 (E.D. Wis. Oct. 27, 2007) (plaintiff in EFTA need not prove detrimental reliance); *Voeks v. Wal-Mart Stores, Inc.*, 2007 WL 2358645 (E.D. Wis. Aug. 17, 2007) (same); *Mayotte v. Associated Bank, N.A.*, 2007 WL 2358646 (E.D. Wis. Aug. 17, 2007) (same).

The Court need not, however, resolve the question of whether a plaintiff seeking actual damages for a violation of § 1693b of the EFTA must prove detrimental reliance. A class action may not be defeated merely because some factual variations among the plaintiffs' grievances. *Portis*

*v. City of Chicago*, No. 02-C-3139, 2003 WL 22078279, at *4 (N.D. Ill. Sep. 8, 2003). It is common for Rule 23(b)(3) class actions to have differing damage awards for different plaintiffs. *De La Fuente v. Stokely Van-Camp*, 713 F.2d 225, 233 (7th Cir. 1983) (approving the certification of a class where migrant farmworker plaintiffs may have worked in different years and on different crops, amongst other variables that would affect recoverable damages); *see also Hamilton v. American Corrective Counseling Serv., Inc.*, 2007 WL 541817, at * 4-5 (N.D. Ind. Feb. 14, 2007). Class certification is generally a superior method for adjudicating a claim where there is standardized conduct, even when there might be individualized damages questions. *Beringer v. Standard Parking Corp.*, No. 07 C 5027, 2008 WL 4390636, at * 4 (N.D. Sep. 24, 2008) (certifying class where class pursued both actual and statutory damages, where individual pursuit of actual damages was unlikely).

Here, the prospective plaintiff class complains of standardized conduct — that Diamond Bank failed to post notice in compliance with § 1693b on its ATM. Further, § 1693m(c) allows a defendant to avoid liability provided that the violation was unintentional and resulted in an error despite the presence of maintenance procedures. 15 U.S.C. § 1693m(c). This defense too poses a question common to all class members. Individual questions are largely non-existent at the liability stage. Even if the Court were to later hold that a demonstration of detrimental reliance is necessary to recover actual damages, it seems unlikely that a sufficiently large number of plaintiffs would pursue such claims, particularly given the availability of statutory damages and the relatively small amount of actual damages that likely would be recoverable. The Court therefore finds that issues common to the class predominate over individualized issues.

Diamond Bank next argues that the class action is not the superior method for adjudicating plaintiffs' claims. The gist of the Bank's argument relates to the limit placed upon statutory damages. The statute caps class recovery, limiting statutory damages to $500,000 or 1% of the defendant's net worth, whichever is lower. 15 U.S.C. § 1693m(a)(2)(B). In this case, if all 5,308 transactions received an equal share of the maximum recoverable statutory damages, each class member would receive approximately $51. The Bank suggests that because individuals may recover statutory damages between $100 to $1000 and because the statute allows prevailing parties to recover attorney's fees that individual actions are a superior method of adjudicating the class's claims. The Bank's argument is without merit, for numerous reasons.

It is well settled that individuals who may recover only nominal amounts may elect to forego lawsuits to protect their rights. Class actions address this problem by aggregating these small claims. *Anchem Products, Inc. v. Windsor*, 521 U.S. 591, 617, 117 S.Ct. 2231, 2246-47, 138 L.Ed.2d 689 (1997); *Sanders v. Jackson*, 209 F.3d 998, 1003 (7th Cir. 2000); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). The Bank's argument assumes that potential plaintiffs will "be aware of [their] rights, willing to subject [themselves] to all of the burdens of suing, and able to find an attorney willing to take the case." *Mace*, 109 F.3d at 344; *see also Gammon v. GC Serv., Inc.*, 162 F.R.D. 313, 322 (N.D. Ill. 1995) ("class certification is not barred simply because some class members may recover less statutory damages than they would have had they brought their claims individually"); *Burns v. First American Bank*, No. 04 C 7682, 2006 WL 3754820, at * 10 (N.D. Ill. Dec. 19, 2006) (certifying EFTA class where statutory damages would be $10.80 per class member). In addition to lessening the burdens attendant to bringing a lawsuit (hiring an attorney, attending depositions, taking time from work to attend trial), a class action also mitigates

the risk of bringing a lawsuit. An individual who brings an individual claim under the EFTA might be responsible for the costs of bringing the suit in the event the suit fails. The vast majority of plaintiffs are entirely shielded from this risk if the Court certifies a class.

No individual actions against Diamond Bank have yet been filed, and the Court is dubious of the Bank's suggestion that a few extra dollars recoverable under individual lawsuits will somehow draw people out of the woodwork, when noone has yet appeared. The EFTA clearly contemplates class actions, further provides that "no minimum recovery shall be applicable" to each class member. 15 U.S.C. § 1693m(a)(2)(B). It so mandates despite the cap placed on statutory damages for class actions, which for any class greater than 500 members would result in lower statutory damages that would be available under individual actions. For the foregoing reasons, the Court is not convinced that a *de minimus* recovery justifies denying certification.

Finally, Diamond Bank argues that a class action would not be manageable because it would be impossible to identify individual class members. The Bank suggests that because any person charged the $2 transaction fee is necessarily not a Bank customer that it would be difficult to identify the names and addresses of potential class members. The Court disagrees. Each class member is identified in the Bank's records with a Personal Account Number (PAN). Although the Bank might not be able to identify the name and address of prospective class numbers directly from the PAN, it can identify the bank at which the prospective class member banks, which could then use the PAN to notify their customers of the class. *See Burns*, 2006 WL 3754820, at *11 (approving class in EFTA where prospective members identified by bankcard information). If Diamond Bank's logic is taken to the extreme, a class could never be certified for a violation of the EFTA where one bank charges, without proper notification, customers of other banks a fee to use its ATM. In such cases,

the violating bank would never have the names and addresses of prospective class members. The logistics of notifying class members surely does not compel such an absurd result, which would serve to insulate operators of ATMs from most class action litigation.

The Court finds that the class action is a superior method to adjudicate Plaintiffs' claims. Consequently, the Court finds that the class certifications of Rule 23 have been met and certifies the following class:

> All persons who, from November 12, 2006, to December 31, 2007, were charged a transaction fee for the use of ATM number 049E4, located at Diamond Bank, 100 W. North Ave., Chicago, IL 60610.

A final note is in order regarding the conduct of both counsel. Defendant moves to strike a portion of Plaintiff's reply brief, in which counsel quotes from a brief authored by Defendant's counsel in an unrelated case. Defendant's counsel suggests that the quotation is irrelevant, scandalous, and highly prejudicial to the Bank and refers to the quotation as "mud-slinging" and "a guerilla litigation tactic."

Both counsel should be well aware that the Court will not base its decisions upon gimmicks or sleight-of-hand but, rather, upon well-reasoned arguments supported by citation to applicable precedent or relevant statutory language. The Court cautions Plaintiff's counsel that such gamesmanship serves no purpose other than to embarrass opposing counsel. The Court is confident that Plaintiff's counsel possesses sufficient legal acumen to make his argument in his own words rather than employ the words of opposing counsel. At the same time, the Court cautions Defendant's counsel that unnecessary motions to strike and inflammatory rhetoric serve no purpose other than to escalate already hostile proceedings. The Court is confident that Defendant's counsel

possesses sufficient legal acumen to make arguments based on the substance of the issue rather than engage in empty rhetoric and name-calling.

Already the Court has observed that opposing counsel share a palpable dislike for one another and has presided over contentious status and motion hearings. The latest round of briefing serves to demonstrate that counsel have yet to set aside their differences. The Court encourages them to do so and to stick to the issues at hand.

The Court has based its ruling on the class-certification motion on the law and not upon either counsel's tactics, and so DENIES the motion to strike as moot.

IT IS SO ORDERED.

11/7/08
Dated

Hon. William J. Hibbler
United States District Court